UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION



Case No. 1:26-cv-20389-LFL

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL;

SKY DAYTON;

DOES 1–10,

Defendants.

PLAINTIFF'S NOTICE REGARDING CHARACTER-BASED RHETORIC AND

JUDICIALLY NOTICEABLE PUBLIC RECORD

1

Plaintiff, Brian Evans, proceeding pro se, respectfully files this Notice to clarify the limited legal relevance of character-based rhetoric referenced in extrajudicial correspondence and to preserve the record regarding matters subject to judicial notice.

Plaintiff has received communications suggesting that he is "vexatious" based on prior litigation activity. Plaintiff has never been declared a vexatious litigant by any court, nor has any court imposed filing restrictions upon him. Federal courts address vexatiousness through formal judicial findings supported by a documented record of abusive filings—not through rhetorical characterization. See Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986). The letters are overly hostile, and although the Plaintiff understands that legal posturing in demand letters may be considered normal, the communications appear to be veiled threats.

Plaintiff's prior legal matters include proceedings involving protection of intellectual property, administration of his late mother's estate and related litigation, and consumer advocacy actions. The existence of multiple lawsuits, without a judicial finding of abuse or frivolousness, does not establish vexatious conduct.

Publicly available court records further reflect that Church of Scientology International and affiliated entities have themselves been parties in numerous reported federal and state proceedings over several decades. Courts have addressed a wide range of claims involving such entities, including defamation disputes, harassment allegations, and other civil tort matters. See, e.g., Wollersheim v. Church of Scientology, 212 Cal. App. 3d 872 (Cal. Ct. App. 1989); Headley v. Church of Scientology Int'l, 687 F.3d 1173 (9th Cir. 2012); Hill v. Church of Scientology of Toronto, [1995] 2 S.C.R. 1130 (Supreme Court of Canada).

Plaintiff references these publicly reported judicial decisions solely to demonstrate that litigation activity—whether by a plaintiff or a defendant—does not in itself establish improper motive or vexatiousness. Each matter must be evaluated on its own pleadings, evidence, and governing law.

The issues presently before this Court concern jurisdiction, tolling, and the sufficiency of the factual allegations in the Complaint. Those determinations must be made on the record of this case under Rule 12. Character-based rhetoric, whether directed at Plaintiff or any party, is not a substitute for legal analysis.

Plaintiff further notes that certain extrajudicial communications have included character-based attacks unrelated to the claims or defenses in this action. Such character assassination, if raised, would be legally irrelevant to the Court's analysis of jurisdiction, tolling, or the sufficiency of the pleadings under Rule 12, and would not constitute proper grounds for dismissal. Plaintiff raises this point solely to preserve the record and to clarify that the Court's determination should be based on the operative allegations and governing law rather than personal rhetoric.

Plaintiff files this Notice to preserve the record and to clarify that he disputes any suggestion that his litigation history renders his claims improper or abusive.

Dated: February 16, 2026

Respectfully submitted,

_/s/ Brian Evans_

Brian Evans

3

Plaintiff, Pro Se

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

belasvegas@yahoo.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on counsel of record at the address listed below on this 16th day of February, 2026 via US Mail.

Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 E Las Olas Blvd #1750

Fort Lauderdale, FL 33301

3057949781

Email: jvaquerano@dickinson-wright.com (Inactive)

ATTORNEY TO BE NOTICED

_____

Brian Evans

Plaintiff, Pro Se

4

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

belasvegas@yahoo.com

BRIAN EVANS
2080 S. Ocean Drive - Suite 1505
Hallandale Beach, FL 33009



FILED BY _____ D.C.
FEB 20 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk of The Court
Wilkie D. Ferguson, Jr. US Courthouse
400 North Miami Avenue, Room 8N09
Miami, Florida 33128

33128-771699