UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-cv-20389-BB

BRIAN EVANS,

       Plaintiff, pro se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL; SKY DAYTON, an individual; and DOES 1-10,

       Defendants.

**DEFENDANT SKY DAYTON'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE OF PROCESS OF THE SUMMONS AND COMPLAINT, TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AND TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant Sky Dayton files this reply in support of his motion to quash service of the Summons and the Complaint against him (the "Complaint") by pro se plaintiff Brian Evans ("Plaintiff") and to dismiss the Complaint for lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and failure to satisfy the amount in controversy requirement for subject matter jurisdiction (the "Motion"), DE 25.

**I.      INTRODUCTION**

In his Opposition, DE 29 ("Opp." or "Opposition"), Plaintiff does not oppose Mr. Dayton's motion to dismiss for improper venue and lack of subject matter jurisdiction, and the Court can dismiss the Complaint on either or both grounds. *See* Local Rule 7.1(c). Likewise, he also does not oppose the motion to dismiss his conversion claim.

1

He responds to the motion to quash service of the Summons and Complaint with the bald assertion he served the Complaint on Mr. Dayton, completely ignoring the evidence in Mr. Dayton's Declaration and CSC's correspondence proving that he did not. He responds to Mr. Dayton's evidence that the Court lacks personal jurisdiction with broad, conclusory statements that "documentary evidence" and "competing affidavits/documents" contradict Mr. Dayton's testimony when they do not. He opposes Mr. Dayton's proof that Plaintiff's causes of action are undeniably time-barred by repeating the same "equitable tolling" and "delayed discovery" mantra from his Complaint, ignoring the law that holds that these doctrines do not apply to resurrect causes of action based on events that occurred over 35 years ago in California.

Plaintiff filed his Complaint to harass Mr. Dayton and to try to extort a settlement.[1] It is part of his pattern and practice.[2] Mr. Dayton asks that the Court dismiss Plaintiff's Complaint for all the reasons set forth in Mr. Dayton's Motion including that all of his causes of action are time-barred.

---

[1] In his Opposition, Plaintiff has escalated his unfounded allegations beyond those in his Complaint. For example, he repeatedly states, falsely, that Mr. Dayton "stayed overnight on multiple occasions." Opp. at 2; *see also* Opp. at 9 (alleging "frequent visits, extended time together, and overnight stays"). And after Mr. Dayton filed his Motion, Plaintiff began sending extortionist emails threatening Mr. Dayton's reputation if he chooses to litigate rather than pay Plaintiff off.

[2] *See* Mtn. at 4 n.2. Since Mr. Dayton filed the Motion, Plaintiff has filed yet another complaint in this District (his *ninth*) against Inter Miami CF, LLC alleging that the defendant failed to honor his tickets for premium seats to a soccer match and then failed to give him a photo opportunity with Lionel Messi when he agreed to accept inferior seats. *See Evans v. Inter Miami CF, LLC*, No. 0:26-cv-60543 (filed 2/26/26).

## II. ARGUMENT

### A. Plaintiff does not oppose Mr. Dayton's motion to dismiss for improper venue or lack of subject matter jurisdiction

In his Opposition, Plaintiff does not oppose Mr. Dayton's motion to dismiss for improper venue, Mtn. at 12, or lack of subject matter jurisdiction for failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332, Mtn. at 18-19. Local Rule 7.1(c) provides that failure to oppose a motion "may be deemed sufficient cause for granting the motion by default." Therefore, in addition to the bases set forth in the Motion, the Court should dismiss the Complaint on either or both grounds because neither is opposed. *See Middleton v. Hollywood Rep., LLC*, 686 F. Supp. 3d 1272, 1275 (S.D. Fla. 2023) (granting by default unopposed motions to dismiss), *aff'd sub nom. Middleton v. The Hollywood Rep. LLC*, 137 F.4th 1287 (11th Cir. 2025); *Sauve v. Lamberti*, 247 F.R.D. 703, 704 (S.D. Fla. 2008) (granting by default motion to dismiss and motion to strike for failure to serve an opposing memorandum of law in violation of Local Rule 7.1(c)).

### B. Plaintiff does not oppose the motion to dismiss his conversion claim

In his Opposition, Plaintiff also fails to contest Mr. Dayton's motion to dismiss Plaintiff's conversion cause of action (Count III) under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff does not allege that Mr. Dayton exercised dominion or control over his property. Mtn. at 17. This provides an independent basis for the Court to dismiss this cause of action.

### C. Plaintiff did not serve the Complaint on Mr. Dayton

Although Plaintiff in his Opposition discusses the issue of service at length, *see* Opp. at 3, 5-6, 10-12, Plaintiff does not dispute Mr. Dayton's testimony that Plaintiff did not lawfully serve him as required by Federal Rule of Civil Procedure 4(e) or Florida Statute section 48.031. Dayton Decl. ¶¶ 4, 5. Mr. Dayton's testimony and CSC's own documents prove that CSC was not

designated to accept service for Mr. Dayton and did not accept service on his behalf. Dayton Decl. ¶ 5; Mtn. Exs. A, B. CSC never sent the Summons to Mr. Dayton, and he never received it from CSC. Dayton Decl. ¶ 3. The statement in the proof of service, DE 14, is false.

Plaintiff argues that the Court should disregard his failure to serve the Summons and Complaint because Mr. Dayton received a copy of the Complaint. *See* Opp. at 11-12. The very authority that he cites belies that argument. *See Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.14 (11th Cir. 2003) ("in all of the cases cited by Prewitt, the courts were careful to determine that service of process was in substantial compliance with the formal requirements of the Federal Rules; actual notice alone was not enough to allow the court personal jurisdiction over the defendant").

Plaintiff cites *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007) to establish that the Court should not dismiss the Complaint but should give him "an opportunity to cure." Opp. at 5-6. That decision is inapplicable as it simply explains that a court may consider factors in addition to good cause to extend the 120-day period to serve a complaint under Federal Rule of Civil Procedure 4(m). *See id*. at 1282. In any event, even if Plaintiff had validly served Mr. Dayton with the Complaint, it should be dismissed because the Court does not have personal jurisdiction over Mr. Dayton.

### D.     The Court does not have personal jurisdiction over Mr. Dayton

Plaintiff cannot create personal jurisdiction by moving to Florida (decades later) and merely saying that he is suffering harm here. Plaintiff does not refute Mr. Dayton's clear evidence that the Court does not have jurisdiction over him as supported in his Declaration (*See* Mtn. at 7-11; Dayton Decl. ¶¶ 6-8). Plaintiff responds with the *ipse dixit* assertion that Mr. Dayton's "declaration conflicts with documentary evidence and Plaintiff's sworn allegations." Opp. at 1.

4

To support his argument, Plaintiff attaches three exhibits to his Opposition that were not in his Complaint and submits his own Declaration. Nothing in Plaintiff's filings contradicts Mr. Dayton's Declaration or supports Plaintiff's claims.[3]

In Paragraphs 6-8 of his Declaration, Mr. Dayton establishes three facts that are dispositive on the issue of the absence of personal jurisdiction:

- "The events to which Plaintiff refers in his Complaint occurred 35 years ago, and I have no recollection of ever meeting, speaking, or personally interacting with Plaintiff while either of us was in Florida." ¶ 6.

- "I met Plaintiff briefly in early 1991 when Plaintiff was a patron at Cafe Mocha on Melrose Avenue in Los Angeles, California, which I co-owned. I do not have any recollection of ever communicating with or interacting with Plaintiff since 1991." ¶ 7.

- "I am not a resident of Florida. I have never lived in Florida nor have I ever owned any property or business in Florida." ¶ 8.

Opposition Exhibit A is a letter that Plaintiff claims he received from Scott Weigand at Celebrity Center International in November 2025 in which Mr. Weigand's purports to confirm Plaintiff's statement that Mr. Dayton introduced him to Scientology. That is not true, but even if it were true, it has no relevance to whether the Court has jurisdiction over Mr. Dayton. Mr. Dayton did not write or send the letter, and the letter does not controvert Mr. Dayton's testimony that he never interacted with Plaintiff while either of them was in Florida.

Opposition Exhibit B is a letter from Mr. Dayton's counsel that was sent to Plaintiff to ask him to withdraw the Complaint. Plaintiff contends that this letter "describes interactions materially broader than those the Defendant was willing to include under oath." Opp. at 4. He goes on to assert that the "letter references visits to Plaintiff's residence, interactions with Plaintiff's family,

---

[3] Because these new exhibits are not relevant, they are not "central to the plaintiff's claim" and should be stricken. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

5

and handling of personal property." *Id*. This is sophistry. In the letter, counsel says that in 1991 in California, Plaintiff asked to rent Mr. Dayton's car but subsequently failed to pay for it, so Mr. Dayton had to go to Plaintiff's house while his mother was there to get the keys to repossess the car. Opp. Ex. B at 1. This is the visit to Plaintiff's residence and the interaction with his family to which Plaintiff is referring, and this in no way contradicts Mr. Dayton's testimony, nor does it support Plaintiff's claim that the Court has jurisdiction over him.

Opposition Exhibit C is a picture of Plaintiff and Mike Huckabee from the *Las Vegas Review Journal*. Again, this is completely irrelevant.[4]

Opposition Exhibit D is Plaintiff's Declaration, which recites many of the same assertions that he makes in the Opposition, and nothing in this Declaration contradicts Mr. Dayton's testimony. Plaintiff alleges that "Mr. Dayton was aware of me as a Florida resident and engaged in conduct and communications directed toward me that had effects within the state of Florida." ¶ 6. "Conclusory statements" by a plaintiff in opposition to a motion to dismiss, like Plaintiff's statements, are not sufficient to satisfy the plaintiff's burden of proving that jurisdiction exists." *See Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d 1192, 1199 (S.D. Fla. 2021) (Bloom, J.), *amended on reconsideration in part*, No. 21-CV-20862, 2022 WL 845468 (S.D. Fla. Mar. 22, 2022); *see also PeopleShare, LLC v. Vogler*, 601 F. Supp. 3d 1276, 1279 (S.D. Fla. 2022) (same); *Lighting Sci. Grp. Corp. v. Sunco Lighting, Inc.*, No. 616CV677ORL37GJK, 2016 WL 7406660, at *1 (M.D. Fla. Oct. 20, 2016) (if "defendant submits non-conclusory declarations refuting the well-pled jurisdictional facts, then the burden 'shifts back to the plaintiff to produce evidence supporting jurisdiction'").

---

[4]   Plaintiff cites this document to support his claim that the majority of his many lawsuits "involved his mothers [sic] wrongful death." Opp. at 13. The one page that he attaches says nothing about this.

Plaintiff offers no evidence to dispute the fact that the only connection between his allegations against Mr. Dayton and Florida is that he now lives in Florida, which is insufficient to establish personal jurisdiction over Mr. Dayton. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum.").[5]

Plaintiff asks to conduct discovery on the issue of jurisdiction. Opp. at 4, 17. Jurisdictional discovery, however, is appropriate for "discovery of jurisdictional facts genuinely in dispute." *Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017); *see also Bacardi USA, Inc. v. Young's Mkt. Co.*, 273 F. Supp. 3d 1120, 1128 (S.D. Fla. 2016) (discovery is not permitted where "resolution of jurisdiction does not require additional discovery"). No jurisdictional facts are in dispute. Indeed, Plaintiff does not say what facts he hopes to elicit through jurisdictional discovery, which is another basis to deny the request. *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (affirming decision to deny jurisdictional discovery because

---

[5] Each of the cases that Plaintiff cites is completely inapposite. In *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1349 (11th Cir. 2013), the court held that a New York resident who was accused of selling counterfeit handbags to Florida through the Internet was subject to personal jurisdiction in Florida. In *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996), the court held that a sales representative and Canadian corporation that solicited sales transactions in Florida were subject to personal jurisdiction in Florida. In *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1273 (11th Cir. 2002), the court held that a foreign corporation was subject to personal jurisdiction in Florida based on activities of a Florida subsidiary. In *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002), the court held that "communications into Florida may form the basis for personal jurisdiction under section 48.193(1)(b) if the alleged cause of action arises from the communications," but Mr. Dayton did not communicate with Plaintiff in Florida, Dayton Decl. ¶¶ 6, 7, and no causes of action arise out of these non-existent communications. In *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1216 (Fla. 2010), the court held that a nonresident defendant could be subject to personal jurisdiction in Florida for posting derogatory statements about the plaintiff on a website accessible in Forida. In *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008), the court held that Florida had personal jurisdiction over a defendant who created a website accessible in Florida that infringed the plaintiff's trademarks.

7

plaintiff "did not specify what information he sought or how that information would bolster his allegations").

In his lawsuit in this District against Creative Artists Agency, LLC, Judge Ellen D'Angelo denied Plaintiff's request for jurisdictional discovery for the same reason it should be rejected here: "Plaintiff could not identify any facts that were genuinely in dispute to warrant jurisdictional discovery." 3/2/2026 Omnibus Order at 3, *Evans v. Creative Artists Agency, LLC*, No. 1:25-cv-25484-DPG (DE 108). Plaintiff's request for jurisdictional discovery should be denied.[6]

### E. Plaintiff's claims are barred by the statute of limitations, and his fraud claim is barred by statute of repose

In his Motion, Mr. Dayton established that all the causes of action against him in Plaintiff's Complaint are barred by four-year statutes of limitations and that Plaintiff's fraud claim is independently barred by the twelve-year statute of repose. Mtn. at 12-16. As with his other arguments, Plaintiff's Opposition fails to respond to Mr. Dayton's arguments.

In his Opposition, Plaintiff again states that "Florida recognizes delayed discovery and equitable tolling principles where concealment, trauma-related impairment, or extraordinary circumstances delayed reasonable discovery of the causal connection," Opp. at 7, but he ignores Mr. Dayton's explanations as to why those doctrines do not apply here:

- The doctrine of equitable tolling may not apply at all to civil actions as opposed to administrative proceedings. Mtn. at 13-14.

- Even if the doctrine does apply, Plaintiff pleads that he was aware of his injury in 1991, 35 years before the Complaint was filed. Mtn. at 14.

---

[6] In *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982), which Plaintiff cites, the court allowed jurisdictional discovery based on a factual dispute about whether condominiums were aggressively marketed in Florida.

- Plaintiff's assertion that the statute should be tolled based on his PTSD diagnosis is barred by Florida Statute section 95.051(1)(d) because he was not adjudicated mentally incapacitated before the cause of action accrued. Mtn. at 15.

- Even if Plaintiff had been adjudicated mentally incapacitated before 1991, he was required to bring his lawsuit no later than 7 years after the cause of action accrued. *See* Fla. Stat. § 95.051(1)(d).

He also disregards Mr. Dayton's argument that his fraud claim is barred by the 7-year statute of repose. *See* Fla. Stat. § 95.031(2); Mtn. at 16.[7]

### III.   CONCLUSION

Defendant Sky Dayton respectfully requests the entry of an Order dismissing the Complaint and granting such added relief as deemed appropriate.

**BERGER SINGERMAN LLP**
*Co-Counsel for Defendant Sky Dayton*
1450 Brickell Avenue
Suite 1900
Miami, Florida 33131
Tel.: (305) 755-9500

By: /s/ *Justin B. Elegant*
Justin B. Elegant
Florida Bar No. 0134597
jelegant@bergersingerman.com
drt@bergersingerman.com
aromig@bergersingerman.com

---

[7]   Plaintiff makes a meandering assertion about "Defendants' motive." Opp. at 13. The point of this is elusive, and the opinion that he cites was overturned by the U.S. Supreme Court. *See Wollersheim v. Church of Scientology*, 212 Cal. App. 3d 872, 66 Cal. Rptr. 2d 1 (Ct. App. 1989), *cert. granted, judgment vacated sub nom. Church of Scientology of California v. Wollersheim*, 499 U.S. 914, 111 S. Ct. 1298, 113 L. Ed. 2d 234 (1991).

**JEFFER MANGELS & MITCHELL LLP**
*Co-Counsel for Defendant Sky Dayton*
3 Park Plaza
Suite 1100
Irvine, California 92614
Tel.: (949) 623-7200


By: */s/ Michael H. Strub, Jr.*
(*admitted pro hac vice*)
mstrub@jmbm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4th, 2026, a true and correct copy of the foregoing was served by U.S. Mail on pro se Plaintiff Brian Evans (at 2080 South Ocean Drive, Apt. 1505, Hallandale Beach, Florida 33009) and upon all other registered parties and counsel via the Court's CM/ECF System.


By: */s/ Justin B. Elegant*
Justin B. Elegant

.