UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff, Pro Se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL;

SKY DAYTON; and DOES 1–10,

Defendants.



FILED BY _____ D.C.

MAR 04 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT SKY

DAYTON'S REPLY IN SUPPORT OF MOTION TO QUASH AND DISMISS

Plaintiff Brian Evans, proceeding pro se, respectfully moves this Court for leave to file a sur-

reply addressing new factual assertions, new arguments, and materially misleading

characterizations raised for the first time in Defendant Sky Dayton's Reply in Support of his

Motion to Quash and Motion to Dismiss. In support thereof, Plaintiff states as follows:

I. INTRODUCTION

1

Defendant Sky Dayton's reply brief introduces numerous new factual accusations, credibility attacks, and legal arguments that were not raised in Defendant's original motion to dismiss.

These include allegations that Plaintiff attempted to extort Defendant; accusations that Plaintiff filed this lawsuit for harassment; new credibility attacks regarding Plaintiff's sworn declaration; new factual assertions disputing overnight visits at Plaintiff's residence; references to unrelated litigation involving Plaintiff; and attacks on exhibits submitted with Plaintiff's opposition.

Because these matters were raised for the first time in Defendant's reply brief, Plaintiff has had no opportunity to address them.

Courts routinely grant leave to file sur-replies when a reply brief raises new arguments, new evidence, or mischaracterizes the record.

See SEC v. Big Apple Consulting USA, Inc., 783 F.3d 786, 802 (11th Cir. 2015); Burns v. Lawther, 53 F.3d 1237, 1248 (11th Cir. 1995).

Additionally, the Eleventh Circuit has repeatedly recognized that arguments raised for the first time in a reply brief deprive the opposing party of a fair opportunity to respond. See Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005). When new matters are raised in reply, district courts routinely permit sur-replies to ensure fairness in the adversarial process.

Leave to file a short sur-reply is therefore appropriate to prevent unfair prejudice.

## II. DEFENDANT RAISES NEW ACCUSATIONS OF EXTORTION AND IMPROPER MOTIVE

For the first time in his reply brief, Defendant accuses Plaintiff of attempting to "extort" a settlement and asserts that this lawsuit was filed to harass Defendant.

These accusations were not raised in the motion to dismiss. The motion to dismiss instead focused on procedural issues such as service, jurisdiction, venue, and statute of limitations.

The introduction of accusations of extortion and improper motive in the reply represents a new argument that Plaintiff could not have anticipated and has not previously had the opportunity to address.

Courts routinely allow sur-replies where a reply brief introduces new accusations or new theories that were absent from the underlying motion. See Herring, 397 F.3d at 1342.

### III. DEFENDANT RELIES ON EMAILS SENT AFTER THE MOTION TO DISMISS WAS FILED

Defendant's reply references alleged emails sent by Plaintiff. As Defendant acknowledges, those communications occurred after Defendant filed his motion to dismiss.

Those communications therefore were not part of the factual record underlying Defendant's motion.

Defendant nevertheless relies on those communications in his reply while failing to attach them and while omitting the surrounding context.

Because Defendant raises these communications for the first time in reply and relies on them to support new accusations, Plaintiff must be permitted to respond.

### IV. DEFENDANT'S REPLY SELECTIVELY CHARACTERIZES RULE 408 SETTLEMENT COMMUNICATIONS AND PROVIDES NO EXHIBITS

Defendant's reply also asserts for the first time that Plaintiff engaged in "extortion" through email communications. Those accusations rely on communications that occurred after the filing of Defendant's motion to dismiss and that were part of settlement-related discussions protected by Federal Rule of Evidence 408. Defendant's reply selectively characterizes those communications but does not attach the emails themselves or provide their full context. The referenced communications concerned sworn statements submitted by Defendant in support of his motion to dismiss, which Plaintiff contradicted with documentary exhibits filed with his opposition. Plaintiff's communications simply stated that if Defendant continued to advance statements that Plaintiff believes are demonstrably false, Plaintiff would continue submitting rebuttal evidence to the Court. Defendant's characterization of those communications as "extortion" is inaccurate and presented without the surrounding context, including follow-up communications in which Plaintiff clarified his position. Because Defendant raises this accusation for the first time in his reply and relies on incomplete descriptions of communications protected by Rule 408, Plaintiff must be permitted to respond.

Defendant's decision to reference alleged settlement communications without submitting the communications themselves further underscores the need for Plaintiff to respond so the Court is not left with an unrebutted and incomplete characterization of those discussions.

## V. DEFENDANT ATTACKS PLAINTIFF'S SWORN DECLARATION

In opposing Defendant's motion, Plaintiff submitted a declaration executed under penalty of perjury.

Defendant's reply repeatedly asserts that the events described in Plaintiff's declaration "never happened," including Defendant's claim that he met Plaintiff only once at a coffee shop decades ago.

These statements directly contradict Plaintiff's sworn declaration.

Plaintiff's declaration was executed under penalty of perjury affirming that the facts contained in Plaintiff's filings are true and correct.

Defendant's attempt to dismiss Plaintiff's sworn testimony while presenting his own declaration as definitive creates a factual dispute that cannot be resolved on a motion to dismiss.

At the motion to dismiss stage, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010).

At the appropriate stage of this case, Plaintiff expects to present witness affidavits confirming that Defendant stayed overnight at Plaintiff's residence on multiple occasions and that other individuals were present during those visits.

## VI. DEFENDANT MISCHARACTERIZES PLAINTIFF'S LITIGATION HISTORY

Defendant's reply attempts to portray Plaintiff's litigation history as evidence of improper motive. This characterization is inaccurate.

Plaintiff has a long history of public advocacy and civic engagement and was previously a nominee for the United States Congress.

One of Plaintiff's lawsuits resulted in policy changes affecting sleep apnea patients, an issue deeply personal to Plaintiff because Plaintiff's mother passed away from complications related to sleep apnea.

Plaintiff's litigation history reflects public advocacy and consumer protection efforts rather than the improper motives suggested by Defendant.

VII. DEFENDANT MISCHARACTERIZES THE CREATIVE ARTISTS AGENCY CASE

Defendant's reply references a separate lawsuit filed by Plaintiff against Creative Artists Agency.

That case remains ongoing and has not been dismissed despite attempts by defendants in that case to seek dismissal.

Defendant's attempt to characterize that litigation in a reply brief in this case is misleading and irrelevant to the jurisdictional and procedural issues raised in Defendant's motion to dismiss.

VIII. DEFENDANT MISCHARACTERIZES PLAINTIFF'S EXHIBITS

Defendant's reply also attacks exhibits submitted with Plaintiff's opposition, including a photograph with former Arkansas Governor Mike Huckabee.

The purpose of that exhibit was to demonstrate Plaintiff's advocacy work on behalf of sleep apnea patients and to provide context for Plaintiff's public advocacy efforts.

IX. DEFENDANT MISCHARACTERIZES PLAINTIFF'S OPPOSITION

Defendant's reply also asserts that Plaintiff failed to oppose certain arguments in the motion to dismiss.

Plaintiff did in fact address the issues raised in Defendant's motion, including arguments regarding jurisdiction, venue, and Defendant's characterization of events.

## X. DEFENDANT RAISES NEW MATTERS IN FOOTNOTES

Defendant's reply includes substantive factual accusations and arguments in footnotes.

Courts routinely disfavor raising substantive arguments in footnotes, particularly where those arguments introduce new issues that the opposing party has had no opportunity to address.

See United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) (arguments raised only in passing or in footnotes are generally deemed insufficient).

## XI. DEFENDANT'S REPLY INJECTS AN UNRELATED AND MISLEADING "LIONEL MESSI" / INTER MIAMI REFERENCE

Defendant's reply also includes a footnote referencing an unrelated lawsuit filed by Plaintiff concerning ticket sales associated with an Inter Miami soccer event and inaccurately characterizes that case as involving a "photo opportunity" with a mentioned player. That description is incorrect and materially misleading. The referenced case is a consumer-protection action involving alleged ticket-mapping errors and misrepresentations in connection with ticket sales through the StubHub mobile application, where tickets were marketed at extremely high prices for premium locations but purchasers were allegedly placed in substantially inferior seats. That litigation is part of broader StubHub-related consumer protection claims that are currently the subject of appellate proceedings in the United States Court of Appeals for the Eleventh

Circuit. Defendant's attempt to inject a distorted description of that separate litigation into a reply brief—particularly through a footnote—introduces new factual assertions that were not raised in the motion to dismiss and that are unrelated to the jurisdictional and procedural issues before this Court. Because these assertions were raised for the first time in the reply, Plaintiff should be permitted to respond through a limited sur-reply so the Court is not left with an unrebutted and inaccurate characterization in the record.

## XII. A SURREPLY WILL ASSIST THE COURT

Allowing a brief sur-reply will assist the Court by ensuring that the record accurately reflects the full context of the matters raised in Defendant's reply.

Plaintiff's sur-reply will be limited to responding to the new arguments and factual assertions raised in the reply.

Defendant's reply further attempts to resolve disputed factual issues and credibility determinations that are not appropriate at the motion to dismiss stage. The reply repeatedly asserts that certain events described in Plaintiff's declaration "never occurred" and asks the Court to accept Defendant's competing narrative of the parties' interactions. Those arguments go beyond the scope of a Rule 12 motion and improperly invite the Court to weigh competing factual assertions and declarations. At the pleading stage, however, the Court must accept the well-pleaded allegations of the complaint as true and may not resolve factual disputes or credibility issues. Defendant's attempt to transform a motion to dismiss into a factual adjudication through a reply brief introduces new argument and further demonstrates why Plaintiff should be permitted to file a limited sur-reply so that the Court may consider the issues on a complete and accurate record.

CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), Plaintiff Brian Evans certifies that on March 4, 2026, he attempted to confer in good faith with counsel for Defendant Sky Dayton regarding the relief requested in this Motion for Leave to File a Sur-Reply. Plaintiff spoke to counsel for Defendant requesting their position on the requested relief and it was opposed verbally by counsel for the Defendant Sky Dayton.

XIII. CONCLUSION

Defendant's reply brief introduces numerous new arguments, accusations, and factual assertions that were not raised in the original motion to dismiss.

Because Plaintiff has not previously had the opportunity to address these matters, fairness and judicial efficiency support granting leave to file a sur-reply.

WHEREFORE Plaintiff respectfully requests that the Court grant this Motion and permit Plaintiff to file a sur-reply addressing the new issues raised in Defendant Sky Dayton's reply.

Date: March 4, 2026

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive

Suite 1505

Hallandale Beach, Florida 33009

Telephone: 954-214-3076

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2026, a true and correct copy of the foregoing was served by U.S. Mail upon the following counsel of record:

Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, Florida 33131

Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

10

Irvine, California 92614

Counsel for Defendant Sky Dayton

_[signature]_

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive

Suite 1505

Hallandale Beach, Florida 33009

Telephone: 954-214-3076

11