UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No.: 1:26-cv-20389-BB

FILED BY _____ D.C.

MAR 09 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL,

SKY DAYTON, and

DOES 1-10,

Defendants.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Brian Evans, appearing pro se, respectfully submits this Notice of Supplemental
Authority to assist the Court in evaluating the jurisdictional issues raised in Defendant Church of
Scientology International's Motion to Dismiss.

1

Plaintiff directs the Court to the following authorities governing how courts evaluate jurisdictional affidavits and factual disputes at the Rule 12 stage.

In Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002), the Eleventh Circuit held that when a defendant submits affidavits contesting personal jurisdiction and the plaintiff submits evidence supporting jurisdiction, conflicts in the evidence must be construed in the plaintiff's favor for purposes of determining whether a prima facie basis for jurisdiction exists.

Similarly, in Eaton v. Dorchester Development, Inc., 692 F.2d 727, 729–31 (11th Cir. 1982), the Eleventh Circuit recognized that jurisdictional discovery is appropriate where a defendant's affidavit disputes jurisdictional facts and the relevant information is within the defendant's control.

In the present matter, Defendant relies on the declaration of Lynn R. Farny to deny certain jurisdictional contacts. The authorities above clarify that where a declaration addresses some aspects of jurisdictional contacts but factual issues remain concerning the operational relationship among related entities or the direction of communications into the forum, those issues are properly resolved through the prima facie standard described in Meier and, where appropriate, jurisdictional discovery as recognized in Eaton.

Plaintiff respectfully submits these authorities so the Court may consider the governing Eleventh Circuit standards applicable to jurisdictional affidavits and discovery when evaluating Defendant's Motion to Dismiss.

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Email: belasvegas@yahoo.com

Dated: March 9, 2026

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2026, I served a true and correct copy of the foregoing

Notice of Supplemental Authority by U.S. Mail, first-class postage prepaid, as I am proceeding

pro se and do not file electronically, upon the following counsel of record:

Alan J. Perlman, Esq. (Fla. Bar No. 826006)

Dickinson Wright PLLC

350 East Las Olas Boulevard, Suite 1750

Fort Lauderdale, FL 33301

Email: aperlman@dickinsonwright.com

3

Jennifer Julia Vaquerano, Esq. (Fla. Bar No. 1039694)

Dickinson Wright PLLC

350 East Las Olas Boulevard, Suite 1750

Fort Lauderdale, FL 33301

Email: jvaquerano@dickinson-wright.com

Justin B. Elegant, Esq.

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

Email: jelegant@bergersingerman.com

Michael H. Strub, Jr., Esq.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

Email: MStrub@jmbm.com

Attorneys for Defendants Church of Scientology International and Sky Dayton.

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Email: belasvegas@yahoo.com

Dated: March 9, 2026