UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

    Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON, and
DOES 1-10

    Defendants.

_____/

**DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE AND FAILURE TO STATE A CLAIM**

**1. Introduction**

Serial pro se Plaintiff Brian Evans' arguments and exhibits in Opposition to Church of Scientology International's ("CSI") Motion to Dismiss confirm that his Complaint and proofs of service are shams and a fraud upon the Court. This action, like the dozens of frivolous pro se complaints that Evans, a convicted felon,[1] previously filed, prosecuted, and lost in Hawaii, Florida,

---

[1] Evans represents to the Court in his Opposition that his felony conviction was "expunged" but he has failed and refused to produce evidence of that expungement. His character for truthfulness is relevant here to the extent that Evans is proffering evidentiary facts in support of his intertwined jurisdictional and merits allegations and to the extent that he is making factual representations to the Court in connection with his request to allow jurisdictional discovery. If Evans' conviction for theft has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that he has been rehabilitated or on a finding of innocence, the criminal conviction should not be considered in assessing Mr. Evans' character for truthfulness. But the conviction may be considered as to whether or not Evans plausibly alleged that the Defendants recruited and retaliated against a convicted and incarcerated felon because he did not want to become a Scientologist. *See* Federal Rules of Evidence section 609(c).

1

California, Nevada, and Washington state and federal trial courts, intermediate courts and supreme courts, is simply the latest in furtherance of his despicable vexatious litigation enterprise of shaking down deep pocket defendants with bogus claims in inconvenient forums in violation of their Constitutional Due Process rights. Evans has not meaningfully addressed or confronted any of the cases, statutes or arguments in CSI's Motion to Dismiss. The AI-generated cases that he did cite show why the prosecution of the case is frivolous within the meaning of Rule 11 of the Federal Rules of Civil Procedure. Evans' implausible conclusory allegations pleading the elements of the alleged torts must be entirely disregarded on this Motion to Dismiss in accordance with guidance from the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and FRCP Rules 8, 9 and 10.

**2. Summary**

Evans has not and cannot plausibly allege any cause of action against CSI. The face of the Complaint shows that it is frivolous. The unrefuted jurisdictional evidence reveals that CSI never heard of Evans or had any communication with or about him before he filed suit against CSI in 2026. (*See* Farny Declaration in Support of Motion to Dismiss, Docket #33-1.) Evans has the burden of establishing a *prima facie* case of personal jurisdiction over CSI. Where, as here, the Defendant submits an affidavit disputing Plaintiff's Florida jurisdictional allegations that overlap with his merits allegations, the burden shifts back to the Plaintiff to produce enough admissible evidence to overcome a directed verdict on the issue. *See Posner v. Essex Ins. Co., Ltd*, 178 F.3d 1209, 1215 (11th Cir. 1999); *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (relied upon by Evans at page 2 of his Opposition). Evans failed to meet that burden. Indeed, he proffered no admissible evidence to support his allegations of personal jurisdiction over CSI.

In an apparent attempt to satisfy his jurisdictional burden of producing admissible evidence to refute the Farny jurisdictional Declaration and to support Plaintiff's unverified allegation that CSI engaged in *unsolicited* tortious conduct in this state and that CSI purposefully availed itself of the benefits and protections of Florida law, Evans attached an *unauthenticated* letter as an exhibit to his Opposition which, he contends, provides the foundation for his intertwined jurisdictional and merits arguments against CSI and Dayton. That letter (Exhibit B to the Opposition) shows that Evans solicited a different California corporation *to write to him* (Celebrity Centre International on Franklin Avenue in Hollywood, California) to obtain documentary evidence supporting his allegation that co-Defendant Dayton introduced him to the Scientology religion more than 30 years prior. The letter from Mr. Weigand at the Celebrity Centre (the contents of which were not disclosed in the Complaint to mislead the Court) states in pertinent part as follows: "Hello to you good sir!!! And thank you so much for writing to me. Your response was very much appreciated. I don't have a phone number or email for you so I had no choice but to respond via snail mail. . . . You are correct in remembering Sky Dayton and Earthlink. He was the one who introduced you to Celebrity Centre and Scientology.[2] . . . I am including a brochure on the Purification Program for your perusal. I would like to invite you to come out and do this program with us. It is a $2500 program and takes an average of 21–26 days. You will find it quite beneficial in many ways. Physically, emotionally and spiritually."

One of the many reasons that the allegations of intrusion upon seclusion and intentional infliction of emotional distress are implausible is that the allegations are inherently contradictory. If the Celebrity Centre letter actually provided Plaintiff with a plausible legal pathway to share in

---

[2]This representation by Weigand is disputed by Dayton and is unauthenticated double hearsay not falling within any exception to the hearsay rule even if the letter had been properly authenticated. (*See* Federal Rules of Evidence 805)

the bounty of EarthLink's success, the objectively reasonable emotional reaction of the Plaintiff would have been extreme satisfaction, delight and pleasure with this Eureka money-making moment. But Evans alleges that the mere act of receiving and reading this letter mailed from the Celebrity Centre in California to Evans' home in Florida was an intrusion upon his seclusion which intentionally caused Evans to suffer "significant emotional distress, including anxiety, worsening PTSD symptoms, sleep disruption, and psychological distress."

The exhibit that Evans attached to the Opposition shows that, separate and apart from the fact that the letter is obviously protected First Amendment speech, Evans' allegation that the sender or its affiliates committed a tort by sending the letter would merit an award of Rule 11 monetary sanctions against him but for the 21-day safe harbor that is useless where, as here, the responsive pleading is due within 21 days of purported service.

The Eleventh Circuit has consistently held that if an exhibit attached to a pleading contradicts the allegations about the exhibit set forth in the complaint itself, the exhibit controls. *Turner v. Williams*, 65 F.4th 564, 584 (2023). This rule is grounded in Federal Rules of Civil Procedure 10(c), which provides that exhibits attached to a pleading are "part of the pleading for all purposes." *Graspa Consulting, Inc. v. United National Insurance Company*, 515 F. Supp. 3d 1249 (2021). As the court explained in *Turner*, "a 'litigant may be defeated by his own evidence, the pleader by his own exhibits' when 'he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them.'"

Evans' retaliation and fraud allegations against "the Defendants" pertaining to his fantastical EarthLink bounty claims are not based on well pled facts or reasonable inferences from well pled facts. It's not even clear whether Evans intends to prosecute his fraud cause of action against CSI. FRCP Rule 9(b). Evans alleges that in 1990 or 1991 he was cheated out of an interest

4

in EarthLink, the internet service provider founded by co-Defendant Dayton three years later. Evans has not disputed CSI's evidence showing that CSI has never communicated with Evans and had never heard of him before this Complaint was filed in 2026. Nor has Evans produced any jurisdictional evidence refuting Dayton's Declaration that he did not know about the existence of the internet before 1993, two years after the date that Evans alleges he was promised a piece of the internet service provider that he founded in 1994. Evans alleged in his Complaint that the statute of limitations for fraudulent inducement was tolled due to PTSD diagnosed more than two decades after expiration of Florida's twelve-year statute of repose and statute of limitations expired. The argument is patently frivolous for the reasons stated in CSI's moving papers at pages 5–7. Evans turned a blind eye to the law in his Opposition.[3]

    **3. Evans has not alleged or proved any plausible jurisdictional facts showing that CSI committed the tort of fraudulent inducement in Florida or any other state.**

In order for the Court to address whether the allegations in Evans' pro se Complaint support jurisdiction in Florida on the basis that CSI committed a tortious act here,[4] the Court must first determine whether Evans has pled a claim that is facially plausible. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010). To do so, the Court must evaluate Plaintiff's allegations pursuant to the *Iqbal* and *Twombly* standards. The Court must determine whether the Evans Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678, 129 S. Ct.

---

[3]Evans prosecuted more than 50 pro se complaints after the events described in his Complaint, most of which were filed during the period of his alleged "disability." (Docket, Document 33-2). He does not have nor has he alleged any *adjudicated* disability per the requirements of Fla. Stat. § 95.051(d) and the claim for fraudulent inducement was filed 23 years after Florida's twelve-year absolute fixed deadline statute of repose for an action founded upon fraud expired. *See* Fla. Stat. Ann. § 95.031(2)(a).
[4]Fla. Stat. Ann. § 48.193(1)(a)(2).

1937 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). In the context of this case the Court begins with the question of whether Evans has alleged *facts* sufficient to state a plausible claim for fraudulent inducement, conversion, unjust enrichment, intentional infliction of emotional distress or intrusion upon seclusion against CSI. The answer to that question is clearly no. It is not even clear from the Complaint or the Opposition to the Motion to Dismiss which causes of action are pled against CSI and which causes of action against Dayton. (FRCP Rule 10.) The most reasonable interpretation of Evans' Complaint is that only Dayton is an intended Defendant on the fraudulent inducement claims. There are no facts alleged in the Complaint linking CSI to Evans other than the allegation that Dayton introduced Evans to the Scientology religion more than 30 years ago. There is no allegation that CSI made any representations to Evans about EarthLink or Dayton and there is no allegation that Dayton or Evans ever spoke to any representative of CSI.

Page 19 of Evans' Complaint cites the case of *Burgess v. Religious Technology Center, Inc.*, 600 Fed.Appx 657 (11th Cir. 2015) for the proposition that "claims against Scientology entities may proceed based on conduct and tort theories rather than doctrine, and that limitations and tolling issues are fact-dependent." He cites the same case for the proposition that "[r]epeated unwanted contact after a clear request to stop, particularly where the defendant tracks a plaintiff across addresses, supports liability for intrusion and IIED." The *Burgess* opinion has nothing to do with either of those issues. Indeed, *Burgess* is one of the cases that conclusively demonstrates why the Evans case should be dismissed without allowing the jurisdictional discovery that is part and parcel of Evans' customary playbook.[5]

---

[5] Leave to conduct jurisdictional discovery should be denied, where as here, Plaintiff was put on notice of the jurisdictional defects prior to Defendant's Motion to Dismiss, Plaintiff did not file a motion to conduct jurisdictional discovery, Plaintiff failed to establish a prima facie case or colorable basis for jurisdiction, there is no genuine dispute concerning material jurisdictional facts, and Plaintiff has a documented history of filing suit against Defendants where it is patently obvious

### 4. Evans' causes of action for intentional infliction of emotional distress and intrusion upon seclusion are frivolous.

Evans does not bother to address, let alone refute, CSI's Motion to Dismiss showing that mailed letters soliciting Evans to participate in religious activities promoted by the Scientology religion do not meet *any* of the elements for the common law torts of intrusion upon seclusion or intentional infliction of emotional distress. Instead, Evans relies on legal conclusions. He also falsely represents in his Opposition that he made repeated requests to CSI to stop sending religious communications to him notwithstanding the sworn uncontradicted Declaration from Mr. Farny that CSI never received or sent any written or oral communications to him. Even accepting these foundational jurisdictional and merits allegations as true, sending letters through the mail of this nature does not satisfy any of the elements of either tort.

### 5. Evans' assertion that mailing religious literature to him in Florida is not protected by the First Amendment speech and religion clauses is plainly incorrect. (Opposition, pp. 10–11)

Evans' Opposition relies exclusively on the Supreme Court opinion in *Cantwell v. State of Connecticut*, 310 U.S. 296, 303–304 (1940) for the proposition that the First Amendment does not create blanket immunity to CSI "for otherwise actionable conduct merely because the actor claims a religious motive." This argument is a red herring. CSI does not claim "blanket immunity" for *actionable* conduct in its Motion to Dismiss. Evans' first problem is that he did not allege and has

---

that personal jurisdiction is lacking. *See In re Zantac (Ranitidine) Products Liability Litigation*, 706 F. Supp. 3d 1363 (2020); *Kason Industries, Inc. v. Dent Design Hardware, Ltd.*, 952 F. Supp. 2d 1334 (2013). The plaintiff must provide "some showing establishing the need for jurisdictional discovery" and "set forth the specific information sought that will establish jurisdiction." *BCP Management, LLC as Trustee for 11717 81st Place Land Trust v. Deutsche Bank National Trust Company as Trustee of Registered Holders of GSAMP Trust 2005-HE3, Mortgage Pass-through Certificates, Series 2005-HE3*, 535 F. Supp. 3d 1217 (2021).

not proved any of the elements of any actionable tort. The second problem with his argument is that the *Cantwell* Supreme Court opinion *is one of the many cases which* explains why the Evans Complaint is barred by the First Amendment even if he had alleged a plausible tort cause of action. In *Cantwell*, a unanimous Supreme Court ruled that Newton Cantwell and his two sons, Jehovah's Witnesses, equipped with religious books, pamphlets and a set of disk records, could not be Constitutionally prosecuted for proselytizing even though their conduct resulted in violations of the state's ordinances for breaching the peace and shocking the religious sensibilities of objecting witnesses in a predominantly Roman Catholic neighborhood. The trial court found that defendants' presentation was an attack on the Catholic Church. Nevertheless, the convictions had to be set aside under the First Amendment guarantees of free speech and free exercise of religion because "[t]he fundamental law declares the interest of the United States that the free exercise of religion be not prohibited and that freedom to communicate information and opinion be not abridged." *Id* at 307. There is an abundance of unbroken authority after *Cantwell* supporting CSI's Motion to Dismiss on First Amendment grounds.

Mail is one medium of free speech, and therefore the right to send and receive mail is protected by the First Amendment. *See City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993). This is especially true when the speech activity, *e.g.,* the mail, is used for distributing religious materials. *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 523 (2022). As the Supreme Court stated, "the use of the mails is almost as much a part of free speech as the right to use our tongues" *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 69 n.18 (1983). The 11th Circuit (with appellate jurisdiction over Florida civil cases) held more than 30 years ago that proselytization, marketing and solicitation of funds by Scientology Churches constitutes "protected religious expressive activity under the First Amendment." *Church of Scientology Flag*

*Service Organization, Inc. v. City of Clearwater*, 2 F.3d 1514 (1993). Additionally, the court has held that "the oral and written dissemination of the Krishnas' religious views and doctrines is protected by the First Amendment," and this protection is not lost because materials are sold rather than given away or because contributions are solicited. *Heffron v. International Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640 (1981).

Here, a tort damages restraint on CSI's mailing of religious material would violate the First Amendment's Free Exercise and Free Speech clauses. Liability may not be imposed based on CSI's exercise of these rights. *See*, *e.g., Snyder v. Phelps*, 562 U.S. 443, 459–461 (2011). If Plaintiff found CSI's mailings objectionable, he could have followed the Supreme Court's advice to "effectively avoid further bombardment of [his] sensibilities simply by averting [his] eyes." *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 72 (1983). As the Supreme Court also noted, Plaintiff need only take the allegedly objectionable material on a "short, though regular, journey from mailbox to trash can … an acceptable burden, at least so far as the Constitution is concerned." *Id.*

    **6. The irreconcilably inconsistent proofs of service of the summons and Complaint that Evans filed with this Court are insufficient and fraudulent.**

The Court may take judicial notice from the Calbar.ca.gov website that CSI's registered agent for service of process Jeanne Reynolds was admitted to the California bar in 1983 (*See*, https://apps.calbar.ca.gov/attorney/Licensee/Detail/111626). On January 29, 2026, Evans filed a proof of service signed under penalty of perjury claiming personal summons on "Barrister Executives, who is designated by law to accept service of process on behalf of Church of Scientology International." In the additional information section, the process server confirmed the identity of a 25–35-year-old brown haired female who identified herself by "*stating their name*" (Document 6 on Docket). In response to CSI's Motion to Dismiss, Evans submitted a different proof of service now asserting the process server "served the summons on Jane Doe" (with

9

identical physical description and time of service as the first proof of service). The second proof of service represents that the recipient of the summons "*refused to give their name* who identified themselves as the Person Authorized to Accept, employee with identity confirmed by subject stating their name." This irreconcilable fraudulent gibberish should not be countenanced. The Declaration of Kelly Lobos, attached hereto as **Exhibit "A,"** shows that, at Evans' apparent instructions over the telephone, the process server served a receptionist at the Barrister Executive Suites and never mentioned CSI's registered agent.

7. **Conclusion**

The Evans Complaint should be dismissed with prejudice, and leave to conduct jurisdictional discovery should be denied.

WHEREFORE, Defendant, Church of Scientology International, respectfully requests that the Court grant its Motion to Dismiss the Plaintiff's, Brian Evans, Complaint *with prejudice*, and for any other relief this Court deems just and proper.

Dated: March 4, 2026

**DICKINSON WRIGHT PLLC**
*Attorneys for Defendant, Church of Scientology International*
350 East Las Olas Boulevard, Suite 1750
Fort Lauderdale, Florida 33301 Phone: 954-991-5420
Fax: 844-670-6009

*/s/ Alan J. Perlman*
Alan J. Perlman, Esq.
Florida Bar No. 826006
E-mail: aperlman@dickinson-wright.com

Jennifer J. Vaquerano, Esq.
Florida Bar No. 1039694
E-mail: jvaquerano@dickinson-wright.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 12, 2026, a true and correct copy of the foregoing was served upon all parties who are currently on the list to receive email notice/service for this case via the Court's CM/ECF System and/or U.S. mail to the parties listed below.

      By:    */s/ Alan J. Perlman*
             Alan J. Perlman, Esq.