UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:26-cv-20389-BB

FILED BY _____ D.C.

MAR 13 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL,

SKY DAYTON,

CHURCH OF SCIENTOLOGY CELEBRITY CENTRE INTERNATIONAL,

Defendants.

FIRST AMENDED COMPLAINT

Plaintiff Brian Evans, appearing pro se, files this First Amended Complaint and alleges as follows.

INTRODUCTION

1

This action arises from fraudulent inducement, conversion of valuable personal property, and a prolonged pattern of coercive and unwanted recruitment efforts directed toward Plaintiff after he declined participation in Scientology programs. Defendant Sky Dayton introduced Plaintiff to Scientology-related organizations during the early 1990s while simultaneously representing that Plaintiff would participate in a developing internet venture that later became associated with EarthLink. Plaintiff reasonably relied upon those representations and believed he would participate in that business opportunity. Plaintiff later discovered that these representations were false and that the opportunity had been withheld from him. Defendants' conduct caused financial harm and emotional distress to Plaintiff.

Plaintiff was also subjected to repeated communications encouraging him to participate in Scientology programs costing thousands of dollars. These communications continued despite Plaintiff's requests that they cease. Plaintiff ultimately discovered documentary confirmation in November 2025 that Defendant Dayton had introduced him to Scientology organizations and that those organizations had continued to target Plaintiff for recruitment. Defendants' conduct also included the wrongful retention and conversion of Plaintiff's valuable personal property, including a 1952 Topps Mickey Mantle rookie baseball card. Plaintiff therefore seeks damages and injunctive relief for Defendants' tortious conduct.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff resides in Florida and

Defendants reside in other states including California. The Court also has supplemental jurisdiction under 28 U.S.C. §1367 because all claims arise from the same nucleus of operative facts. Venue is proper in this District under 28 U.S.C. §1391 because Plaintiff resides here and the harm occurred here. The Court therefore has authority to adjudicate this dispute.

Personal jurisdiction exists because Defendants committed tortious acts directed toward a Florida resident. Florida's long-arm statute allows jurisdiction where a defendant commits a tortious act within the state, including through communications directed into Florida. Internet Solutions Corp. v. Marshall, 39 So.3d 1201 (Fla. 2010) held that electronic communications directed into Florida can constitute a tortious act within the state; this case applies because Defendants repeatedly directed communications toward Plaintiff in Florida. Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) held that defendants who purposefully direct activities toward a forum state may be subject to jurisdiction there; Defendants' conduct toward Plaintiff satisfies that standard.

The Eleventh Circuit has repeatedly held that intentional torts directed toward a forum resident establish jurisdiction. Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008) held that intentional torts directed at a Florida resident satisfy due process requirements for jurisdiction; Defendants' conduct toward Plaintiff satisfies this rule. Louis Vuitton Malletier v. Mosseri, 736 F.3d 1339 (11th Cir. 2013) held that purposeful direction of wrongful conduct toward a forum resident establishes jurisdiction under the effects test; Defendants intentionally directed communications and conduct toward Plaintiff in Florida. These authorities demonstrate that personal jurisdiction is proper in this Court.

PARTIES

3

Plaintiff Brian Evans is a resident of Hallandale Beach, Florida and is a professional recording artist. Plaintiff has achieved success in the entertainment industry and has appeared on Billboard music charts. Plaintiff brings this action in his personal capacity. Plaintiff has never consented to participate in Scientology programs. Plaintiff repeatedly requested that recruitment communications cease.

Defendant Church of Scientology International is a California nonprofit organization overseeing Scientology operations. Defendant Sky Dayton is an individual associated with early internet ventures including EarthLink. Defendant Church of Scientology Celebrity Centre International operates a Scientology facility in Hollywood, California. These defendants communicated with Plaintiff regarding Scientology programs and recruitment efforts. Additional defendants will be identified through discovery.

## FACTUAL BACKGROUND

During the early 1990s Plaintiff met Defendant Sky Dayton. Dayton represented that he was developing an internet-related venture and that Plaintiff would participate in that opportunity. Plaintiff relied on these representations and believed he would be included in the development of the venture. Dayton also introduced Plaintiff to Scientology organizations and encouraged participation in Scientology programs. Plaintiff declined those invitations.

After Plaintiff declined participation in Scientology, Plaintiff began receiving repeated communications from Scientology organizations encouraging participation in programs costing thousands of dollars. These communications continued for years despite Plaintiff's requests that they cease. In November 2025 Plaintiff obtained documentary confirmation showing that Dayton

4

had introduced him to Scientology organizations and that Scientology representatives were aware of Plaintiff and attempting to recruit him. These communications confirmed the coordinated relationship between Defendant Dayton and Scientology organizations. Plaintiff also discovered evidence confirming Defendants' involvement in the conversion of Plaintiff's valuable property.

## STATUTE OF LIMITATIONS AND DISCOVERY RULE

Defendants argue that Plaintiff's claims are barred by statutes of limitation and repose. Plaintiff did not discover the coordinated relationship among Defendants until November 2025 when documentary communications confirmed the connection between Dayton and Scientology organizations contacting Plaintiff. Plaintiff could not reasonably have discovered these facts earlier. Claims therefore accrued only when Plaintiff discovered the wrongdoing. The discovery rule therefore renders Plaintiff's claims timely.

Rotella v. Wood, 528 U.S. 549 (2000) recognizes that claims may accrue when a plaintiff discovers the injury and its cause; Plaintiff discovered Defendants' coordinated actions only in November 2025. Bailey v. Glover, 88 U.S. 342 (1874) held that fraudulent concealment tolls the statute of limitations where defendants conceal wrongdoing; Defendants concealed their coordinated actions for decades. Hearndon v. Graham, 767 So.2d 1179 (Fla. 2000) recognized equitable tolling where misconduct prevents discovery of a claim; Plaintiff could not reasonably discover the connection among Defendants until documentary confirmation in 2025. These authorities demonstrate that Plaintiff's claims are timely.

## COUNT I – FRAUDULENT INDUCEMENT

Defendants made material representations to Plaintiff concerning participation in a developing internet venture associated with Defendant Sky Dayton. These representations were made during a period when Dayton was actively encouraging Plaintiff to become involved with Scientology organizations. Plaintiff reasonably relied upon those representations and believed he would participate in the venture as it developed. Defendants knew the representations were false or made them with reckless disregard for the truth. Plaintiff suffered financial harm as a result.

Fraud claims must satisfy Rule 9(b) by identifying the circumstances surrounding the misrepresentation. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194 (11th Cir. 2001) held that a plaintiff must describe the circumstances of fraud with sufficient detail to place defendants on notice of the claim. Plaintiff has alleged the parties involved, the nature of the misrepresentation, and the circumstances under which it occurred. Plaintiff therefore satisfies Rule 9(b). Defendants' misrepresentations caused financial injury to Plaintiff. Plaintiff seeks damages resulting from this fraudulent inducement.

## COUNT II – CONVERSION

Plaintiff owned a 1952 Topps Mickey Mantle rookie baseball card with substantial monetary value. Defendants obtained possession of this property through their relationship with Plaintiff. Plaintiff demanded the return of the card. Defendants refused to return the property. Defendants therefore exercised wrongful control over Plaintiff's property.

Conversion occurs when a defendant wrongfully exercises dominion over another person's property. Warshall v. Price, 629 So.2d 905 (Fla. 4th DCA 1993) held that wrongful retention of property constitutes conversion. Defendants' refusal to return Plaintiff's property satisfies this

6

definition. Plaintiff has suffered financial damages as a result. Plaintiff seeks the return of the property or damages equal to its fair market value.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants engaged in extreme and outrageous conduct by repeatedly contacting Plaintiff with unwanted recruitment communications encouraging participation in Scientology programs. These communications continued despite Plaintiff's clear refusal to participate. Defendants intentionally directed these communications toward Plaintiff. Plaintiff suffered emotional distress as a result. Defendants' conduct was intentional and coercive.

Under Florida law intentional infliction of emotional distress occurs when a defendant engages in extreme and outrageous conduct causing severe emotional distress. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985) recognized this tort under Florida law. Defendants' repeated recruitment communications after Plaintiff's refusal constitute extreme and outrageous conduct. Plaintiff suffered emotional distress as a result. Defendants are liable for damages.

## COUNT IV – INTRUSION UPON SECLUSION

Defendants repeatedly intruded upon Plaintiff's private affairs by sending unwanted recruitment communications. Plaintiff repeatedly requested that these communications cease. Defendants ignored these requests. The communications invaded Plaintiff's privacy and personal peace. Plaintiff suffered emotional distress as a result.

Florida law recognizes intrusion upon seclusion as a tort. Allstate Ins. Co. v. Ginsberg, 863 So.2d 156 (Fla. 2003) held that intentional intrusion into a person's private affairs may give rise to liability. Defendants intentionally intruded upon Plaintiff's privacy by continuing recruitment

communications despite his refusal. This conduct satisfies the elements of the tort. Plaintiff therefore states a valid claim.

PRAYER FOR RELIEF

Plaintiff requests judgment for compensatory damages, punitive damages, return of converted property or its fair market value, injunctive relief prohibiting further harassment, costs, and any other relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted:

*[signature]*

Brian Evans

2080 S. Ocean Drive #1505

Hallandale Beach, FL 33009

(954) 214-3076

Email: belasvegas@yahoo.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2026, I served a true and correct copy of the foregoing First Amended Complaint by U.S. Mail and electronic mail upon counsel for Defendants as follows:

8

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

aperlman@dickinsonwright.com

Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

jvaquerano@dickinsonwright.com

Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

jelegant@bergersingerman.com

Michael H. Strub, Jr. (Pro Hac Vice)

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

MStrub@jmbm.com

Respectfully submitted,

*/s/ Brian Evans*

Brian Evans

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

belasvegas@yahoo.com

Plaintiff, Pro Se


March 13, 2026

Brian Evans

Plaintiff, Pro Se

Hallandale Beach, Florida