UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

FILED BY _____ D.C.

MAR 2 6 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

CASE NO. 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL,

SKY DAYTON,

CHURCH OF SCIENTOLOGY CELEBRITY CENTRE INTERNATIONAL,

Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S MOTION FOR EXTENSION OF TIME AS TO PLAINTIFF'S MOTION TO STRIKE, SEAL, AND FOR SANCTIONS**

Plaintiff, Brian Evans, appearing pro se, files this response in opposition to Defendant Church of Scientology International's Motion for Extension of Time [D.E. 58], and states as follows:

1

Plaintiff does not oppose Defendant's request for additional time to respond to the First Amended Complaint. Plaintiff does, however, oppose any extension of time as to Plaintiff's Motion to Strike, Seal, and for Sanctions [D.E. 51].

The motion to strike does not involve a routine dispute over legal arguments. It concerns a false and highly prejudicial accusation placed by Defendants into the public docket of this Court—that Plaintiff is a "convicted felon" and portrayed as incarcerated. That statement is false. The Court would have to ponder as to how the Plaintiff is walking into the federal building to file his motions if he is presently a "convicted and incarcerated felon." The remarks are outrageous and have resulted in a state court case against attorneys Alan J. Perlman, Jennifer Julia Vaquerano and their firm.

This accusation was not insignificant or incidental. It was placed into a federal court filing in a way that directly impacts Plaintiff's credibility and reputation in a permanent and publicly accessible judicial record.

Every additional day that this statement remains unaddressed causes ongoing harm. Federal court filings are not confined to the Court's docket. They are indexed, cached, and republished by third-party websites. Once a false criminal label is placed on PACER, it spreads beyond the Court's control and can persist indefinitely.

Defendant claims that no prejudice will result from an extension. That is incorrect. Plaintiff is currently experiencing ongoing prejudice because this false statement continues to exist in the public record.

This is not theoretical harm. It is real and immediate. Being labeled a convicted and incarcerated felon in a federal court filing carries obvious reputational consequences.

Plaintiff's Motion to Strike already explained that Defendants did not verify this accusation through court records and instead relied on an entertainment website (IMDb), rather than conducting the reasonable factual inquiry required before making such a statement in a federal filing.

Plaintiff also provided documentation showing that the characterization is unsupported and that there is no basis for labeling Plaintiff as a convicted felon in this Court.

Since the filing of Defendants' statement, Plaintiff has been forced to spend approximately five full days addressing the fallout. This has included identifying where the false information has been republished, monitoring its spread, and contacting third-party websites in an effort to have the false statements removed or corrected.

That effort has required significant time and disruption. Instead of focusing on litigating this case, Plaintiff has had to engage in damage control caused solely by Defendants' conduct.

The emotional impact has also been substantial. Being falsely labeled in a public federal filing as a convicted and incarcerated felon is distressing and damaging in ways that are obvious and difficult to undo.

3

This is exactly the type of situation Rule 11 is meant to prevent. Defendants, as officers of the Court, had an obligation to verify factual assertions before placing them into the public record. They did not do so.

Defendant now seeks additional time to respond to a motion that addresses their own improper conduct. Granting that request would allow the false accusation to remain publicly accessible for a longer period, increasing the harm.

The issue before the Court is narrow. It is not whether Defendants need more time to respond to the Amended Complaint. Plaintiff has already agreed to that. The issue is whether Defendants should be given more time while a false criminal accusation about Plaintiff remains on the public docket.

If Defendants believe their statement is accurate, they can defend it within the current deadline. If they do not, then delay serves no legitimate purpose.

This is not an attempt to accelerate the case. It is a request to prevent the continued public dissemination of a false and harmful statement. The Court can allow additional time on the Amended Complaint while requiring a timely response to the Motion to Strike.

Allowing additional time on the Motion to Strike would reward conduct that has already caused significant harm and would unnecessarily prolong that harm.

4

For these reasons, Defendant has not shown good cause under Rule 6(b) to extend the deadline as to Plaintiff's Motion to Strike.

WHEREFORE, Plaintiff respectfully requests that the Court:

GRANT Defendant's Motion for Extension of Time [D.E. 58] only as to the deadline to respond to Plaintiff's First Amended Complaint;

DENY Defendant's Motion for Extension of Time [D.E. 58] as to Plaintiff's Motion to Strike, Seal, and for Sanctions [D.E. 51];

Consider Plaintiff's time, effort, and harm in connection with the pending request for Rule 11 sanctions; and

Grant such other relief as the Court deems just and proper.

LOCAL RULE 7.1(a)(3) CERTIFICATION

Plaintiff states that Defendant's Motion reflects the parties' conferral position, including that Plaintiff does not oppose the extension as to the Amended Complaint but opposes any extension as to the Motion to Strike.

Dated: March 26, 2026

Respectfully submitted,

Brian Evans

2080 South Ocean Drive #1505

Hallandale Beach, FL 33009

(954) 214-3076

belasvegas@yahoo.com

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 26, 2026, a true and correct copy of the foregoing was

served by U.S. Mail and electronic mail upon all counsel of record as follows:

Alan J. Perlman, Esq.

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

aperlman@dickinsonwright.com

Counsel for Defendant Church of Scientology International

Jennifer Julia Vaquerano, Esq.

6

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

jvaquerano@dickinsonwright.com

Counsel for Defendant Church of Scientology International

Daniel R. Lazaro, Esq.

Buchanan Ingersoll & Rooney PC

One Biscayne Tower

2 South Biscayne Blvd., Suite 1500

Miami, FL 33131-1822

dan.lazaro@bipc.com

soraya.hamilton@bipc.com

eservice@bipc.com

Counsel for Defendant Church of Scientology International

Justin B. Elegant, Esq.

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

jelegant@bergersingerman.com

Counsel for Defendant Sky Dayton

Michael H. Strub, Jr., Esq. (Pro Hac Vice)

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

mstrub@jmbm.com

Counsel for Defendant Sky Dayton

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

8