UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 26-cv-20389 BLOOM/Elfenbein

BRIAN EVANS,

      Plaintiff, pro se,

  v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL; SKY DAYTON, an
individual; CHURCH OF SCIENTOLOGY
CELEBRITY CENTRE INTERNATIONAL,

      Defendants.

**DEFENDANT SKY DAYTON'S MOTION TO QUASH SERVICE OF PROCESS OF
THE SUMMONS AND COMPLAINT, TO DISMISS THE AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL
JURISDICTION, AND IMPROPER VENUE, AND TO DISMISS THE AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED**

I.    **INTRODUCTION**

Defendant Sky Dayton respectfully submits this motion to quash service of the First

Amended Complaint (the "FAC") by pro se plaintiff Brian Evans ("Plaintiff"), ECF No. [49], and

to dismiss the FAC.  Mr. Dayton makes this Motion on the following grounds:

- The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 because

  Plaintiff does not allege Mr. Dayton's citizenship and has failed to allege any facts

  to support his assertion that the amount in controversy exceeds $75,000.

- The Court should dismiss the FAC because Plaintiff never served either the FAC

  nor the original Summons and his initial Complaint (the "Initial Complaint" or

  "IC")), ECF No. [1], on Mr. Dayton.

80374216

- The Court does not have personal jurisdiction over Mr. Dayton because he is not a resident of the State of Florida, his brief and only interaction with Plaintiff several decades ago was in California, he has not engaged in substantial activity in Florida, and he does not have any significant contact to Florida.

- The Southern District of Florida is not the appropriate venue for this lawsuit because Mr. Dayton does not reside in this judicial district, and none of the events giving rise to the alleged causes of action occurred in Florida.

- Plaintiff has failed to state a claim upon which relief can be granted because each cause of action is undeniably barred by a four-year statute of limitations. Plaintiff's fraudulent inducement cause of action is independently barred by the 12-year statute of repose.

- Plaintiff has not alleged his fraudulent inducement claim with specificity in violation of Federal Rule of Civil Procedure 9(b).

- Plaintiff has not stated a cause of action for conversion because in his Initial Complaint, he admitted that Mr. Dayton did not take any of his property. IC at 9. He cannot contradict his Initial Complaint to avoid a motion to dismiss.

- Plaintiff has not stated a cause of action for intentional infliction of emotional distress ("IIED") because he has not alleged that Mr. Dayton sent him unwanted mail nor that doing so would constitute extreme and outrageous conduct.

- Plaintiff has not stated a cause of action for intrusion upon seclusion because he has not alleged that Mr. Dayton sent him unwanted mail, nor is sending unwanted mail intrusion upon seclusion.

Accordingly, the Court should dismiss the FAC with prejudice.

1

80374216

## II.   PROCEDURAL HISTORY

Plaintiff filed his Initial Complaint on January 21, 2026.  ECF No. [1].  On February 24, 2026, Mr. Dayton filed a motion to quash service and to dismiss the Initial Complaint.  ECF No. [25].  Plaintiff opposed the motion, ECF No. [29], and Mr. Dayton filed a reply, ECF No. [32].  On March 4, 2026, Church of Scientology International ("CSI") filed a motion to dismiss, ECF No. [33], and Plaintiff filed a motion to Substitute Church of Scientology Celebrity Centre International ("CCI") for Doe Defendant No. 1, ECF No. [39].  The Court treated the motion as a request for leave to file an amended complaint, ECF No. [44], and Plaintiff filed his FAC on March 16, 2026, ECF No. [49].  On March 17, 2026, the Court denied as moot Mr. Dayton's initial motion to quash and to dismiss.  ECF No. [53].

## III.   ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff is a serial litigant who has filed a multitude of pro se actions against defendants in numerous different states, including 11 complaints in the last year in this District alone, including the instant lawsuit,[1] and most recently one in Florida state court against the law firm and its individual attorneys who represented co-defendant CSI.[2]

---

[1]   *Evans v. StubHub, Inc.*, No. 0:25-cv-61708-RS (filed 8/25/2025 (dismissed)); *Evans v. Cerberus Capital Management, L.P.*, et al., No. 0:25-cv-62282-AHS (filed 11/10/2025); *Evans v. City National Bank*, 0:25-cv-62656-WPD (filed 12/23/2025); *Evans v. Creative Artists Agency, LLC*, No. 1:25-cv-25484-DPG (filed 11/21/2025); *Evans v. Hampton Beach Casino Ballroom, Inc.*, No. 1:25v-25491-EGT (filed 11/24/2025); *Evans v. Hawaiian Electric Industries, Inc.*, No. 1:26-cv-20024-EAL (filed 1/5/2026); *Evans v. Fitzgerald*, et al., No. 1:26-cv-20342-LFL (filed 1/20/2026); *Evans v. Inter Miami CF, LLC*, No. 0:26-cv-60543-RS (filed 2/26/2026); *Evans v. Signature Resolutions, LLC*, No. 1:26-cv-21451-CMA (filed 3/4/2026), and *Evans v. Signature Resolutions, LLC*, No. 0:26-cv-60779-JMS (filed 3/18/2026).  His amended complaint against Cerberus Capital Management, L.P. was dismissed with prejudice.  ECF No. [102].

[2]   *Evans v. Dickinson Wright PLLC, Alan J. Perlman, and Jennifer Julia Vaquerano*, filed 3/21/2026 in Broward County Circuit Court.

2

In his FAC, to avoid the arguments in Mr. Dayton's first motion to dismiss, Plaintiff has replaced his previous allegations against Mr. Dayton specifically with broad allegations against all "Defendants," indiscriminately blaming all defendants for all of his purported injuries.

In his FAC, Plaintiff alleges that "Defendant Sky Dayton introduced Plaintiff to Scientology-related organizations during the early 1990s while simultaneously representing that Plaintiff would participate in a developing internet venture that later became associated with EarthLink." FAC at 2; *see also id.* at 6.[3] In his Initial Complaint, Plaintiff alleged that his communications with Mr. Dayton were "[b]etween approximately 1989 and 1991." IC at 2. Mr. Dayton was not aware of the Internet in 1991. *See* attached Exhibit 1, Declaration of Sky Dayton ¶ 2. He first learned of the Internet two years later, in 1993. *Id.*

Plaintiff alleges that he "reasonably relied upon those representations and believed that he would participate in that business opportunity." FAC at 2. He does not plead how he relied or what he did in reliance. He says that he "later discovered that these representations were false and that the opportunity had been withheld from him." *Id*. He claims that "Defendants' conduct caused financial harm and emotional distress to Plaintiff," but he does not explain how or why.

Plaintiff further alleges that Mr. "Dayton had introduced him to Scientology organizations and that those organizations had continued to target Plaintiff for recruitment." *Id*. He asserts that after he "declined participation in Scientology," he began receiving "repeated communications from Scientology organizations encouraging participation in programs costing thousands of dollars." *Id.* at 4. He does not allege that Mr. Dayton sent any communications to him or was

---

[3] Under Federal Rule of Civil Procedure 10(b), "[a] party must state its claims or defenses in numbered paragraphs" so that a defendant can respond to each paragraph. Plaintiff's Complaint does not comply with this Rule, which provides an independent basis to dismiss it. *See Echeverry v. Wells Fargo Bank, N.A.*, No. 16-CV-61635, 2016 WL 9347152, at *1 (S.D. Fla. Nov. 29, 2016) ("Complaint should be dismissed … as none of the paragraphs of her Complaint are numbered").

80374216

aware of the mail he says he received.  He alleges that the communications continued for years despite his request that they stop but does not allege that Mr. Dayton sent them.  *Id.*  He also alleges that he received confirmation in November 2025 that Mr. Dayton had introduced him to Scientology and that there was a "coordinated relationship between Defendant Dayton and Scientology organizations," *id.* at 5, but he does not explain what this means or why it is relevant.

In his Initial Complaint, Plaintiff alleged that he owned a valuable 1952 Topps Mickey Mantle rookie card and that:

> [i]n or around 1991, Plaintiff was asked to allow a friend and associate of Sky Dayton named 'Sean' to temporarily take possession of the card for a limited purpose (to show it to family). Plaintiff expressly asked Sky Dayton if this was acceptable.  Dayton approved and expressly told Plaintiff that he would 'take responsibility' and that Plaintiff would get the card back.

IC at 9; *see also id.* at 2 (same allegation).  Mr. Dayton moved to dismiss this cause of action because Plaintiff admitted that Mr. Dayton did not have his card.  Presumably to avoid dismissal Plaintiff conclusory alleges in his FAC that "Defendants obtained possession of this property," and "Defendants refused to return the property."  FAC at 6.  He does not say when, where, how, or why this happened or who supposedly has his card.

Based on the foregoing allegations, Plaintiff has asserted causes of action against all defendants for fraudulent inducement (Count I), conversion (Count II), intentional infliction of emotional distress (Count III), and intrusion upon seclusion (Count IV).  *Id.* at 5-8.  Plaintiff seeks an unspecified amount of compensatory damages, punitive damages, the return or value of the baseball card, and injunctive relief.  *Id.* at 8.

Each and all of these allegations are stitched from whole cloth and absolutely fabricated. His causes of action also are legally untenable.

4

IV.     **ARGUMENT**

A.      **The Court should dismiss the FAC for lack of subject matter jurisdiction**

Plaintiff seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Under section 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."  Diversity jurisdiction is "strictly construed."  *Hill v. Gen. Motors Corp.*, 654 F. Supp. 61, 62 (S.D. Fla. 1987).  "[W]hen federal jurisdiction is invoked based upon diversity, [the allegations] must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).  Plaintiff must allege Mr. Dayton's citizenship, and he does not.  "Citizenship, not residence, is the key fact that must be alleged in the complaint."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  Plaintiff simply alleges that "Defendants reside in other states including California."  FAC at 3.  This is not sufficient to satisfy the Court's diversity jurisdiction.  *See Travaglio*, 735 F.3d at 1269 ("Residence alone is not enough."); *see also Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) ("the plaintiff's complaint must specifically allege each party's citizenship"); *Albert v. Discover Bank*, No. 1:23-CV-1530-MLB, 2023 WL 9851023, at *1 (N.D. Ga. May 4, 2023) ("Nor is it enough to plead Defendant is not a citizen of Plaintiff's home state (as opposed to affirmatively identifying the states of which Defendant is a citizen)"); *Evans v. Signature Resol.*, No. 1:26-cv-21451-CMA, ECF No. [17] at 3 (dismissing Plaintiff's complaint against Signature Resolution, LLC because Plaintiff failed after three attempts to properly allege diversity jurisdiction).

This Court also lacks diversity jurisdiction because Plaintiff has not alleged how his FAC satisfies the amount in controversy requirement.  Plaintiff does no more than allege that the amount

5

80374216

in controversy exceeds $75,000 without any supporting facts.  *See* FAC at 2.  "A conclusional statement that the jurisdictional amount has been satisfied without any allegation of supporting facts is insufficient to demonstrate that the amount in controversy has been satisfied." *Privitola v. Election Sys. & Software LLC*, No. 1:16-CV-314-MP-GRJ, 2016 WL 10906451, at *3 n.4 (N.D. Fla. Oct. 19, 2016); *see also Velasquez v. Home Depot U.S.A.*, No. 209CV120FTMUADNF, 2009 WL 10670205, at *1 (M.D. Fla. Apr. 15, 2009) (conclusory allegation that the amount in controversy is satisfied is insufficient).

**B.      The Court should dismiss the FAC because Plaintiff never served either the Initial Complaint nor the FAC on Mr. Dayton**

"[A] pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."  Fed. R. Civ. P. 5(a)(2); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 618CV1738ORL37DCI, 2019 WL 5294822, at *2 (M.D. Fla. May 7, 2019) (amended complaint that asserts new claim for relief must be served under Rule 4). Plaintiff asserted his intrusion upon seclusion claim in his Initial Complaint only against CSI.  *See* IC at 14-15.  In his Amended Complaint, he alleges that cause of action against Mr. Dayton as well.  FAC at 7-8.  Plaintiff did not serve his FAC under Rule 4.  Declaration of Sky Dayton ¶ 9. Therefore, his FAC should be dismissed.

Moreover, Plaintiff never properly served Mr. Dayton with the Initial Complaint, and Mr. Dayton filed a motion to quash service.  ECF No. [25].  If a defendant was never properly served and filed a motion to quash, Federal Rule of Civil Procedure 4 applies, not Rule 5, and service through ECF is ineffective.  *See RKR Motors, Inc. v. Perez*, No. 23-60819-CIV, 2024 WL 5681606, at *1 (S.D. Fla. Oct. 30, 2024) ("After a defendant has been properly served with the original complaint under Rule 4, Rule 5 governs the method of serving subsequent pleadings, motions, and other papers on parties during the litigation"); *Cutchins v. Lowe's Co., Inc.*, No. CV

6

23-355 (MAS) (RLS), 2025 WL 360577, at *2 (D.N.J. Jan. 28, 2025) ("Rule 5, however, only applies to an amended complaint when the defendant was properly served with the initial summons and complaint under Rule 4").

"When a defendant challenges service of process, the burden is on the plaintiff to establish its validity." *Dish Network L.L.C. v. Reich*, No. 9:20-CV-80088, 2020 WL 2308318, at *2 (S.D. Fla. May 8, 2020). Plaintiff filed a proof of service of the Summons that states that the Summons was served "on CSC, who is designated by law to accept service of process on behalf of Sky Dayton at 251 Little Falls Dr, Wilmington, DE 19808 on 2/03/2026 at 8:04 AM." ECF No. [14]. This is false. A process server delivered the Summons to CSC, but CSC rejected it because CSC is not Mr. Dayton's agent for service of process. *See* Exs. 2, 3. CSC never sent the Summons to Mr. Dayton, and he never received it in any other way from CSC. Dayton Decl. ¶ 3.

Federal Rule of Civil Procedure 4(e) governs service upon individuals within a judicial district of the United States. *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005). Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served by following state law for serving a summons in the jurisdiction where the Court is located or where service is made.

Under Florida law, "[s]tatutes governing service of process should be strictly construed." *Sunseeker Int'l Ltd. v. Devers*, 50 So. 3d 715, 717 (Fla. 4th DCA 2010). For individuals, service "of original process is made by delivering a copy of it to the person to be served with a copy of the complaint … or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat.

7

§ 48.031(1)(a).   Plaintiff never delivered a copy of the Summons and Initial Complaint to Mr. Dayton's residence.   Dayton Decl. ¶ 4.[4]

Under Federal Rule of Civil Procedure 4(e)(2), service also can be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's home, or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."   Plaintiff did not deliver the Summons and Initial Complaint to Mr. Dayton personally, did not leave a copy of them at Mr. Dayton's home, and as discussed above, did not deliver them to an agent for service of process for Mr. Dayton. Dayton Decl. ¶¶ 4, 5.   Accordingly, the Court should dismiss the FAC.

### C.   The Court does not have personal jurisdiction over Mr. Dayton

#### 1.   Jurisdictional inquiry

The Court should also dismiss the FAC because the Court lacks personal jurisdiction over Mr. Dayton.   "The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant."   *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002).   "When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'"   *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citation omitted).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists [over a non-resident defendant]: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the

---

[4]   Section 48.031(2)(a) may permit substitute service on a defendant's spouse, but Plaintiff did not do that either.   Dayton Decl. ¶ 4

80374216

Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

### 2. The Court lacks personal jurisdiction under Florida's long-arm statute

Florida's long-arm statute is codified in section 48.193 of the Florida Statutes, and it "must be strictly construed." *MPS Ent., LLC v. Headrush Apparel, Inc.*, No. 12-CIV-23364, 2013 WL 5446543, at *4 (S.D. Fla. Sept. 30, 2013). A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways. First, a Florida court can have specific personal jurisdiction "for any cause of action arising from … [c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). "Florida courts have interpreted Fla. Stat. § 48.193(1) to require 'connexity,' meaning 'a causal connection between the defendant's activities in Florida and the plaintiff's cause of action.'" *Sarmiento Lopez v. CMI Leisure Mgmt.*, Inc., 591 F. Supp. 3d 1232, 1240 (S.D. Fla. 2022).

"The wording of section 48.193(1)(b) links jurisdiction to the 'arising' of a cause of action from a defendant's commission of tortious acts in Florida. This language necessarily focuses analysis not on where a plaintiff ultimately felt damages, but where a defendant's tortious conduct occurred." *Metnick & Levy, P.A. v. Seuling*, 123 So. 3d 639, 645 (Fla. 4th DCA 2013); s*ee also Arch Aluminum & Glass Co. v. Haney,* 964 So. 2d 228, 232 (Fla. 4th DCA 2007) (section 48.193(1)(b) does not apply merely because a Florida resident suffers damages"); *Freedom Sav. & Loan Ass'n v. Ormandy & Assocs., Inc.*, 479 So. 2d 316, 317 (Fla. 5th DCA 1985) (Florida court did not have jurisdiction over Pennsylvania resident who instructed his Pennsylvania bank to withdraw letter of credit in favor of Florida bank that a Florida resident used to obtain a loan).

The sole basis on which Plaintiff asserts jurisdiction over Mr. Dayton is that Plaintiff suffered damages in Florida. *See* FAC at 3 ("Personal jurisdiction exists because Defendants

9

committed tortious acts directed toward a Florida resident"). Even if these allegations were true, they are insufficient to establish jurisdiction over Mr. Dayton under section 48.193(1)(a). Mr. Dayton has never met, spoken to, or personally interacted with Plaintiff while either of them were in Florida. Dayton Decl. ¶ 6. Mr. Dayton met Plaintiff briefly in early 1991 when Plaintiff was a patron at Cafe Mocha on Melrose Avenue in Los Angeles, California, which Mr. Dayton co-owned. Dayton Decl. ¶ 7. Mr. Dayton has not communicated nor interacted with Plaintiff since 1991. Dayton Decl. ¶ 7. Therefore, the Complaint does not allege facts that would establish that the Court has specific jurisdiction over Mr. Dayton under Florida's long-arm statute.

Second, Florida courts may exercise general jurisdiction over a defendant for conduct that may not have taken place in Florida if the defendant engages in "substantial and not isolated activity" in Florida. Fla. Stat. § 48.193(2); *Alston v. www.calculator.com*, 476 F. Supp. 3d 1295, 1311 (S.D. Fla. 2020). Plaintiff has not alleged a basis for the Court to exercise general jurisdiction over Mr. Dayton, and no such basis exists. Mr. Dayton does not have any substantial contact with Florida. He is not a resident of Florida. Dayton Decl. ¶ 8. He has never lived in Florida, and he has never owned property in Florida or any businesses in Florida. Dayton Decl. ¶ 8. Therefore, the Court lacks general jurisdiction over Mr. Dayton under Florida's long-arm statute.[5]

---

[5] Plaintiff cites *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1216 (Fla. 2010), FAC at 3, but that case held that "[a] nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida." Plaintiff does not allege that Mr. Dayton posted defamatory statements about him. He also cites *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013), FAC at 3, which held that a defendant's sale of counterfeit goods in Florida through his website was a tortious act in Florida subjecting him to personal jurisdiction there under Florida's long-arm statute. Plaintiff does not accuse Mr. Dayton of doing this.

10

### 3. Exercising jurisdiction over Mr. Dayton would violate due process

The lack of jurisdiction over Mr. Dayton under Florida's long-arm statute is a sufficient basis to dismiss the Complaint for lack of jurisdiction. But exercising jurisdiction over Mr. Dayton also would violate his rights under the Due Process Clause of the Fourteenth Amendment.

"The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants." *Kulko v. Superior Ct.*, 436 U.S. 84, 91 (1978). "[A] state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The minimum contacts requirement "protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id*. at 292.

"[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' 'Jurisdiction is proper … where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.'" *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109 (1987) (citations omitted; emphasis in original). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.' They must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted).

11

80374216

Plaintiff's FAC does not satisfy the Due Process Clause for the same reason it does not satisfy Florida's long-arm statute: Plaintiff's allegation that "Plaintiff resides" in Florida and "the harm occurred" in Florida, FAC at 3, is not sufficient because Plaintiff, not Mr. Dayton, created the alleged tie to Florida. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 ("jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State"). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Contacts with a state do not constitute "purposeful availment" if the plaintiff created that contact. *See Elite Aluminum Corp. v. Trout*, 451 F. Supp. 2d 1311, 1316-17 (S.D. Fla. 2006). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285.[6]

In this case, Plaintiff does not allege that Mr. Dayton did anything to him while he was in Florida or that any of the claims on which he bases his causes of action arose out of anything that happened in Florida. This Court, therefore, does not have personal jurisdiction over Mr. Dayton.

**D.      Dismissal is warranted because this District is not the proper venue**

This lawsuit also should be dismissed because the venue is improper. The alleged conduct occurred in California. There are no allegations of any nexus to the Southern District of Florida other than the allegation that Defendants "directed communications and conduct toward Plaintiff in Florida." FAC at 3. That is not a legitimate basis for venue. Under section 1391(b) of title 28:

> (b) Venue in General.—A civil action may be brought in—

---

[6]      Plaintiff relies on *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008), FAC at 3, but in that case, the court held that Florida had personal jurisdiction over a defendant who created a website accessible in Florida that infringed the plaintiff's trademarks, which has no relevance here.

12

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Texas*, 571 U.S. 49, 56 (2013).

Again, Mr. Dayton does not reside in Florida.  Dayton Decl. ¶ 8.  None of the events alleged in the Complaint occurred in Florida.  Dayton Decl. ¶¶ 6, 7.  Therefore, venue here is improper.

**E.** **Plaintiff has failed to state a claim upon which relief can be granted**

**1.** **Plaintiff's claims are barred by the statute of limitations, and his fraud claim is barred by the statute of repose**

"A district court may properly dismiss a complaint for failure to state a claim if it is apparent from the face of the complaint that the applicable statute of limitations bars the claim." *Chevaldina v. Ctr. For Individual Rts.*, No. 22-11901, 2024 WL 49695, at *1 (11th Cir. Jan. 4, 2024); *see also Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 560 F. Supp. 2d 1221, 1229 (M.D. Fla. 2008) ("A defendant may raise a statute of limitations defense in a motion to dismiss for failure to state a claim 'when the complaint shows on its face that the limitation period has run.'") (citation omitted); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations … show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal

13

for failure to state a claim[.]").  Here, Plaintiff's own allegations establish that his claims are untimely by decades.

Each of the causes of action in the FAC is governed by a four-year statute of limitations. *See* Fla. Stat. § 95.11(3); *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1213 (Fla. 4th DCA 2005) (fraud); *Bove v. PBW Stock Exch., Inc.*, 382 So. 2d 450, 452 (Fla. 2d DCA 1980) (conversion); *W.D. v. Archdiocese of Miami, Inc.*, 197 So. 3d 584, 587 (Fla. 4th DCA 2016) (emotional distress); *Heekin v. CBS Broad., Inc.*, 789 So. 2d 355, 358 (Fla. 2d DCA 2001) (intrusion upon seclusion). Plaintiff alleges that he was harmed by Mr. Dayton "during the early 1990s."  FAC at 2.  That was at least ***35 years ago***.  Plaintiff does not allege that Mr. Dayton did anything to him since "the early 1990s," and Mr. Dayton has had no interaction with Plaintiff since that time.  Dayton Decl. ¶ 7.

Plaintiff alleges that the statute of limitations should be tolled because he "did not discover the coordinated relationship among Defendants until November 2025 when documentary communications confirmed the connection between Dayton and Scientology organizations contacting Plaintiff."  FAC at 3; *see also* FAC at 5 (same).  This is conclusory and unintelligible. There are no facts alleged regarding the "coordinated" activity Plaintiff alleges occurred, and no basis for the conclusion that discovery of so-called "coordination" would toll the statute of limitations by over 30 years.  The decision in *Rotella v. Wood*, 528 U.S. 549, 558 (2000), which Plaintiff cites, FAC at 5, does not support his position, as the Court held that the limitations period would ***not*** be tolled based on delayed discovery of coordinated activity in the context of a RICO claim.

Plaintiff also claims that "Defendants concealed their coordinated actions for decades." FAC at 5.  However, conclusory, vague allegations that defendants concealed their actions are not sufficient to toll the statute of limitations.  *See Kennedy v. Fla. Dep't of Corr. Sec'y*, No.

14

3:17CV020-MCR/CAS, 2018 WL 2392851, at *4 (N.D. Fla. Jan. 17, 2018), *report and recommendation adopted*, No. 3:17CV020-MCR/CAS, 2018 WL 2392537 (N.D. Fla. May 25, 2018); *see also Sararo v. U.S. Bank Nat'l, Ass'n*, No. 2:11-CV-31-FTM-36DNF, 2011 WL 13294636, at *2 (M.D. Fla. Dec. 15, 2011) ("Plaintiffs' allegation is conclusory and does not demonstrate why they should be permitted to toll the statute of limitations for their fraud claim").

And, again, Plaintiff's assertion makes no sense. There are no factual allegations regarding how Defendants concealed that Plaintiff no longer had his baseball card or that he was not getting an opportunity to participate in an Internet company. It also is not plausible to believe that it took Plaintiff over 35 years to realize that he had not been given an opportunity to participate in developing Mr. Dayton's Internet venture or that his baseball card was missing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Finally, Plaintiff already admitted in his Initial Complaint that he was aware of his injury in 1991, so the discovery rule does not apply. *See Lupola v. Lupola*, 179 So. 3d 497, 500 (Fla. 1st DCA 2015) (despite her claim that ex-husband prevented her from filing a lawsuit for injuries in boating accident, equitable tolling did not apply because plaintiff was aware that she was injured). In his Initial Complaint, Plaintiff admits that in 1991, Mr. "Dayton ceased communication with Plaintiff, withdrew all promised involvement in EarthLink, refused to discuss repayment of money lent, refused to address the return of Plaintiff's personal property, and ignored Plaintiff entirely." IC at 3. Although Plaintiff omits this allegation from his FAC, he is bound by it. "[A] plaintiff may not directly contradict the facts set forth in an original complaint in an 'transparent attempt ... to amend his pleading[s] in order to avoid a dispositive defense' raised by a defendant and where the amended complaint directly contradicts the original complaint." *Rubinstein v. Keshet Inter*

15

*Vivos Tr.*, No. 17-61019-CIV, 2018 WL 8899230, at \*5 (S.D. Fla. Oct. 17, 2018), *report and recommendation adopted*, No. 17-61019-CIV, 2018 WL 8899004 (S.D. Fla. Nov. 15, 2018); *see also Castillo v. Fisher Island Club, Inc.*, No. 20-24504-CV, 2021 WL 12313359, at \*2 (S.D. Fla. Aug. 2, 2021) (plaintiff cannot contradict original complaint to avoid motion to dismiss).

A plaintiff who is fully aware of the defendant's wrongdoing and aware that he is harmed cannot invoke delayed discovery to resurrect time-barred claims decades later. *Lupola*, 179 So. 3d at 500; *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1433 (11th Cir. 1997) ("discovery of the injury and its cause—and not the realization that a cause of action exists—marks the date the limitations period starts running").

### 2. The statute of repose independently bars Plaintiff's fraudulent inducement cause of action

Independent of the statute of limitations, Plaintiff's fraudulent inducement cause of action (Count I) is extinguished by Florida's statute of repose. A fraud action "must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." Fla. Stat. § 95.031(2). "If the 'commission of the alleged fraud' does not take place within the statute of repose period, then the fraud claim is extinguished." *Hess v. Philip Morris USA, Inc.*, 175 So. 3d 687, 696 (Fla. 2015). Here, Plaintiff alleges that the fraudulent inducement incurred in the early 1990's. FAC at 2. The twelve-year repose period therefore expired over 20 years before Plaintiff filed this lawsuit. "There is no tolling provision for the fraud statute of repose." *Hess*, 175 So. 3d at 696.

### 3. Plaintiff has failed to state a cause of action for fraudulent inducement against Mr. Dayton

Plaintiff's alleged claim for fraudulent inducement should also be dismissed. Under Federal Rule of Civil Procedure 9(b), to state a claim for fraudulent inducement, Plaintiff must allege "(1) precisely what statements were made in what documents or oral representations or what

16

omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001). "Simply put, Plaintiffs alleging fraud must plead 'the who, what, when, and where [of the fraud] before access to the discovery process is granted.'" *Nationwide Advantage Mortg. Co. v. Fed. Guar. Mortg. Co.*, No. 09-20372-CIV, 2010 WL 2652496, at *3 (S.D. Fla. Feb. 26, 2010). Although Plaintiff cites *Ziemba*, FAC at 6, he fails to allege specific facts in support of any of the elements that he is required to allege under that case. *See* FAC at 6. Therefore, Plaintiff's fraudulent inducement claim should be dismissed.

### 4.   Plaintiff has failed to state a cause of action for conversion because he admitted that Mr. Dayton never had his property

The tort of conversion "constitutes the exercise of wrongful dominion and control over [ ] property to the detriment of the rights of its actual owner." *Envases Venezolanos, S.A. v. Collazo*, 559 So. 2d 651, 652 (Fla. 3d DCA 1990); *see also Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970) ("conversion is defined as an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it"). "If defendant does not have possession of goods when the demand is made, failure to comply with it does not constitute a conversion." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1277 (M.D. Fla. 2003) (citation omitted), *aff'd*, 419 F.3d 1208 (11th Cir. 2005); *Robinson v. Hartridge*, 13 Fla. 501, 515 (1869) (a demand for return of property does not state a claim for conversion "if the failure to comply is explained by a want of possession"); Elements of the prima facie case of conversion, 21 Fla. Prac., *Elements of an Action* § 803:1 (2025-2026 ed.) (under Florida law, "refusal to surrender an item upon demand is not a conversion if the person upon whom the demand is made does not have possession of the

17

item at the time of the demand"); Restatement (Second) of Torts § 237 (1965) cmt. f ("The refusal to surrender a chattel upon demand is not a conversion if the person upon whom the demand is made does not have possession of the chattel at the time of the demand.").

In his Initial Complaint, Plaintiff alleged that "Plaintiff was asked to allow a friend and associate of Sky Dayton named 'Sean' to temporarily take possession of" his "1952 Topps Mickey Mantle rookie card in mint condition" and that Mr. Dayton told Plaintiff that he would take responsibility and that Plaintiff would get the card back.  IC at 9.  Plaintiff did not allege that Mr. Dayton has, or ever had, possession of the card.

In his FAC, Plaintiff contradicts his Initial Complaint and alleges that "Defendants obtained possession of this property through their relationship with Plaintiff."  FAC at 6.  Plaintiff does not explain how Mr. Dayton, CSI, or CCI individually or collectively obtained possession of his baseball card.  His allegation contradicts the allegation in the Initial Complaint and should be rejected.  *See* Part IV.E.1.

Moreover, to survive a motion to dismiss, Plaintiff must "do more than recite elements of a cause of action or state legal conclusions."  *Driessen v. Fla. Dep't of Educ. Off. of Student Fin. Assistance State Scholarship & Grant Programs*, No. 12-23697-CIV, 2013 WL 12106068, at *2 (S.D. Fla. July 16, 2013), *report and recommendation adopted sub nom. In re Driessen v. Fla. Dep't of Educ.*, No. 12-23697-CIV, 2013 WL 12106181 (S.D. Fla. Aug. 2, 2013); *see also N. River Ins. Co. v. Hillstone Rest. Grp., Inc.*, No. 24-23711-CV, 2024 WL 6967166, at *2 (S.D. Fla. Nov. 22, 2024) ("given that Plaintiff's negligence allegations merely recite legal conclusions and vague assertions, the Complaint must be dismissed for failure to state a claim").  Here, Plaintiff merely recites the conclusion that "Defendants obtained possession of this property," that "Plaintiff demanded the return of the card," and that "Defendants refused to return the property."  FAC at 6.

80374216

He does not say who took his card nor does he explain when, how, where, or why this happened. His conclusory allegations are insufficient to survive a motion to dismiss.  *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims"); *Ali v. RWS & Assocs. Ent., Inc.*, No. 23-61456-CIV, 2024 WL 6886406, at *3 (S.D. Fla. May 24, 2024) (dismissing complaint that cruise line had improper procedures where there was no explanation as to how they were deficient).

### F.      Plaintiff has not stated a claim for IIED

Plaintiff alleges that he suffered emotional distress because "Defendants engaged in extreme and outrageous conduct by repeatedly contacting Plaintiff with unwanted recruitment communications encouraging participation in Scientology programs."  FAC at 7.  Plaintiff does not allege a single communication Mr. Dayton personally sent or of which he was aware.

Moreover, "[t]o state a cause of action for intentional infliction of emotional distress, a complaint must allege "outrageous conduct."  *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 594 (Fla. 2d DCA 2007).  "Whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law, not a question of fact."  *Id.* at 595.  As a matter of law, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency."  *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 279 (Fla. 1985); *see e.g.*, *Williams v. Worldwide Flight SVCS., Inc.,* 877 So. 2d 869, 870 (Fla. 3d DCA 2004) (overtly racially derogatory statements and actions insufficient); *De La Campa v. Grifols Am., Inc.*, 819 So. 2d 940, 944 (Fla. 3d DCA 2002) (allegations of severe and pervasive sexual harassment, including derogatory comments about the plaintiff's sexual orientation insufficient).  *Compare with Nims v. Harrison*, 768 So. 2d 1198, 1199 (Fla. 1st DCA 2000) (allegations that involved death

80374216

threats and threats to rape the plaintiff's children and other family relatives were sufficient). Sending unwanted mail is not "outrageous conduct" sufficient to state a cause of action for IIED.

### G. Plaintiff has not stated a claim for intrusion upon seclusion

Plaintiff's cause of action for intrusion upon seclusion is based on the same allegation as his IIED cause of action: "sending unwanted recruitment communications." FAC at 7. Again, Plaintiff does not allege that Mr. Dayton sent a single communication to him.

In addition, "unsolicited mailings are generally not considered intrusions upon one's seclusion." *Heres v. Medicredit, Inc.*, No. 23-CV-24815, 2024 WL 3291738, at *11 (S.D. Fla. July 3, 2024) (granting motion to dismiss); *Valiente v. Palm Beach Credit Adjustors, Inc.*, No. 25-CV-20858-RAR, 2025 WL 3724704, at *8 (S.D. Fla. Dec. 24, 2025) ("Plaintiff fails to cite any cases where the receipt of an unwanted letter has been held to constitute an intrusion upon seclusion").

### V. CONCLUSION

Defendant Sky Dayton respectfully requests the entry of an Order dismissing the First Amended Complaint with prejudice and granting such added relief as deemed appropriate.

### CERTIFICATE OF CONFERRAL

Undersigned counsel has conferred with all parties or non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised therein and has been unable to do so.

Dated: March 27, 2026.                    Respectfully submitted,

**BERGER SINGERMAN LLP**
*Co-Counsel for Defendant Sky Dayton*
1450 Brickell Avenue
Suite 1900
Miami, Florida 33131

20

80374216

Tel.: (305) 755-9500

By: */s/ Justin B. Elegant* _____
Justin B. Elegant
Florida Bar No. 0134597
jelegant@bergersingerman.com
drt@bergersingerman.com
aromig@bergersingerman.com

**JEFFER MANGELS & MITCHELL LLP**
*Co-Counsel for Defendant Sky Dayton*
3 Park Plaza
Suite 1100
Irvine, California 92614
Tel.: (949) 623-7200

By: */s/ Michael H. Strub, Jr.* ___
Michael H. Strub, Jr.
*(admitted pro hac vice)*
mstrub@jeffer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2026, a true and correct copy of the foregoing was served by U.S. Mail on pro se Plaintiff Brian Evans (at 2080 South Ocean Drive, Apt. 1505, Hallandale Beach, Florida 33009) and upon all other registered parties and counsel via the Court's CM/ECF System.

>                        */s/ Justin B. Elegant*
>                          Justin B. Elegant

.

21

80374216