**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

Case No. 26-cv-20389-BB

FILED BY _____ D.C.

MAR 30 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

BRIAN EVANS,

Plaintiff, pro se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL;

SKY DAYTON, an individual;

CHURCH OF SCIENTOLOGY CELEBRITY CENTRE INTERNATIONAL,

Defendants.

**PLAINTIFF'S REPLY TO CO-DEFENDANT SKY DAYTON'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE, SEAL, AND FOR SANCTIONS AS TO FALSE AND DEFAMATORY STATEMENTS MISCHARACTERIZING PLAINTIFF AS A "CONVICTED FELON"**

Plaintiff Brian Evans, proceeding pro se, respectfully submits this Reply in support of his Motion to Strike, Seal, and for Sanctions as to false and defamatory statements mischaracterizing

1

Plaintiff as a "convicted felon," and in response to Defendant Sky Dayton's Opposition, ECF No. 63.

## INTRODUCTION

Defendant Sky Dayton's Opposition does not dispute the core issue before this Court: false and highly prejudicial statements were placed into the public record of this case accusing Plaintiff of being a "convicted felon" and "incarcerated," and those statements remain publicly accessible. That is the issue. That remains the issue. And Sky Dayton's Opposition does nothing to justify leaving those false accusations in the docket.

Instead, Sky Dayton takes the position that because he and his own counsel did not personally file the offending language, he should face no relief. But that is not a substantive defense to Plaintiff's Motion. It is an attempted technical escape from a serious problem in the record. If Sky Dayton truly believed those statements were improper—and they are—then the proper response would have been to support striking and sealing them, not to oppose relief while simultaneously disclaiming authorship.

That contradiction is telling. Sky Dayton does not deny that the statements are false. He does not deny that they are prejudicial. He does not argue that they are relevant to any issue properly before the Court. He simply says, in effect, "It wasn't me, but I oppose removing it anyway." That is not a legitimate litigation position. It is an attempt to preserve the benefit of false and inflammatory matter while evading responsibility for it.

Because the statements are false, scandalous, immaterial, and prejudicial, and because Sky Dayton's Opposition does not provide any lawful basis to keep them in the public record, Plaintiff's Motion should be granted.

2

**ARGUMENT**

## I. SKY DAYTON'S OPPOSITION CONFIRMS THAT THE FALSE "CONVICTED FELON" AND "INCARCERATED" STATEMENTS ARE NOT DEFENSIBLE

Sky Dayton's Opposition does not defend the statements at issue. It does not contend that Plaintiff is, in fact, a convicted felon. It does not contend that Plaintiff is incarcerated. It does not argue that the offending accusations were accurate, fair, relevant, or appropriate. That silence matters.

Instead, Sky Dayton merely asserts that he "did not file any papers accusing Plaintiff of being a convicted felon" and that he opposes relief "as a precaution." That is not a substantive rebuttal to Plaintiff's Motion. If anything, it underscores Plaintiff's point: even the Defendant opposing the Motion does not defend the falsehood itself.

That should end the matter. False criminal accusations have no place in the public docket of a civil action, especially where they are irrelevant to the pending issues and plainly prejudicial. Sky Dayton's refusal to defend the statement confirms that it is indefensible.

## II. SKY DAYTON'S POSITION IS INTERNALLY CONTRADICTORY AND LEGALLY EMPTY

Sky Dayton's filing is internally contradictory. On the one hand, he attempts to distance himself from the false and defamatory accusations. On the other hand, he affirmatively opposes the Motion seeking to strike and seal them. Those two positions do not logically coexist.

If the statements are false—and they are—then no legitimate party should want them to remain in the record. If they are not attributable to Sky Dayton, then he loses nothing by their removal.

3

But instead of supporting a straightforward correction of the docket, Sky Dayton chose to oppose the Motion anyway. That reveals what this Opposition really is: not a good-faith dispute over law or fact, but a tactical effort to preserve false and damaging material in the record because it is useful to the defense atmosphere of the case.

That is precisely why the Court should reject it.

## III. THE COURT'S AUTHORITY TO STRIKE OR SEAL FALSE AND SCANDALOUS MATTER DOES NOT DEPEND ON WHICH DEFENSE LAWYER FILED IT

Sky Dayton's Opposition wrongly treats Plaintiff's Motion as though it rises or falls based on which particular lawyer typed the offending words. That is not the law, and it is not the point of the Motion.

Plaintiff's Motion addresses the integrity of the record in this case. The false "convicted felon" and "incarcerated" accusations were placed into the docket of this action, where they remain publicly accessible and prejudicial. The Court's authority to strike improper matter and protect the fairness of proceedings is not defeated simply because co-defendants now want to point fingers at one another over authorship.

The issue is not who wants to disclaim it now. The issue is whether this Court should permit demonstrably false and scandalous accusations to remain embedded in the public record of a federal civil action. The answer should be no.

## IV. THE STATEMENTS ARE FALSE, PRESENTED IN A HIGHLY PREJUDICIAL MANNER, AND SERVE NO LEGITIMATE LITIGATION PURPOSE

The statements at issue were not merely misleading in passing. They were framed as though they described Plaintiff in the present, not some historical or contextual matter. That distinction matters enormously. A present-tense accusation that a litigant is a "convicted felon" and "incarcerated" is profoundly inflammatory and invites exactly the kind of reputational and judicial prejudice that motions to strike and seal are designed to prevent.

Sky Dayton's Opposition does not even attempt to explain how those accusations are relevant to any Rule 12 issue, any jurisdictional issue, any service issue, or any merits issue in this case. That is because they are not relevant. They are gratuitous. Their purpose is obvious: to paint Plaintiff as disreputable and to poison the atmosphere of the litigation.

That is improper, and the Court should not permit it.

## V. SKY DAYTON CANNOT DISCLAIM RESPONSIBILITY FOR THE FALSEHOOD WHILE OPPOSING ITS REMOVAL

Sky Dayton's position is not just weak—it is fundamentally inequitable. He wants the Court to believe he bears no responsibility because his own counsel did not file the statement. But at the same time, he wants to keep the benefit of that falsehood in the record by opposing the Motion that seeks to remove it. He cannot have it both ways.

If Sky Dayton truly wished to distance himself from the defamatory material, he would have filed a notice disavowing it and supporting its removal. He did not do that. Instead, he filed an Opposition that offers the Court no justification for preserving the false accusations, while still urging denial of relief. That is not a position grounded in fairness or law. It is gamesmanship.

The Court should not reward it.

5

## VI. THE COURT SHOULD GRANT PLAINTIFF'S MOTION NOTWITHSTANDING SKY DAYTON'S OPPOSITION

Because Sky Dayton does not defend the truth, relevance, or propriety of the statements at issue, his Opposition supplies no valid reason to deny Plaintiff's Motion. At most, his filing may suggest that sanctions, if awarded, should be directed to the proper responsible party or parties. Plaintiff has no objection to the Court tailoring relief appropriately. But that is not a reason to deny the Motion itself.

The central point remains unchanged and undisputed: false and defamatory statements accusing Plaintiff of being a "convicted felon" and "incarcerated" were placed into the public record of this case and remain there without any legitimate basis. That is sufficient reason for this Court to strike, seal, and otherwise remedy the harm.

The Plaintiff is not a convicted and incarcerated felon. This present-tense motion was meant to do nothing more than defame the Plaintiff, and it's a telling tactic that should be considered as to how the Defendants litigate.

The motion is question clearly states that the Plaintiff is a convicted and incarcerated felon, present tense, with a footnote that admits that even they did not know if that was true.

The problem is not merely that false material was filed. The problem is that Co-Defendant Dayton is willing to place false or misleading matter into the record when they believe it may help them procedurally, and then defend its continued presence once challenged knowing it is false. It is Dayton's position that false statements can remain in the public record so long as the particular lawyer opposing the motion was not the one who typed them. It applies to everything these Defendants file in terms of intent - to support false claims before this Honorable Court.

6

Plaintiff states emphatically that it is not the first time they have done so, nor will it likely be the last.

Having expressly disclaimed authorship of the challenged accusations (which Plaintiff did not allege he personally authored), Mr. Dayton identifies no cognizable prejudice he would suffer from their removal or sealing. His Opposition therefore confirms that his position is not grounded in truth, relevance, or fairness, but in preserving false and inflammatory matter in the public record where he believes it may provide strategic benefit. That is precisely the type of conduct alleged in Plaintiff's Complaint—namely, the use of misleading or deceptive tactics where advantageous, followed by disavowal when challenged. This Opposition is consistent with that pattern. It is, in effect, an attempt to benefit from a false statement while avoiding responsibility for it. That is not merely contradictory; it directly undermines the credibility of Mr. Dayton's litigation position before this Court. The accusations serve no legitimate litigation purpose, and denial of relief would serve no purpose other than preserving demonstrably false and prejudicial matter in the docket.

Plaintiff attaches **Exhibit A** – Sworn Affidavit.

Plaintiff also attaches **Exhibit B**, which provides publicly reported and judicially documented historical context relevant to the type of reputational and litigation-related conduct at issue here. Plaintiff's claims against Defendant Sky Dayton and the Scientology Defendants have nothing whatsoever to do with religion; they concern conduct. Exhibit B is offered to show that the conduct reflected in this case is not reasonably viewed in isolation. Here, Defendants have chosen to oppose the removal of statements they do not defend as true, thereby preserving false and inflammatory material in the public record despite disclaiming responsibility for it. That

decision reflects alignment among Defendants and a shared willingness to maintain false accusations where perceived to provide strategic benefit. If anything confirms that this is not an isolated litigation choice but a coordinated posture, it is the very Opposition Plaintiff is now required to address.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Motion, Plaintiff respectfully requests that this Court:

1. GRANT Plaintiff's Motion to Strike, Seal, and for Sanctions;

2. STRIKE the false and defamatory statements mischaracterizing Plaintiff as a "convicted felon" and "incarcerated" from the record to the fullest extent permitted;

3. SEAL the offending material and any related portions of the docket necessary to prevent continued dissemination of those false accusations;

4. AWARD sanctions or other appropriate relief against the responsible party or parties as the Court deems just and proper; and

5. Grant such other and further relief as the Court deems appropriate to protect the integrity of these proceedings and prevent ongoing prejudice to Plaintiff.

Respectfully submitted,

Brian Evans

March 30, 2026

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on

March 30, 2026, upon all counsel of record as follows:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd

Suite 1750

Ft. Lauderdale, FL 33301

aperlman@dickinsonwright.com,

Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd

9

Suite 1500

Miami, FL 33131

dan.lazaro@bipc.com,


Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 E Las Olas Blvd #1750

Fort Lauderdale, FL 33301

jvaquerano@dickinson-wright.com,


Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Ste. 1900

Miami, FL 33131

jelegant@bergersingerman.com,

Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP


10

3 Park Plaza Ste 1100

Irvine, CA 92614

MStrub@jmbm.com

Pro Hac Vice / Attorney to Be Noticed

Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

Plaintiff, pro se