# EXHIBIT A

# Sworn Affidavit by Brian Evans

1

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

Case No. 26-cv-20389-BB

BRIAN EVANS,

Plaintiff, pro se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL;

SKY DAYTON, an individual;

CHURCH OF SCIENTOLOGY CELEBRITY CENTRE INTERNATIONAL,

Defendants.

**EXHIBIT A**

**SWORN DECLARATION OF BRIAN EVANS**

1

2

I, Brian Evans, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Brian Evans. I am the Plaintiff in this action and I have personal knowledge of the matters stated herein.

2. I am competent to make this declaration.

3. I am not presently a convicted felon.

4. I am not presently incarcerated.

5. Any statement or implication in the public record of this case suggesting that I am presently a "convicted felon" or presently "incarcerated" is false.

6. The challenged filing in this case presented those accusations in the present tense, creating the false impression that I currently hold such status, which I do not.

7. To my knowledge, Defendants had no verified current basis to publicly file those accusations as present fact in this case.

8. The challenged filing itself included a footnote indicating that Defendants did not know whether what they were saying was true at the time they placed those accusations into the public record.

9. Since those accusations were filed publicly in this action, secondary websites and third-party internet sources have indexed or republished information derived from public docket materials, causing ongoing reputational harm.

3

10. That harm is particularly serious because I work in the music and entertainment industry, where public reputation and credibility are important to professional opportunities and business relationships.

11. False present-tense accusations publicly associating me with being a "convicted felon" or "incarcerated" are highly damaging to my reputation, career, and public image.

12. I make this declaration so the Court has a clear factual record that the challenged accusations are false as publicly presented in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 30, 2026.

Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

Plaintiff, pro se

3

# EXHIBIT B

**EXHIBIT B**

**SELECT PUBLICLY REPORTED AND JUDICIALLY NOTICED EXAMPLES OF**

**SCIENTOLOGY'S LITIGATION AND RESPONSE TO CRITICS**

The following are publicly reported and/or judicially documented examples relating to Scientology's historical response to critics, journalists, and litigants. These materials are provided for context regarding the types of reputational, legal, and public-facing consequences that have been alleged or recognized in connection with such disputes.

These materials are not offered to prove any specific act in this case, but to provide context for the type of conduct at issue, including the use of litigation, public accusations, and reputational harm where perceived to be advantageous.

- TIME Magazine (1991) – 'The Thriving Cult of Greed and Power' – Describes use of investigators and legal tactics against critics; widely recognized mainstream reporting.
- Church of Scientology Int'l v. Behar, 238 F.3d 168 (2d Cir. 2001) – Litigation arising from Scientology's lawsuit against TIME magazine and journalist Richard Behar following critical reporting.
- Christofferson v. Church of Scientology – Court discussion of the historical 'Fair Game' policy and treatment of perceived critics.

- Wollersheim v. Church of Scientology – Long-running litigation involving claims of misconduct and emotional distress; illustrates extended litigation posture against former members.

- Leah Remini v. Church of Scientology (2023 Complaint) – Alleges harassment, surveillance, and interference with business opportunities; included as a recent public example of alleged reputational harm and the support of false information in court filings.

The foregoing examples reflect a pattern in which critics or adverse parties have been met with aggressive litigation tactics, public accusations, and conduct impacting reputation or professional opportunities. The present matter involves similar concerns, where false and unsupported public accusations regarding Plaintiff's status were placed into the record despite uncertainty as to their truth, and continue to cause reputational harm through public dissemination.