IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION



Case No. 26-cv-20389-BB

**BRIAN EVANS,**

Plaintiff, pro se,

v.

**CHURCH OF SCIENTOLOGY INTERNATIONAL;**

**SKY DAYTON, an individual;**

**CHURCH OF SCIENTOLOGY CELEBRITY CENTRE INTERNATIONAL,**

Defendants.

_____/

**PLAINTIFF'S POST-DISMISSAL MOTION TO STRIKE, SEAL, OR REDACT**

**DEFAMATORY AND SCANDALOUS MATTER FROM THE RECORD**

1

Plaintiff, Brian Evans, proceeding pro se, respectfully moves this Court for entry of an Order striking, sealing, or redacting false and defamatory statements contained in the public record of this case, and states as follows:

This action has been dismissed. However, this Court retains inherent authority to control its docket and to address improper, scandalous, false, or prejudicial material contained in the record.

This Motion is directed specifically to Docket Entry 47, Defendant Church of Scientology International's Reply Memorandum of Law, in which Plaintiff is publicly characterized as a "convicted felon" and "incarcerated." Those statements were placed into the federal court record in the present tense and remain publicly accessible.

Those statements are false.

As Plaintiff has already sworn under penalty of perjury in this case, Plaintiff is not presently a convicted felon and is not presently incarcerated. Plaintiff further swore that any public statement or implication in this case suggesting otherwise is false.

The challenged accusations were not framed as remote historical background. They were presented in a way that falsely suggested Plaintiff currently holds such status. A present-tense accusation that a litigant is a "convicted felon" and "incarcerated" is profoundly inflammatory and carries obvious reputational harm.

The statements at issue were not necessary to resolve the merits of this case. Nor were they required for the Court's adjudication of any dispositive issue. They instead served only to inject false, scandalous, and highly prejudicial material into the public docket.

2

That prejudice is not theoretical. Because the accusations were placed into a public federal court filing, they are capable of being indexed, copied, cached, and republished by PACER-related services, legal databases, and internet search results. Plaintiff has already attested under oath that such republication has caused continuing reputational harm.

That harm is especially serious because Plaintiff works in the music and entertainment industry, where public reputation, credibility, and professional image materially affect business and career opportunities.

This Court possesses the authority to protect the integrity of its own record and to prevent the continuing public dissemination of false and scandalous matter that serves no legitimate adjudicative purpose.

Plaintiff does not seek wholesale sealing of the case or blanket restriction of the docket.

Instead, Plaintiff seeks narrowly tailored relief directed to the false and defamatory content contained in Docket Entry 47, and any directly related portion of the public docket necessary to prevent continued dissemination of the challenged accusations.

The least restrictive and most appropriate relief would be one or more of the following: striking from the public record the false references to Plaintiff as a "convicted felon" and "incarcerated" contained in Docket Entry 47; directing that Docket Entry 47 be placed under restricted access or sealed to the extent necessary to prevent continued public

3

dissemination of the false accusations; requiring the filing party to submit a redacted substitute version of Docket Entry 47 omitting the false and defamatory statements, while restricting public access to the unredacted version; and granting such other relief as the Court deems just and proper to prevent the continued public spread of materially false and scandalous allegations through the Court's records.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order striking, sealing, restricting, or redacting the false and defamatory references to Plaintiff as a "convicted felon" and "incarcerated" contained in Docket Entry 47, directing that any publicly accessible version of the challenged filing omit those statements, and granting such other and further relief as this Court deems just and proper.

LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Plaintiff certifies that pre-filing conferral was not required because this is a post-dismissal motion directed to the Court's inherent authority over its own docket and public record, and the relief sought concerns correction or restriction of allegedly false and scandalous material already filed on the public docket. To the extent conferral were deemed applicable, Plaintiff further certifies that meaningful conferral would not have resolved the need for Court intervention.

Dated: April 2, 2026

Respectfully submitted,

4



Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

Plaintiff, pro se


CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S.

Mail on April 2, 2026, upon all counsel of record as follows:


Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

aperlman@dickinsonwright.com

Counsel for Church of Scientology International


Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

jvaquerano@dickinson-wright.com

Counsel for Church of Scientology International


Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

jelegant@bergersingerman.com

Counsel for Sky Dayton

Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

mstrub@jmbm.com

Counsel for Sky Dayton

Brian Evans

Plaintiff, pro se

7

Brian Evans
2080 S. Ocean Drive
Suite 1505
Hallandale Beach, FL 33009



3 APR 2026   PMS L

Clerk of The Court
United States District Court So. Fla.
Wilkie D. Ferguson Jr., Courthouse
400 North Miami Avenue - Ste. 8N09
Miami, Florida 33128

REC'D BY_____D.C.

APR 0 9 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI