**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff, Pro Se,



v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,

Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Plaintiff, Brian Evans, proceeding pro se, respectfully submits this Opposition to

Defendants' Request for Judicial Notice and states as follows:

## I. INTRODUCTION

Defendants' Request for Judicial Notice is not a proper evidentiary submission under

Federal Rule of Evidence 201. It is a sweeping, prejudicial filing designed to place

extraneous and damaging material before the Court under the guise of judicial notice,

rather than to assist in resolving any issue properly before it.

1

This matter is not an active merits dispute. The case has already been resolved, and a stipulation of dismissal was filed between the parties. The only issue presently before the Court is Plaintiff's post-dismissal request to seal and/or strike inaccurate, defamatory, and prejudicial material from the public docket. Rather than address that narrow issue, Defendants have submitted a broad collection of materials spanning decades, including unrelated litigation, selective excerpts of filings, and a criminal docket from approximately thirty-five years ago, all assembled to construct a narrative about Plaintiff rather than to establish any adjudicative fact.

Most notably, Defendants seek judicial notice of a criminal docket from approximately 1990–1991 while omitting the dispositive court order reflecting that the matter was later dismissed, vacated, and set aside under California law. That omission is not minor—it is outcome-determinative. It replaces a complete record with a partial one and invites the Court to draw precisely the type of inference Rule 201 forbids.

Equally significant, Defendants did not present this complete information when they originally made public accusations that Plaintiff was a "convicted felon." At that time, they acknowledged uncertainty and failed to conduct any meaningful investigation, as reflected in their own footnote. Only thereafter did they attempt to expand the record through the present filing, not to correct their prior conduct, but to reinforce it through volume and selective presentation.

The sequence is clear: an unsupported and inaccurate characterization was made; uncertainty was acknowledged; and rather than correcting the record, Defendants assembled a broader filing designed to justify and amplify that characterization. This is

not judicial notice. It is a coordinated effort to introduce prejudicial material into the record through procedural means.

Compounding the impropriety, Defendants attempt to portray Plaintiff as a "serial litigant" by listing selected cases, while omitting both the context of those cases and their own extensive litigation history. This selective framing underscores that the filing is narrative-driven, not evidentiary.

Moreover, the filing dramatically expands the very harm Plaintiff seeks to remedy. The volume and nature of the materials now placed into the public record are exponentially more damaging than the statements Plaintiff moved to seal, reflecting not merely a response to Plaintiff's motion, but a substantial escalation—effectively a quadrupling down after the case has already been resolved.

The motion should be denied in its entirety.

## II. LEGAL STANDARD

Federal Rule of Evidence 201 permits judicial notice only of facts that are not subject to reasonable dispute because they are either generally known within the court's jurisdiction or capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

Judicial notice is limited in scope. Courts may take notice of the existence of public records, but not the truth of the matters asserted within them, nor may they rely on such materials to resolve disputed issues or draw inferences. United States v. Jones, 29 F.3d

3

1549, 1553 (11th Cir. 1994); Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001).

Courts have repeatedly cautioned against the misuse of judicial notice as a vehicle for advocacy. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999–1002 (9th Cir. 2018).

Additionally, even where a document might be subject to notice, it must be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the Court. Fed. R. Evid. 403.

## III. ARGUMENT

A. Defendants' Filing Does Not Satisfy Rule 201

Defendants do not identify any adjudicative fact appropriate for judicial notice. Instead, they submit a compilation of materials requiring interpretation, context, and inference, including decades-old records, unrelated litigation filings, and selectively presented documents.

These are not facts "not subject to reasonable dispute." They are disputed, contextual, and narrative-driven. Their inclusion invites the Court to draw conclusions about Plaintiff's character and conduct, which is precisely what Rule 201 prohibits.

Defendants themselves acknowledge that judicial notice cannot be used for the truth of the matters asserted. Yet their submission relies entirely on the implied truth and narrative force of those materials. This contradiction is fatal to their request.

Defendants' motion also fails at a threshold level. It does not identify any specific adjudicative fact that requires judicial notice for purposes of resolving the issue before

4

the Court. Instead, it presents a collection of materials in bulk, leaving the Court to infer their intended purpose. This is not the function of Rule 201 and further confirms that the motion is being used as a vehicle for advocacy rather than adjudication.

B. Defendants Present a Selective and Materially Misleading Record

Defendants' submission is not merely overbroad—it is incomplete in a manner that renders it misleading.

They seek judicial notice of a criminal docket arising from events approximately thirty-five years ago, while omitting the controlling court order establishing that the matter was dismissed, vacated, and set aside under California law. Judicial notice cannot be taken of a fragment of a record that omits the final adjudicative disposition, particularly where the omission creates a materially false impression.

This omission is compounded by Defendants' prior conduct. When they initially characterized Plaintiff as a "convicted felon," they did so without confirming the accuracy of that statement and while acknowledging uncertainty. Rather than correct that characterization, they now attempt to reinforce it through a broader and more expansive filing.

The failure to include the final disposition demonstrates that Defendants are not presenting neutral facts, but rather constructing a narrative through selective omission. Judicial notice does not permit such use.

C. The Motion Is an Improper Attempt to Introduce Prejudicial Character Evidence

The purpose of Defendants' submission is not evidentiary. It is reputational.

5

The materials selected—decades-old records, unrelated lawsuits, and isolated excerpts—serve no function other than to portray Plaintiff in a negative light. Courts consistently reject attempts to use judicial notice as a vehicle for introducing character evidence or prejudicial narrative framing. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d at 1002.

The inclusion of dismissed or set-aside matters is particularly improper. Such records are legally treated as resolved and cannot be used to imply present status or character. Their use here is inherently prejudicial.

Even if such materials were theoretically subject to notice, they must be excluded under Rule 403 because any minimal probative value is substantially outweighed by the risk of unfair prejudice, confusion, and misuse by the Court.

D. Defendants Mischaracterize Plaintiff's Litigation History Through Omission of Context

Defendants attempt to portray Plaintiff as a "serial litigant" by listing multiple lawsuits without explanation. That portrayal is materially misleading because it omits the factual and legal relationships among those cases and the underlying events that gave rise to them.

The lawsuits cited by Defendants are not isolated or random filings. Many arise from a single core set of facts and a sequence of related conduct that required multiple legal actions involving different parties, forums, and legal issues.

For example, Plaintiff's litigation involving Creative Artists Agency and Steve Levine directly relates to subsequent proceedings involving Signature Resolution, Chad

Fitzgerald, and Hampton Beach Casino Ballroom. These matters stem from the same underlying conduct and represent different legal components of a broader dispute. Separate actions were necessary because different entities participated in different aspects of that conduct. The existence of multiple cases reflects the structure of the underlying events, not improper litigation behavior.

Similarly, Plaintiff's action involving Cerberus Capital Management arises from the wrongful death of Plaintiff's mother. That matter involves multiple defendants, complex factual allegations, and issues relating to corporate conduct affecting healthcare systems. Litigation of that nature necessarily involves multiple claims, parties, and proceedings. Presenting such a case as evidence of improper litigation activity, without context, is misleading. The StubHub matter is the only case ever to reach the 11th Circuit Court of Appeals to full briefing and is a consumer protection case.

In addition, Plaintiff has engaged in litigation relating to the protection and enforcement of intellectual property rights in connection with a substantial music catalog (over 200 songs, many pirated). In the entertainment industry, separate actions are often required to address distinct instances of infringement, misuse, or unauthorized exploitation. Such litigation is routine and necessary to protect ownership rights and does not support any inference of vexatious conduct. The Plaintiff has never been ruled as "vexatious" and in fact the litigation resulted in national hospital policy change for patients with the condition known as Sleep Apnea, which Plaintiff's mother died of following knee surgery (the hospital failed to provide a CPAP, which they prescribed her months before the surgery). A jury in a wrongful death action has already been found to be negligent in that case. The point is, reality versus the framing the Defendants attempt are ludicrous.

7

By presenting a list of case captions without context, Defendants attempt to create the false impression of excessive or unrelated litigation. In reality, the cited matters are interconnected, factually grounded, and arise from legitimate disputes requiring separate legal proceedings.

At the same time, Defendants omit their own extensive litigation history. The Church of Scientology has been involved in thousands of lawsuits over decades. Defendants' attempt to highlight a limited number of Plaintiff's cases while ignoring their own far more extensive litigation footprint underscores the selective and narrative-driven nature of this filing and further confirms that it is designed to prejudice rather than inform.

E. The Filing Reflects Improper Use of Judicial Process

Defendants' conduct reflects a pattern.

They initially made a public accusation without confirming its accuracy. They acknowledged uncertainty. They did not correct the record. Instead, they now seek to reinforce that narrative through an expansive filing designed to place additional prejudicial material before the Court.

This is not the use of judicial notice as contemplated by Rule 201. It is the use of judicial process to introduce narrative and character framing into the record.

F. Limited Context Regarding Plaintiff

Without conceding that Defendants' materials are relevant or properly subject to judicial notice, Plaintiff provides limited context solely to prevent a distorted and incomplete portrayal.

8

The events referenced by Defendants date back approximately thirty-five years, to 1990 or 1991. Since that time, Plaintiff has spent decades engaged in lawful, productive, and publicly recognized professional and civic activity.

Plaintiff is a 15-time Billboard-charting recording artist, still produced by Narada Michael Walden (who was the producer of Whitney Houston and is of Elton John, Sting, Santana, Barbra Streisand) has been associated with Grammy recognition over a dozen times, has been a nominee for Congress (not just a candidate, but the actual nominee in 2018 in Hawaii's 2nd district in 2018), and has engaged in advocacy and litigation that contributed to changes in hospital policy relating to patient safety, including sleep apnea monitoring. Plaintiff's work has included the protection of intellectual property rights and participation in matters involving public health and safety.

The exhibits Plaintiff attached to this Opposition are not offered as a résumé or for self-promotion, but solely to contradict the misleading and incomplete narrative Defendants attempt to construct through selective omission of material facts and context. Defendants would have the Court believe he hasn't done a single thing to turn his life around since 1990.

## IV. DEFENDANTS HAVE BEEN INVOLVED IN THOUSANDS OF LAWSUITS AND CRIMINAL ACTIVITY – AND THOSE <u>WERE NOT EXPUNGED</u>

Courts have, in prior proceedings, addressed criminal conduct involving high-ranking members of Scientology-affiliated organizations. Most notably, in connection with the federal prosecutions arising out of "Operation Snow White," senior officials were convicted of conspiracy, obstruction of justice, and related offenses stemming from the

infiltration of United States government agencies and the theft of documents. See, e.g., United States v. Hubbard, 493 F. Supp. 209 (D.D.C. 1979), aff'd sub nom. United States v. Heldt, 668 F.2d 1238 (D.C. Cir. 1981). These were final federal criminal convictions adjudicated in open court and reflected in the public record. Plaintiff does not suggest that such findings control the present case; rather, they provide context demonstrating that courts have previously evaluated and adjudicated

Defendants' conduct is particularly improper in light of the procedural history and prior resolution of the dispute. The statements at issue—including the characterization that Plaintiff was a "convicted felon"—were the subject of claims that Plaintiff asserted against counsel for Defendant Church of Scientology International, and those claims were resolved by settlement without further litigation. Plaintiff does not rely on that resolution as an admission of liability; rather, it establishes that the dispute concerning those statements was brought to a close. Notwithstanding that resolution, Defendants—through co-counsel—have now filed a Request for Judicial Notice (ECF No. 71) that reintroduces and expands upon the same category of allegations in a case that has already been dismissed by stipulation. The use of different counsel does not alter the fact that this is a coordinated submission on behalf of the same Defendant. Courts have, in other contexts, criticized Scientology-affiliated entities for employing overbroad and burdensome litigation tactics, including filings that serve to harass, intimidate, or create undue pressure rather than resolve discrete legal issues, see, e.g., Religious Technology Center v. Scott, No. CV 92-4026 (C.D. Cal. 1993) (finding bad-faith litigation conduct), and Allard v. Church of Scientology, 58 Cal. App. 3d 439 (Cal. Ct. App. 1976) (upholding liability for malicious prosecution). Plaintiff does not suggest that any such findings

10

control this case, but notes that the present filing reflects similar characteristics—namely, the use of expansive, irrelevant, and prejudicial material in a procedural posture where no such material is necessary. In a post-dismissal proceeding where the only issue is whether prejudicial content should remain on the public docket, Defendants' decision to reintroduce and amplify previously resolved subject matter serves no adjudicative purpose, compounds the harm Plaintiff seeks to remedy, and supports a finding of improper purpose and misuse of the judicial process.

## V. CONCLUSION

Defendants' Request for Judicial Notice is procedurally improper, legally unsupported, and substantively prejudicial. Rather than assist the Court in resolving the narrow post-dismissal issue before it, Defendants' filing appears calculated to secure one final opportunity to place and reinforce prejudicial allegations against Plaintiff on the public docket before those materials are subject to restriction. In doing so, Defendants improperly attempt to reintroduce and amplify previously resolved subject matter, including falsely suggesting that Plaintiff is presently a convicted felon, through the use of exhibits that are irrelevant and require interpretation and inference. This conduct serves no adjudicative purpose and instead reflects an improper effort to expand the record and create a misleading and prejudicial narrative. In a case that has already been resolved by stipulation of dismissal, and where the only remaining issue concerns whether harmful material should remain on the public docket, Defendants' submission is both unnecessary and improper. Accordingly, the Court should deny the Request for Judicial Notice in its entirety and disregard or strike the improperly submitted materials.

The goal here was simple – to not make the dismissal appear as though anything was settled.

It was.

And for that, the Defendants use their filings to do what they have a history of doing: attempt to destroy their opponents (Allard v. Church of Scientology, 58 Cal. App. 3d 439 (Cal. Ct. App. 1976)).

Defendants' Request for Judicial Notice fails both procedurally and substantively when examined in detail, including on an exhibit-by-exhibit basis, confirming that it is not a proper Rule 201 submission but a narrative device designed to prejudice the Court. In their filing at ECF No. 71, Defendants list fifteen exhibits, the majority of which—specifically Exhibits 1 through 10—consist solely of caption pages from unrelated lawsuits filed by Plaintiff in various courts. These caption pages establish nothing more than the existence of filings and do not constitute adjudicative facts "not subject to reasonable dispute" under Federal Rule of Evidence 201(b). Courts may take notice of the existence of filings, but not for the truth of the matters asserted, nor to draw inferences about a party's conduct, character, or litigation history. Defendants' reliance on these caption pages is therefore improper because their only purpose is to invite precisely those prohibited inferences. Defendants' Exhibit 11, identified in their filing as a "California Docket for Felony No. BA020930" dated September 11, 1990, is likewise improper and misleading when presented in isolation. That docket, standing alone, is incomplete and cannot be judicially noticed to establish any present fact about Plaintiff, particularly where the final disposition of that matter is outcome-determinative.

12

Defendants' own Exhibit 13, identified as an "Order Granting Dismissal Under California Penal Code § 1203.42 for Case No. BA020930" dated November 14, 2022, confirms that any historical matter was dismissed, vacated, and set aside under California law. The Court cannot take judicial notice of a fragmented record that omits or fails to reconcile with the dispositive outcome, nor can it rely on such materials to imply a present criminal status that the full record expressly negates. To eliminate any ambiguity, Plaintiff will provide, as a separate exhibit to this Opposition, the certified Order for Dismissal entered by the Superior Court of California, County of Los Angeles, reflecting that all convictions or pleas in that matter were set aside and dismissed pursuant to

California Penal Code sections including 1203.4 and related provisions, thereby confirming that Plaintiff does not have any present felony conviction. Defendants' Exhibit 12, identified as Plaintiff's Motion in Limine filed in 2018 in the Commonwealth of Massachusetts, Essex County, Civil Action No. 1577CV00569, is further misleading because it is presented without the critical context that renders it irrelevant today. That motion in limine was filed years before the subsequent dismissal and expungement of the underlying California matter in Case No. BA020930. Defendants omit the fact that, as confirmed by their own Exhibit 13 and by the certified dismissal order Plaintiff will submit, the matter was later set aside and dismissed in its entirety. As a result, the very issue that the 2018 motion in limine sought to address no longer exists as a matter of law, and there would be no need for such a motion under current circumstances because there is no present conviction or admissible criminal history to exclude. By presenting that earlier motion in isolation, Defendants invite the Court to draw an outdated and misleading inference about Plaintiff's status, which is precisely what Rule 201 prohibits.

13

This omission is outcome-determinative and further confirms that Defendants are not presenting neutral facts, but selectively constructing a narrative. Similarly, Defendants' Exhibits 14 and 15, consisting of filings from Evans v. Dickinson Wright PLLC et al., Broward County Case No. CACE26004830, including a complaint dated March 21, 2026 and Defendants' Amended Motion to Dismiss dated April 14, 2026, are merely allegations and arguments in an ongoing proceeding and cannot be used to establish adjudicative facts, much less facts relevant to the narrow post-dismissal issue before this Court.

None of these materials identify a single adjudicative fact necessary to resolve Plaintiff's motion to seal or strike; instead, they require interpretation, context, and inference, which independently disqualifies them from judicial notice. Even assuming arguendo that the existence of certain filings could be noticed, their probative value is nonexistent with respect to the only issue before the Court—whether prejudicial and defamatory material should remain on the public docket—while the risk of unfair prejudice is substantial and overwhelming, requiring exclusion under Federal Rule of Evidence 403.

The structure and timing of Defendants' filing further demonstrate its improper purpose: rather than respond to Plaintiff's request to seal or strike harmful content, Defendants have expanded the public record by reintroducing and amplifying the very type of material Plaintiff seeks to remove, thereby compounding the harm and attempting to circumvent the Court's gatekeeping role through volume and repetition. Notably, Defendants fail to identify any specific adjudicative fact that requires judicial notice or that would assist the Court in resolving the pending motion. Instead, they present a curated collection of unrelated, selective, and context-dependent materials designed to

14

construct a negative narrative about Plaintiff. Rule 201 does not permit such use, and courts have repeatedly cautioned against the misuse of judicial notice as a vehicle for advocacy. In sum, Defendants' Request for

Judicial Notice, as filed at ECF No. 71, is procedurally improper, substantively unsupported, and inherently prejudicial; it should be denied in its entirety because it seeks to introduce disputed, contextual, and narrative-driven material that is irrelevant to the issue before the Court and that cannot, as a matter of law, be considered under the doctrine of judicial notice.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Deny Defendants' Request for Judicial Notice in its entirety;

2. Disregard all improperly submitted materials; and

3. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

Dated: April 24, 2026

**CERTIFICATE OF SERVICE**

15

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on April 24, 2026, to all counsel of record, including:

Alan J. Perlman, Esq.

Dickinson Wright PLLC

350 East Las Olas Blvd, Suite 1750

Fort Lauderdale, FL 33301

Email: aperlman@dickinsonwright.com

Daniel R. Lazaro, Esq.

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd, Suite 1500

Miami, FL 33131

Email: dan.lazaro@bipc.com

Jennifer Julia Vaquerano, Esq.

Dickinson Wright PLLC

350 E Las Olas Blvd #1750

Fort Lauderdale, FL 33301

Email: jvaquerano@dickinson-wright.com

Justin B. Elegant, Esq.

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

16

Email: jelegant@bergersingerman.com


Michael H. Strub, Jr., Esq.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

Email: MStrub@jmbm.com

Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009