UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No.: 1:26-cv-20389-BB

FILED BY _____ D.C.

APR 24 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

BRIAN EVANS,

Plaintiff, Pro Se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,

Defendants.

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY

Plaintiff, Brian Evans, proceeding pro se, respectfully moves this Court for an Order imposing sanctions against Defendants and their counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, and states as follows:

## I. INTRODUCTION

This case has already been resolved by stipulation of dismissal. There are no remaining claims or defenses before the Court. The only issue presently pending is Plaintiff's post-dismissal motion to seal, strike, or redact defamatory and prejudicial material from the public docket.

1

Despite that narrow posture, Defendants filed a Request for Judicial Notice (ECF No. 71) that introduces decades-old criminal material, unrelated litigation, and selectively presented filings that have no bearing on the issue before the Court. Rather than respond to Plaintiff's motion, Defendants expanded the public record with the very type of prejudicial material Plaintiff seeks to remove.

This was not a good-faith evidentiary submission. It was a deliberate escalation—introducing irrelevant and harmful material into a closed case for the apparent purpose of reinforcing and amplifying reputational harm. The filing required Plaintiff to expend significant effort responding to material that should never have been presented and constitutes an improper use of judicial process.

Sanctions are warranted to deter such conduct and to address the improper purpose underlying Defendants' filing.

II. LEGAL STANDARD

Under 28 U.S.C. § 1927, any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to satisfy the excess costs, expenses, and fees incurred as a result of such conduct.

Separately, this Court possesses inherent authority to impose sanctions for bad-faith conduct, including conduct undertaken for an improper purpose or actions that abuse the judicial process.

III. ARGUMENT

A. Defendants' Filing Was Made for an Improper Purpose

2

This case is no longer active on the merits. It was resolved by stipulation of dismissal. The only issue before the Court is whether certain material should remain on the public docket.

Defendants' Request for Judicial Notice (ECF No. 71) does not address that issue. Instead, it assembles decades-old criminal material, unrelated lawsuits, and selective filings that serve no adjudicative purpose.

The nature, scope, and content of the filing demonstrate that it was not intended to assist the Court, but to construct a narrative about Plaintiff and reinforce prior accusations already placed on the public record. The effect—and apparent purpose—was to expand and amplify reputational harm in a proceeding where the only issue is whether such harm should be mitigated.

This constitutes an improper purpose and supports sanctions under the Court's inherent authority.

B. Defendants Unreasonably and Vexatiously Multiplied Proceedings

Defendants' submission required Plaintiff to review and respond to fifteen exhibits spanning multiple jurisdictions and decades.

These materials were not necessary to resolve the pending motion. They required interpretation, rebuttal, and contextual analysis unrelated to the issue before the Court.

By injecting irrelevant material into a post-dismissal proceeding, Defendants forced unnecessary motion practice and increased the burden on both Plaintiff and the Court.

This conduct constitutes unreasonable and vexatious multiplication of proceedings under 28 U.S.C. § 1927.

C. Defendants Misused Judicial Notice as a Vehicle for Advocacy

Defendants invoked Federal Rule of Evidence 201 but failed to identify any adjudicative fact appropriate for judicial notice.

Their submission includes:

• Complaint caption pages from unrelated lawsuits (Exhibits 1–10);

• A decades-old criminal docket (Exhibit 11);

• A 2018 motion in limine (Exhibit 12);

• A dismissal order reflecting that the matter was set aside (Exhibit 13);

• Current filings from separate litigation (Exhibits 14–15).

These materials are not indisputable facts. They require context and interpretation and cannot be used to draw substantive conclusions.

The filing therefore reflects misuse of judicial notice as a litigation tactic rather than a legitimate evidentiary request.

D. The Filing Represents a Deliberate Escalation of Prejudicial Conduct

The procedural posture of this case is critical. The case is closed. The only issue is whether prejudicial material should remain on the public docket.

Instead of addressing that issue, Defendants expanded the record with additional prejudicial material of the same type, including decades-old criminal references and unrelated litigation.

4

This constitutes a clear escalation. Rather than mitigate harm, Defendants intensified it—effectively doubling and tripling down on the same narrative Plaintiff seeks to have removed.

Such conduct is inconsistent with the purpose of judicial proceedings and supports a finding of bad faith.

E. Defendants' Conduct Is Particularly Improper in Light of Prior Resolution

The statements at issue—including the characterization that Plaintiff was a "convicted felon"—were the subject of claims that Plaintiff asserted against counsel for Defendant Church of Scientology International, and **those claims were resolved by settlement** without further litigation with the . Plaintiff does not rely on that resolution as an admission of liability; rather, it establishes that the dispute concerning those statements was brought to a close.

Notwithstanding that resolution, Defendants—through co-counsel—have now filed a Request for Judicial Notice (ECF No. 71) that reintroduces and expands upon the same category of allegations in a case that has already been dismissed by stipulation. The use of different counsel does not alter the fact that this is a coordinated submission on behalf of the same Defendant.

In a post-dismissal proceeding where the only issue is whether prejudicial material should remain on the public docket, this reintroduction of previously resolved subject matter serves no adjudicative purpose, compounds the harm Plaintiff seeks to remedy, and further supports a finding of improper purpose and bad faith.

F. Sanctions Are Necessary for Deterrence

Plaintiff does not seek punitive damages through this motion. However, the nature of Defendants' conduct warrants sanctions sufficient to deter repetition.

Defendants' filing reflects a willingness to use judicial submissions to introduce irrelevant and harmful material into the public record, even after the case has been resolved.

Absent sanctions, there is no deterrent to similar conduct in this or other proceedings. This was the Defendants last attempt to take one last swipe at the Defendant just days after settlement with the attorneys the Plaintiff initiated legal action against for filing that false – present tense statement (while attempting to hide behind a footnote because at the time they filed it even they were not sure of what they were claiming). Instead, to once again attack the Plaintiff in the public record, the Defendants make numerous statements as if they are fact without any context. Even the Defendants put as an Exhibit before this Court that they knew the case they cite was expunged, but they didn't investigate that fact before and after the case was dismissed simply could not help themselves to try to annihilate the character of the Plaintiff despite thirty five years of work to redeem himself. What is the point of getting your life together only to have it thrown back in your face when, when they filed that motion, even they admitted they were not sure in their "footnote."

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Find that Defendants' Request for Judicial Notice (ECF No. 71) was filed for an improper purpose and constitutes an abuse of the judicial process;

2. Impose monetary sanctions sufficient to deter repetition of such conduct, including an award of reasonable costs and expenses incurred by Plaintiff in responding to the filing, in an amount to be determined by the Court;

6

3. Strike and seal Defendants' Request for Judicial Notice (ECF No. 71) in its entirety, including all attached exhibits, as irrelevant, prejudicial, and improperly submitted; `

4. Grant such further sanctions and relief as the Court deems just and appropriate to address and deter Defendants' conduct.

CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Plaintiff certifies that he made a good-faith effort to confer with counsel for Defendants regarding the relief requested in this Motion. On April 24, 2026, Plaintiff contacted counsel for Defendants via email requesting concurrence in the relief sought herein. As of the time of filing, Defendants' counsel have not responded. Further attempts to confer would be futile, and the Motion is therefore ripe for the Court's determination.

Dated: April 24, 2026

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on April 24, 2026, upon the following counsel of record:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd, Suite 1750

Fort Lauderdale, FL 33301

Phone: 954-991-5420

Fax: 1-844-670-6009

Email: aperlman@dickinsonwright.com

LEAD ATTORNEY


Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd, Suite 1500

Miami, FL 33131

Phone: 305-347-4081

Email: dan.lazaro@bipc.com

LEAD ATTORNEY


Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 E Las Olas Blvd #1750

Fort Lauderdale, FL 33301

Phone: 305-794-9781

Email: jvaquerano@dickinson-wright.com

ATTORNEY TO BE NOTICED


Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

Phone: 305-755-9500

Fax: 305-714-4340

Email: jelegant@bergersingerman.com

LEAD ATTORNEY


Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

Phone: (949) 623-7200

Email: MStrub@jmbm.com

PRO HAC VICE

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076