**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff, Pro Se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, SKY DAYTON, and CHURCH

OF SCIENTOLOGY CELEBRITY CENTRE INTERNATIONAL,

Defendants.



FILED BY _____ D.C.

APR 2 4 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S REPLY IN SUPPORT OF POST-DISMISSAL MOTION TO**

**STRIKE, SEAL, OR REDACT DEFAMATORY AND SCANDALOUS MATTER**

**FROM THE RECORD**

Plaintiff, Brian Evans, respectfully replies:

I. INTRODUCTION

This case is no longer pending. A stipulation of dismissal was filed, and there are no

claims, defenses, or issues remaining for adjudication. Plaintiff's motion is narrowly

focused on the Court's inherent authority to control its docket and to prevent the

continued dissemination of materially false and misleading statements that serve no

1

adjudicative purpose. Defendants' Opposition does not address that narrow issue, and instead attempts to justify conduct that occurred outside any proper litigation need. The challenged statement labeled Plaintiff, in the present tense, as a "convicted felon," which was false as presented because the underlying conviction occurred approximately thirty-five years ago and was expunged in 2022. Defendants made no investigation before publishing that statement and instead relied on a footnote referencing a conversation rather than a verified record, improperly shifting the burden to Plaintiff to disprove a statement they chose to make.

Defendants' approach is inconsistent with the governing legal standard. Courts recognize that filings must be grounded in verified fact and presented accurately, particularly where they may affect a party's reputation. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (courts cannot accept disputed or unverified assertions as established fact). That principle applies here because Defendants presented an unverified and misleading statement as fact in a public filing. The Court should evaluate the statement based on how it was presented at the time, not based on materials Defendants later attempted to assemble. The relief requested is narrow, necessary, and fully within the Court's authority.

II. THE COURT'S INHERENT AUTHORITY CONTROLS THIS MOTION

Defendants' reliance on Rule 12(f) is misplaced because Plaintiff's motion is not brought under Rule 12(f). This is a post-dismissal motion invoking the Court's inherent authority to manage its docket and prevent misuse of judicial proceedings. The Supreme Court has made clear that federal courts possess inherent authority to manage their affairs and

ensure fairness in the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). That authority includes the ability to strike or restrict improper material from the record when necessary to protect the integrity of the proceedings. Courts have exercised this authority to remove scandalous or prejudicial matter that serves no legitimate purpose. Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988).

The application of that authority is particularly appropriate in a closed case. Once a case is dismissed, the Court's primary concern is the integrity of its record, not adjudication of claims. Under Chambers, the Court may act to prevent abuse of its process, and under Alvarado-Morales, it may remove material that is irrelevant and prejudicial. Here, the challenged statements have no bearing on any remaining issue and serve only to harm Plaintiff. Accordingly, the Court has clear authority to grant the requested relief.

III. THE STATEMENT WAS FALSE AS PRESENTED AND DEFENDANTS FAILED TO INVESTIGATE

Defendants labeled Plaintiff as a "convicted felon" in the present tense, which conveyed a current legal status. That statement was false as presented because the conviction occurred approximately thirty-five years ago and was expunged in 2022, meaning Plaintiff was not a convicted felon at the time of the filing. Defendants did not investigate this fact before publishing the statement. Instead, they relied on a footnote referencing a conversation and suggested Plaintiff had not "proven" his status. That improperly shifted the burden to Plaintiff, when it was Defendants' obligation to verify the accuracy of any statement they chose to include in a federal filing. Courts reject the use of unverified

3

assertions presented as fact. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). That case applies directly because Defendants presented a disputed and unverified assertion as an established fact. The Court should not accept that presentation as proper. The lack of investigation alone demonstrates that the statement was not grounded in verified fact when made. The Court should evaluate the statement based on its accuracy at the time of publication, not on later attempts to justify it.

## IV. THE FOOTNOTE DOES NOT CURE THE MISLEADING STATEMENT

Defendants rely on a footnote to justify their conduct, but that reliance fails. The footnote admits uncertainty and acknowledges that Defendants had not verified Plaintiff's legal status. A footnote cannot cure a misleading statement in the body of a filing. Courts have held that selective or partial disclosures do not eliminate the misleading nature of a statement. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). The reasoning in Lee applies here because Defendants presented a damaging statement prominently while placing uncertainty in a less visible location.

The public-facing statement labeled Plaintiff as a convicted felon. That is what is read, indexed, and relied upon. The footnote does not correct or retract that statement. Instead, it confirms that Defendants lacked certainty when they made the statement. That combination—definitive statement plus admitted uncertainty—demonstrates that the filing was misleading as a matter of law. Even if a decades-old conviction once existed (thirty five years ago), Defendants presented it as a current, operative status, while simultaneously admitting uncertainty and omitting the dispositive outcome. That makes

the statement misleading and improperly presented in a judicial filing, regardless of any historical fact

## V. DEFENDANTS MISUSED RULE 609 TO JUSTIFY A CHARACTER ATTACK

Defendants' reliance on Federal Rule of Evidence 609 is legally irrelevant. Rule 609 applies to impeachment of a witness at trial, not to motion practice. There was no trial in this case, no testimony, and no credibility determination before the Court. The case has been dismissed, and there is no basis to apply Rule 609. Courts have warned against misuse of evidentiary rules to introduce improper material in motions. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). The application of Khoja here is direct. Defendants attempted to use Rule 609 as a vehicle to introduce a prejudicial character statement that had no relevance to any issue before the Court. That is precisely the type of misuse the Ninth Circuit warned against. The Court should reject that attempt and focus on whether the statement served any legitimate purpose. It did not.

## VI. THE STATEMENT WAS IRRELEVANT TO ANY ISSUE BEFORE THE COURT

Defendants' motion concerned jurisdiction, service, and pleading sufficiency. None of those issues required reference to Plaintiff's criminal history. The statement was irrelevant to the issues before the Court at the time it was made. Courts routinely strike or disregard irrelevant material that serves no purpose in resolving legal issues. See Alvarado-Morales, 843 F.2d at 618. The relevance requirement is even stronger in a closed case. There are no remaining issues to which the statement could possibly relate. The continued presence of the statement serves no adjudicative function. Under

5

Alvarado-Morales, the Court may remove material that is immaterial and prejudicial. That standard is satisfied here because the statement is both irrelevant and harmful.

## VII. DEFENDANTS' POST-DISMISSAL CONDUCT CONFIRMS IMPROPER PURPOSE

After the case was dismissed, Plaintiff filed a narrow motion to remove harmful material. Defendants responded by expanding the record and attempting to justify their prior conduct. That escalation is inconsistent with a closed case and demonstrates improper purpose. Courts recognize that misuse of filings for non-adjudicative purposes is improper. See Chambers, 501 U.S. at 44–45. The application of Chambers here is clear. Defendants used additional filings not to assist the Court, but to preserve and amplify a damaging statement. That is a misuse of the judicial process. The Court has authority to prevent such conduct. The fact that Defendants acted after dismissal further supports the conclusion that their purpose was not adjudication.

## VIII. CONTINUING PUBLIC DISSEMINATION CAUSES ONGOING HARM

Federal court filings are publicly accessible and widely disseminated. Statements in those filings carry authority and permanence. Courts recognize that reputational harm from public filings can justify sealing or redaction. See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). The balancing test in Amodeo applies here. The application is straightforward. The challenged statement has no public value because it is misleading and irrelevant. The harm to Plaintiff is significant because the statement affects his professional reputation. Under Amodeo, where harm outweighs public value, relief is appropriate. The Court should apply that principle here. Defendants' Request for Judicial

6

Notice further underscores the impropriety at issue. It is the most expansive filing in this case and was submitted only after the case had already been dismissed by stipulation. Defendants did not present these materials when any issue was actually before the Court. Instead, after the case was closed, they assembled a broad collection of decades-old and unrelated materials in an apparent effort to retroactively justify statements they had previously made without verification. This sequence confirms that the filing serves no adjudicative purpose and instead functions solely to expand and amplify prejudicial material in the public record. In a closed case, such a filing has no legitimate role and reinforces the need for the Court to exercise its inherent authority to prevent misuse of its docket. The sequence of events further underscores the lack of any legitimate purpose. The parties resolved this matter and filed a stipulation of dismissal, bringing the case to a close. Only after that dismissal did Defendants submit their most expansive filing in the case, introducing a broad collection of materials that were not previously presented when any issue was before the Court. The timing confirms that the filing is not directed to any adjudicative need, but instead serves to expand the public record with prejudicial material after the case has already been resolved. In a closed case, such post-dismissal expansion of the record has no proper function and warrants the Court's intervention to ensure its docket is not used for that purpose.

IX. THE BROWARD COUNTY ACTION CONFIRMS THE SERIOUSNESS OF THE STATEMENT

The statements at issue are not minor or incidental. They are serious public accusations made in a federal court filing that carry significant reputational consequences. Plaintiff initiated separate litigation arising directly from the same statements, and that matter has

since been resolved. The fact that the statements gave rise to separate litigation and required resolution underscores their seriousness and real-world impact. Their continued presence in the public record reinforces the need for the Court to ensure that its docket is not used to disseminate misleading and prejudicial material unrelated to any adjudicative purpose.

X. PLAINTIFF IS NOT A VEXATIOUS LITIGANT

Defendants' characterization of Plaintiff as vexatious is unsupported. No court has made such a finding. Courts require specific findings before labeling a litigant vexatious. That has not occurred here. The absence of such a finding is dispositive. The legal principle is that unsupported characterizations should not be accepted. Defendants' statements are not grounded in any judicial determination. Therefore, they should not be given weight. The Court should reject that characterization as irrelevant and prejudicial. Defendants' characterization of Plaintiff as "vexatious" or frivolous is unsupported by the very materials they submitted. While Defendants repeatedly use those labels in their own briefing, none of the exhibits they presented reflect any judicial finding to that effect. There is no order designating Plaintiff a vexatious litigant, no Rule 11 sanctions, and no decision dismissing any action as frivolous on that basis. The absence of any such ruling is dispositive. Defendants' assertions are therefore not grounded in judicial determinations, but are instead attorney argument, and should be disregarded as unsupported and irrelevant to the issue before the Court. Only Defendants have characterized Plaintiff in that manner.

Defendants' attempt to portray Plaintiff as vexatious is particularly misplaced given the well-documented litigation history of the organization they represent. Courts and commentators have long recognized that the Church of Scientology itself has engaged in extensive and sustained litigation, with lawsuits numbering in the thousands against individuals, media organizations, and government entities.   In that context, Defendants' effort to label Plaintiff as improperly litigious—without any supporting judicial finding—rings hollow and underscores that their characterization is rhetorical rather than grounded in any objective legal standard.

## XI. RELIEF REQUESTED

Plaintiff respectfully requests:

1. Strike the statements

2. Seal or redact all references

3. Remove public access

4. Grant further relief

## XII. CONCLUSION

Defendants labeled Plaintiff as a convicted felon when he was not. They failed to investigate, shifted the burden improperly, and attempted to justify the statement after dismissal. The statement is false as presented and serves no purpose. The Court has authority to correct its record. The requested relief is appropriate and necessary.

Plaintiff respectfully submits that the challenged statements bear no relation to any issue ever before the Court, as the underlying motion addressed jurisdiction and pleading sufficiency—not Plaintiff's character, credibility, or criminal history—and no evidentiary proceeding, testimony, or credibility determination was involved that could justify their inclusion. The statements were therefore not tied to any legitimate adjudicative function and fall outside the scope of proper advocacy. Moreover, the harm is ongoing and irreparable: once placed on the public docket, such statements are indexed, cached, and republished through legal databases and search platforms, continuing to appear as authoritative judicial records regardless of accuracy. Accordingly, and to fully remedy that harm, Plaintiff respectfully requests that the Court not only strike, seal, or redact the statements in Docket Entry 47, but also order that any repetition or reference to those statements in any other docket entry—including Defendants' Opposition and Request for Judicial Notice—be similarly stricken, sealed, or redacted, and that the Clerk be directed to restrict public access to any unredacted versions, ensuring the Court's record is accurate and not used as a vehicle for ongoing prejudice.

Respectfully submitted,

Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

10

(954) 214-3076

Dated: April 24, 2026

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served by U.S. Mail on April 24, 2026 upon:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Boulevard, Suite 1750

Fort Lauderdale, Florida 33301

Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 East Las Olas Boulevard, Suite 1750

Fort Lauderdale, Florida 33301

Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

11

Two South Biscayne Boulevard, Suite 1500

Miami, Florida 33131


Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, Florida 33131


Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, California 92614

_____

Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076