**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

        Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON, and
DOES 1–10.

        Defendants.

            /

**DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND**
**THE COURT'S INHERENT AUTHORITY**

**I.     INTRODUCTION**

Pursuant to the Parties' Stipulation for Dismissal With Prejudice (ECF No. 67), this Court dismissed this case with prejudice and directed the Clerk to close the case. (ECF No. 68). Nonetheless, Plaintiff Brian Evans continues to file motions in this closed case, forcing Defendant Church of Scientology International ("CSI") to respond in opposition. CSI opposes Plaintiff Brian Evans' ("Evans") Motion for Sanctions (ECF No. 73), which is based entirely on CSI's filing of its Opposition to Evans' Post-Dismissal Motion to Strike, Seal, or Redact Defamatory and Scandalous Matter from the Record ("Opposition") (ECF No. 70). There are no grounds to sanction CSI for availing itself of the Federal Rules of Civil Procedure by opposing its adversary's post-dismissal motion.

The information Evans seeks to strike or seal is directly relevant to his contentions against CSI. Evans' prior conviction for fraud speaks to his dishonesty, and the numerous pro se cases recently filed by Evans in this District demonstrate Evans' practice of filing lawsuits against

apparently high-net-worth defendants. CSI's appropriate introduction of that evidence to this Court, which was obtained from the public record, cannot support a showing of bad faith. The Motion for Sanctions should be denied.

## II.    LEGAL ARGUMENT

Plaintiff moves under 28 U.S.C. § 1927 ("Section 1927") and this Court's inherent authority for sanctions against CSI for opposing his motion. Section 1927 "is directed at the unreasonable and vexatious multiplication of proceedings. Unlike Rule 11, which is aimed primarily at pleadings, under section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation omitted). A court employs a "***high standard***" when determining whether to issue sanctions under Section 1927. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (emphasis added). Indeed, "***sanctions under § 1927 are an extraordinary remedy which should be used sparingly***." *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-CIV-21559, 2018 WL 8311324, at *3 (S.D. Fla. May 21, 2018) (emphasis added).

"To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Peer v. Lewis*, 606 F.3d at 1314 (cleaned up, citations omitted). The bad faith standard is objective, turning not on the attorney's subjective intent but on the attorney's objective conduct, comparing how a reasonable attorney would have acted under the circumstances. *Smith v. Psychiatric Solutions, Inc.*, 864 F. Supp. 2d 1241, 1268 (N.D. Fla. 2012).

The same standard applies to this Court's inherent power to impose sanctions. "The key to unlocking a court's inherent power is a finding of bad faith. When considering sanctions under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Peer v. Lewis*, 606 F.3d at 1316. Accordingly, the same analysis applies in determining whether sanctions should be awarded based on Section 1927 or this Court's inherent authority.

That CSI should be sanctioned for opposing Evans' Motion to Strike, Seal or Redact (ECF No. 69) is supported in neither law nor fact. Evans tellingly does not cite a single case wherein a party was sanctioned for opposing a motion to strike or seal, because it appears none exists. Motions to strike alleged "scandalous" and other matter from an adversary's pleading are part of the normal adversarial process. *See* Fed. R. Civ. Proc. 12(f).[1] Moreover, all members of the public and the press have standing to challenge sealing of documents. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Petition of Trib. Co.,* 784 F.2d 1518, 1521 (11th Cir. 1986). If members of the public and the press have standing to challenge sealing, then parties to the litigation certainly have at least equal standing to oppose motions to seal. A defendant therefore has every right to oppose a plaintiff's motion to strike or seal by challenging whether the plaintiff has met the burden of showing good cause, even when the information concerns the plaintiff's own privacy or proprietary interests. *See, e.g., Gubarev v. Buzzfeed, Inc.,* 365 F. Supp. 3d 1250, 1257-58 (S.D. Fla. 2019).

---

[1] As discussed in CSI's Opposition (ECF No. 70), a Rule 12(f) motion to strike applies only to pleadings and not motions, and there is no procedural mechanism to strike portions of motions. *Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019).

CSI's counsel's filing of the Opposition was not tantamount to bad faith and therefore cannot support a sanctions award under Section 1927. The Opposition was not egregious—it did not multiply the proceedings unreasonably or vexatiously. On the contrary, the Opposition (ECF No. 70) was filed in the normal course of litigation in response to Evans' Motion to Strike, Seal, or Redact (ECF No. 69). CSI was within its rights to challenge the procedural and substantive failings of the Motion to Strike, Seal, or Redact, and this Court would have considered CSI's Opposition when ruling on the motion. Also, Evans fails to debunk a single fact cited by CSI's Opposition—because they are all true, as confirmed by judicially noticeable court documents submitted to this Court in support of CSI's Opposition (ECF No. 71).

That CSI acted in good faith in filing its Opposition is not debatable. Most reasonable attorneys would oppose a motion to strike or seal information from court records that undermines a party opponent's credibility and propensity for truthfulness, as well as highlight the party opponent's practice of filing frivolous cases against high-net-worth defendants in the same federal district. (*Id.*) Failing to bring such information to the Court's attention would be foolish at best, and possibly malpractice. The same is true even after a complaint is dismissed with prejudice. Evans' post-dismissal efforts to suppress true information about his criminal past and litigious present is premised on the argument that CSI's Opposition was meant to "expand and amplify reputational harm." (ECF No. 73.)

Evans' First Amended Complaint falsely accuses the Church of criminal conduct (ECF No. 49). This false yet unresolved allegation remains in the public record regardless of Evans' dismissal with prejudice, which members of the public may wrongly conclude was procured through a cash settlement paid by CSI. Evans brought his frivolous case against CSI and cut bait when CSI litigated the claims in earnest. It is only appropriate and fair that relevant judicially

noticeable facts and documents related to Evans' felony conviction for lying and theft—as well as his numerous frivolous cases filed in the same federal district in the last six months—remain part of the public record. *See e.g., Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.")

Finally, if the Court is inclined to entertain Evans' request for sanctions, counsel for CSI is entitled to, and hereby requests, an evidentiary hearing. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) ("an attorney threatened with sanctions under § 1927 is entitled to a hearing").

### III.  CONCLUSION.

Evans has not, and cannot, articulate a single viable ground to support the imposition of sanctions against CSI or its counsel. This Court should deny his Motion for Sanctions.

Dated: May 8, 2026

<div style="margin-left:40%">

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant, Church of Scientology International*
One Biscayne Tower
Two South Biscayne Boulevard, Suite 1500
Miami, FL 33131-1822
Phone: 305-347-4081

*/s/ Daniel R. Lazaro*
Daniel R. Lazaro, Esq.
Florida Bar No. 99021
dan.lazaro@bipc.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 8, 2026, a true and correct copy of the foregoing was served upon all parties who are currently on the list to receive email notice/service for this case via the Court's CM/ECF System and/or U.S. mail to Plaintiff at 2080 South Ocean Drive, Apt. 1505, Hallandale Beach, Florida 33009.

<div align="right">

By: <u>/s/ Daniel R. Lazaro</u>
Daniel R. Lazaro, Esq.

</div>