UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff, Pro Se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,

Defendants.

FILED BY ⎫⎫C⎫ D.C.

MAY 11 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND**

**SUPPLEMENTAL AUTHORITY**

Plaintiff, Brian Evans, proceeding pro se, respectfully submits this Reply in further support of

Plaintiff's Motion for Sanctions (ECF No. 73), and states as follows:

**I. INTRODUCTION**

After Plaintiff filed his Motion for Sanctions, this Court entered Paperless Order 76 denying

Defendants' Request for Judicial Notice (ECF No. 71) for failure to comply with Local Rule

7.1(a)(3). That ruling directly reinforces Plaintiff's arguments that Defendants' filing was

procedurally improper, unnecessary, and filed in bad faith in a case that had already been

dismissed by stipulation. The procedural posture is critical. The only remaining issue before the

Court concerned Plaintiff's post-dismissal motion to strike, seal, or redact prejudicial material

from the public docket. Nevertheless, Defendants filed a sweeping "Request for Judicial Notice"

1

attaching approximately fifteen exhibits consisting of unrelated lawsuits, current litigation filings, decades-old criminal material, and other prejudicial documents spanning multiple jurisdictions. The Court subsequently denied the filing for violating Local Rule 7.1(a)(3).

## II. THE COURT'S DENIAL OF ECF NO. 71 DIRECTLY SUPPORTS PLAINTIFF'S SANCTIONS MOTION

Local Rule 7.1(a)(3) requires counsel to confer in good faith prior to filing covered motions and expressly authorizes the Court to deny motions and impose sanctions for noncompliance. The Southern District's Local Rules specifically provide that failure to comply with Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction." That is precisely what occurred here. The Court denied Defendants' Request for Judicial Notice outright for failure to comply with the Local Rule. This was not an isolated oversight by inexperienced counsel. Defendants are represented by multiple sophisticated law firms and experienced litigators who routinely practice in federal court. They were fully aware of the conferral requirement before filing ECF No. 71. The significance of the violation is amplified by the nature of the filing itself. Defendants did not submit a narrow procedural filing. Instead, they attempted to publicly file approximately eighty-five pages of exhibits containing unrelated litigation, criminal docket material, and filings from separate proceedings in a case that had already been dismissed – while omitting the underliying contexts and merits of those proceedings and presenting them solely to construct a prejudicial narrative against plaintiff – including selectively presenting sealed and expunged matters without disclosing their subsequent procedural resolution, including materials referencing a conviction later expunged, thereby creatibg a misleading and highly prejudicial narrative unsupported by the record and of who the Plaintiff is **_today_**.

## III. DEFENDANTS MISUSED JUDICIAL NOTICE AS A VEHICLE TO PUBLICLY DISSEMINATE PREJUDICIAL MATERIAL

Federal Rule of Evidence 201 permits judicial notice only of adjudicative facts that are not subject to reasonable dispute. Courts repeatedly recognize that judicial notice cannot be used as a substitute for advocacy or to draw disputed substantive conclusions from unrelated proceedings. In Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998-1003 (9th Cir. 2018), the Court warned against misuse of judicial notice doctrines to improperly insert disputed matters into the record. That principle applies here because Defendants attempted to use judicial notice as a vehicle to place unrelated and prejudicial material before the Court in a closed case. Likewise, in United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994), the Eleventh Circuit explained that judicial notice is improper where the matters are subject to dispute, interpretation, or contextual disagreement. The materials Defendants attached plainly required interpretation and context and therefore exceeded the proper scope of Rule 201. Defendants' filing did not seek notice of narrow adjudicative facts. Instead, it attempted to construct a narrative through unrelated filings and prejudicial material requiring interpretation and context.

## IV. THE FAILURE TO CONFER IS PARTICULARLY SIGNIFICANT UNDER THE CIRCUMSTANCES OF THIS CASE

The conferral requirement exists to reduce unnecessary motion practice, conserve judicial resources, and prevent needless escalation of litigation. Had Defendants complied with Rule 7.1(a)(3), Plaintiff could have raised the obvious concerns regarding the improper scope and prejudicial nature of the proposed filing before Defendants publicly docketed approximately eighty-five pages of unrelated materials. Instead, Defendants bypassed the conferral process

3

entirely and filed the material directly onto the public docket. Importantly, even after the Court denied ECF No. 71, the filing and exhibits nevertheless remained publicly accessible absent separate sealing or striking by the Court. That fact directly reinforces Plaintiff's pending Motion to Strike, Seal, or Redact because the public dissemination itself was part of the harm Plaintiff sought to prevent. The sequence of events therefore supports Plaintiff's position that Defendants' filing was not a good-faith procedural submission, but an unnecessary and improper expansion of the public record after dismissal of the case.

## V. SANCTIONS REMAIN WARRANTED

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." That authority applies here because Defendants continued unnecessary post-dismissal motion practice by filing ECF No. 71 in a closed case, attaching approximately eighty-five pages of unrelated and prejudicial material, without complying with Local Rule 7.1(a)(3), resulting in the Court's denial of the filing. The Court's inherent authority likewise permits sanctions where litigation conduct is undertaken in bad faith, for improper purpose, or in a manner that abuses the judicial process. In Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991), the Supreme Court confirmed that federal courts possess inherent authority to impose sanctions for bad-faith conduct and abuse of the judicial process. That authority applies here because Defendants filed sweeping prejudicial material into a dismissed case despite the narrow procedural posture before the Court. Similarly, in Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239-42 (11th Cir. 2007), the Eleventh Circuit affirmed that sanctions under § 1927 are appropriate where counsel knowingly pursues conduct

4

that unreasonably and vexatiously multiplies proceedings. That reasoning applies here because Defendants' filing required further motion practice and briefing entirely unrelated to the merits of a case that had already been resolved. The procedural posture strongly supports an inference of improper purpose because: - the underlying case had already been dismissed; - the remaining issue before the Court concerned Plaintiff's request to strike, seal, or redact prejudicial material; - Defendants nevertheless filed a sweeping judicial notice request attaching unrelated litigation and criminal material; - Defendants failed to comply with Local Rule 7.1(a)(3); - and the Court subsequently denied the filing for violating the Local Rules. The conferral violation is particularly significant under these circumstances because Defendants are sophisticated counsel fully familiar with federal practice and the Local Rules of this District. Compliance with Rule 7.1(a)(3) would have required Defendants to address Plaintiff's objections before publicly filing approximately **eighty-five pages** of unrelated exhibits into a dismissed case. Moreover, even after denial of ECF No. 71, the filing and exhibits nevertheless remained publicly accessible absent separate sealing or striking by the Court. That fact directly reinforces Plaintiff's pending Motion to Strike, Seal, or Redact and demonstrates why the improper filing caused continuing prejudice beyond adjudication of the motion itself. Plaintiff respectfully submits that substantial sanctions are warranted not merely to address a procedural violation, but to deter the deliberate misuse of the federal docket as a tool for reputational destruction after dismissal of an action. Rule 11 expressly provides that sanctions must be sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Courts likewise possess inherent authority to impose substantial sanctions for litigation conduct undertaken in bad faith or for improper purposes. See Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Here, Defendants' counsel—fully

5

aware that Plaintiff is a longtime professional entertainer and public-facing recording artist whose livelihood depends substantially upon public reputation—filed the largest and most expansive submission of the entire case only after the case had already been dismissed, attaching approximately fifteen exhibits consisting of unrelated litigation materials and highly prejudicial allegations, despite never filing anything remotely comparable during the active litigation itself. Most significantly, Defendants filed this extraordinary submission without complying with the mandatory conferral requirements of Local Rule 7.1(a)(3), strongly supporting the inference that the objective was not legitimate motion practice, but the public dissemination of damaging material onto the federal docket. The filing was subsequently denied by this Court, yet the reputational harm caused by the public dissemination of the material could not simply be undone once electronically filed and publicly accessible. Plaintiff further respectfully submits that nominal sanctions would not meaningfully deter comparable conduct under these circumstances. Courts addressing Scientology-related litigation conduct have previously made severe findings regarding abusive litigation tactics. Plaintiff is a 15-time Billboard charting recording artist whose professional reputation is central to his livelihood, and once highly prejudicial material is publicly disseminated through the federal docket, the resulting reputational and professional harm may be severe and irreversible. Plaintiff further respectfully submits that even a seven-figure sanction may have limited deterrent effect against an organization with substantial institutional resources and a documented history of aggressive litigation tactics, and that a nominal or modest sanction would likely be meaningless under the circumstances presented here. Accordingly, Plaintiff respectfully requests substantial sanctions, including monetary sanctions in the amount of $1,000,000, or such greater amount as the Court deems necessary to deter similar conduct, protect the integrity of the judicial process, and address the substantial

6

reputational and professional harm caused by Defendants' improper filing conduct. Accordingly, Plaintiff respectfully requests that the Court impose monetary and punitive sanctions sufficient to deter future misuse of the public docket and unnecessary multiplication of proceedings, together with such additional relief as the Court deems just and proper.

**CONCLUSION**

Plaintiff respectfully submits that substantial sanctions are warranted not merely to address a procedural violation, but to deter the deliberate misuse of the federal docket as a tool for reputational destruction after dismissal of an action. Rule 11 expressly provides that sanctions must be sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Courts likewise possess inherent authority to impose substantial sanctions for litigation conduct undertaken in bad faith or for improper purposes. See Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Here, Defendants' counsel—fully aware that Plaintiff is a longtime professional entertainer and public-facing recording artist whose livelihood depends substantially upon public reputation—filed the largest and most expansive submission of the entire case only after the case had already been dismissed, attaching approximately fifteen exhibits consisting of unrelated litigation materials and highly prejudicial allegations, despite never filing anything remotely comparable during the active litigation itself. Most significantly, Defendants filed this extraordinary submission without complying with the mandatory conferral requirements of Local Rule 7.1(a)(3), strongly supporting the inference that the objective was not legitimate motion practice, but the public dissemination of damaging material onto the federal docket. The filing was subsequently denied by this Court, yet the reputational harm caused by the public dissemination of the material could not simply be undone once electronically filed and publicly

7

accessible. Plaintiff further respectfully submits that nominal sanctions would not meaningfully deter comparable conduct under these circumstances. Courts addressing Scientology-related litigation conduct have previously made severe findings regarding abusive litigation tactics.

In *Religious Technology Center v. Scott*, the district court and Special Master found that Scientology entities had engaged in "massive over-litigation and other *highly questionable litigation tactics*," including destruction and concealment of documents, refusal to comply with court orders, needless multiplication of proceedings, and **frivolous motion practice**, ultimately resulting in a sanctions-related award approaching $2.9 million.

The Special Master further stated that he had "never seen a more glaring example of bad faith litigation than this." Plaintiff respectfully submits that these findings are highly relevant to deterrence because they demonstrate that courts previously identified similar abusive litigation tactics involving Scientology-affiliated entities decades ago, yet comparable tactics continue to appear. Defendants attempt to recast Plaintiff's Motion for Sanctions as though Plaintiff merely seeks sanctions because Defendants opposed a sealing motion, but that mischaracterizes both the procedural posture and the basis for the relief sought. Plaintiff does not dispute that litigants may oppose motions to seal or redact in appropriate circumstances. Rather, the issue is that Defendants used a dismissed case as a vehicle to publicly file approximately fifteen exhibits containing decades-old criminal material, unrelated litigation filings, and highly prejudicial narrative content far exceeding any legitimate need to oppose Plaintiff's motion. Defendants' own Opposition confirms this improper purpose, as Defendants expressly argue that the materials purportedly demonstrate Plaintiff's "dishonesty," "practice of filing lawsuits," "propensity for truthfulness," and similar character-based conclusions. Such advocacy goes far beyond the limited scope of Federal Rule of Evidence 201, which permits judicial notice only of

8

facts "not subject to reasonable dispute," not disputed character inferences or prejudicial narrative advocacy. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (judicial notice improper where matters require interpretation or contextual conclusions); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998-1003 (9th Cir. 2018) (warning against misuse of judicial notice doctrines to inject disputed or prejudicial material into proceedings). Moreover, Plaintiff's motion was never premised on disputing whether the exhibits existed, but rather on the improper and unnecessary manner in which Defendants used those materials to expand the public docket in a dismissed case. Even truthful material (and in this case disputed) may still be improperly used where its principal effect is unfair prejudice, harassment, reputational harm, or abuse of process rather than adjudication of a legitimate issue before the Court. See Fed. R. Evid. 403; Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (recognizing courts' authority to sanction abusive litigation conduct undertaken in bad faith); Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1224-25 (11th Cir. 2017) (confirming inherent authority to sanction conduct abusing the judicial process). Defendants repeatedly attempt to minimize the significance of ECF No. 71 by characterizing Plaintiff's Motion for Sanctions as an attack on ordinary adversarial motion practice. That is incorrect. The issue is not merely that Defendants opposed Plaintiff's post-dismissal motion, but that Defendants elected to publicly file approximately eighty-five pages of highly prejudicial exhibits through a procedurally defective Request for Judicial Notice that this Court subsequently denied for failure to comply with Local Rule 7.1(a)(3). The Court therefore never accepted, relied upon, or approved the challenged submission. Instead, the filing was rejected on procedural grounds after Defendants bypassed the mandatory conferral requirements applicable in this District. That procedural violation is particularly significant given the extraordinary scope and prejudicial nature of the materials

9

Defendants chose to publicly file in a dismissed case. Plaintiff respectfully submits that Defendants should not be permitted to benefit from publicly disseminating prejudicial material through a filing that the Court itself determined failed to comply with the Local Rules. To the extent Defendants argue Plaintiff raises "new issues" in this Reply, Plaintiff respectfully submits that a reply brief properly may respond to arguments first raised in an opposition brief and clarify the legal and factual implications of the opposing party's positions. See Herring v. Secretary, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) (reply arguments permissible where responsive to issues raised by opposing party). The sanction relief sought may sound extraordinary, but in this case it is not. The impact this will have on Plaintiff's career in incalculable.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Sanctions in the amount of $1,000,000 or greater – which is an amount that may seem outrageous but no less outrageous than what the Defendants did and how what they've done will impact the Plaintiff moving forward in his life and career as secondary websites have already displayed this material – which was the Defendants objective. (ECF No. 73), strike and/or seal ECF No. 47 & 71 and its attached exhibits, impose monetary and punitive sanctions requested above sufficient to deter future misconduct, and grant such additional relief as the Court deems just and proper.

Dated: May 8, 2026

Respectfully submitted,

Brian Evans

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

Plaintiff, Pro Se

I HEREBY CERTIFY that a true and correct copy of Plaintiff's Reply in Support of Motion for Sanctions and Supplemental Authority was served via U.S. Mail and/or electronic mail on May 8, 2026, upon the following counsel of record:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

Phone: (954) 991-5420

Fax: 1-(844) 670-6009

Email: aperlman@dickinsonwright.com,


Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd., Suite 1500

11

Miami, FL 33131

Phone: (305) 347-4081

Email: dan.lazaro@bipc.com,

Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 E. Las Olas Blvd., 1750

Fort Lauderdale, FL 33301

Phone: (305) 794-9781

Email: jvaquerano@dickinsonwright.com,

Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

Phone: (305) 755-9500

Fax: (305) 714-4340

Email: jelegant@bergersingerman.com,

Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

Phone: (949) 623-7200

Email: MStrub@jmbm.com

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

13



The UPS Store Smart Label

Tracking #

1Z361E83036313 4330

BRIAN EVANS
(954) 214-3078
APT 1505
2000 S OCEAN DR
HALLANDALE BEAC   FL 33009-6683

1 LBS        1 OF 1
SHP WT: 1 LBS
DATE: 08 MAY 2026

SHIP TO:
WILKIE D FERGUSON JR US COURTHOUSE
CLERK OF THE COURT
RM BN05
400 N MIAMI AVE

MIAMI  FL 33128-1805

FL 330 9-03

UPS GROUND
TRACKING #: 1Z 361 E83 03 6313 4330

BILLING: P/P

REC'D BY

MAY 11 2026
ANGELA E. NOBLE
CLERK U.S. DIST CT.
S. D. OF FLA. - MIAMI

REF #1: 9P



CLERK OF THE COURT
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128

P: GREEN3 S: TYELLO I: 302
M316-5450 X

12361E83036313 4330