UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION



FILED BY _____ D.C.

MAY 13 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No. 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff, Pro Se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,

Defendants.

## PLAINTIFF'S NOTICE OF OBJECTION AND CORRECTION REGARDING DEFENDANTS' FALSE CHARACTERIZATION OF PLAINTIFF AS HAVING A "FRAUD" CONVICTION

Plaintiff, Brian Evans, proceeding pro se, respectfully files this Notice of Objection and Correction concerning false statements contained within Defendants' Opposition to Plaintiff's Motion for Sanctions (ECF No. 78), and states as follows:

1. Plaintiff recently recognized that Defendants' Opposition to Plaintiff's Motion for Sanctions (ECF No. 78) contains repeated statements falsely characterizing Plaintiff as

having been "convicted for fraud" and/or having a "felony conviction for lying and theft."

2. Specifically, Defendants state at page 1 of ECF No. 78 that:

"Evans' prior conviction for fraud speaks to his dishonesty…"

3. Defendants further state at page 4 of ECF No. 78 that:

"relevant judicially noticeable facts and documents related to Evans' felony conviction for lying and theft…"

4. Those statements are false and materially misleading. Plaintiff was never convicted of fraud.

5. Plaintiff respectfully submits that this distinction is critically important because Defendants continue attempting to publicly characterize Plaintiff using inaccurate and inflammatory terminology untethered from the actual procedural history and court records before this Court.

6. Plaintiff further respectfully submits that the issue is particularly significant because prior filings in this matter already involved selective and misleading references to decades-old matters that Defendants attempted to use to construct a prejudicial public narrative concerning Plaintiff's character and truthfulness.

7. Moreover, the underlying court records previously submitted before this Court further reflect that the decades-old matters referenced by Defendants were expunged. Defendants nevertheless continue publicly characterizing Plaintiff as though he possesses a "fraud" conviction when no such conviction exists.

8. Plaintiff additionally notes that substantially similar misinformation previously resulted in separate litigation involving statements falsely characterizing Plaintiff as a "convicted felon," which Defendants and/or counsel are aware has already been the subject of prior dispute and resolution.

9. Plaintiff respectfully objects to Defendants' continued use of inaccurate criminal characterizations in public filings and respectfully requests that the Court consider this correction in evaluating the broader issues raised by Plaintiff's Motion for Sanctions, Motion to Strike/Seal, supplemental filings, and the reputational harm caused by Defendants' challenged filings. It furthermore reinforces that the Defendants are, in present tense, the Plaintiff is someone he is not in present tense to further defame and misconstrue reality. This should be additionally considered when ruling on Plaintiff's sanctions motion.

Plaintiff further respectfully submits that Defendants' repeated characterization of Plaintiff as having a "fraud conviction" **is demonstrably false and unsupported by the very records Defendants themselves placed before the Court**. The California documents referenced by Defendants reflect theft-related statutory references, not a conviction for any offense literally identified as "fraud." Defendants nevertheless repeatedly chose to publicly characterize Plaintiff as possessing a "fraud conviction" and as presently having a criminal history involving "dishonesty," despite the historical matters at issue having been expunged and despite no fraud conviction ever existing. This distinction is materially significant because Defendants are not merely neutrally describing historical records but are instead publicly attaching inflammatory and inaccurate present-tense characterizations designed to portray Plaintiff as inherently

dishonest and fraudulent in a manner unsupported by the underlying records themselves. The Defendants simply cannot help themselves when it comes to make false claims in this Court.

Plaintiff further respectfully submits that Defendants' attempt to publicly portray Plaintiff as inherently dishonest through inaccurate references to a nonexistent "fraud conviction" is particularly improper given the broader context of Defendants' own institutional litigation history. Scientology-affiliated entities have themselves been the subject of significant judicial findings and fraud-related proceedings internationally, including fraud convictions entered against Scientology entities in France and later affirmed by France's highest court. See, e.g., French Scientology group convicted of fraud, fined, Los Angeles Times (Oct. 28, 2009); French court upholds Scientology fraud conviction, CBS News (Feb. 2, 2012); France's highest appeals court upholds Scientology fraud conviction, Fox News (Oct. 16, 2013). Courts have additionally made severe findings concerning Scientology-related litigation conduct. See Religious Technology Center v. Scott (finding "massive over-litigation and other highly questionable litigation tactics"). Yet Plaintiff has not attempted to use those historical matters to broadly and permanently characterize every present-day attorney, affiliate, or individual associated with Defendants as inherently fraudulent or dishonest. Plaintiff respectfully submits that the issue before this Court is not the existence of historical allegations or proceedings, but the improper use of selective and inflammatory character narratives untethered from the actual procedural posture and underlying records in order to publicly portray an opposing litigant in the most damaging manner possible.

10. Plaintiff files this Notice solely to correct the record and to address the specific inaccurate statement contained within ECF No. 78.

Dated: May 12, 2026

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on May 12, 2026, upon all counsel of record, including:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

aperlman@dickinsonwright.com


Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd., Suite 1500

Miami, FL 33131

dan.lazaro@bipc.com


Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 E. Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

jvaquerano@dickinsonwright.com

Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

jelegant@bergersingerman.com


Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

MStrub@jmbm.com

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076



The UPS Store Smart Label

Tracking #

1Z361E83037103 0650



CLERK'S OFFICE MIAMI COURTHOUSE
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128

P:GREEN3 S:TRED    I:302
M316-5340 x

1Z361E83037103 0650
SAT08485 XLE RGLS1-3 May 13 00:53:14 2026
US 3313 UDC 25.9 SATOLR

BILLING: P/P

REF 01: YR

1 LBS    1 OF 1
SHP WT: 1 LBS
DATE: 12 MAY 2026

BRIAN EVANS
(954) 214-3076
APT 1505
200 S OCEAN DR
HALLANDALE BEAC    FL 33009-6983

SHIP TO:
WILKIE D FERGUSON JR US COURTHOUSE
CLERK S OFFICE MIAMI COUTRHOUSE COM
RM 8N09
400 N MIAMI AVE
MIAMI FL 33128-1805

FL 330 9-03

UPS GROUND
TRACKING #:  1Z 361 E83 03 7103 0650



REC'D BY

MAY 13 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

D.C.







**The UPS Store Smart Label**

Tracking #

1Z361E83037103 0650

