UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION



Case No. 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff, Pro Se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,

Defendants.

_____/

PLAINTIFF'S NOTICE OF OBJECTION TO EMAIL CORRESPONDENCE DIRECTLY TO

THE COURT

Plaintiff Brian Evans, proceeding pro se, respectfully files this Notice concerning Defendants' email correspondence directly to the Court regarding substantive procedural matters, and states as follows:

Plaintiff objects to Defendants' communication to the Court asserting that the above-captioned matter must be formally "re-opened" before the Court may consider Plaintiff's pending post-dismissal sanctions-related filings. That assertion is inaccurate as a matter of law.

1

Federal courts retain jurisdiction to adjudicate collateral matters, including sanctions motions and related post-dismissal proceedings, even after dismissal or entry of final judgment. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395–98 (1990) (holding Rule 11 sanctions are collateral to the merits and may be considered following dismissal); see also Willy v. Coastal Corp., 503 U.S. 131, 137–39 (1992) (recognizing authority to impose sanctions following dismissal because sanctions are collateral proceedings).

Plaintiff further notes that the Court has already referred Plaintiff's sanctions motion for a Report and Recommendation, confirming that post-dismissal consideration of such matters is procedurally proper and presently before the Court.

Plaintiff further notes that the sanctions-related issues presently before the Court are fully briefed. Plaintiff does not intend to file further motions concerning these matters and respectfully submits that additional conference proceedings are unnecessary where the relevant arguments and supporting materials are already before the Court in written form.

Plaintiff only responded to Defendants' email reluctantly, understanding that pro se litigants generally should not engage in direct email communications with the Court. Plaintiff respectfully submits that substantive procedural disputes are more appropriately addressed through formal filings on the docket so that all parties have a clear and equal opportunity to respond as necessary. Plaintiff does not intend to engage in further direct communications with the Court absent circumstances requiring a necessary objection or clarification for the record.

Dated: May 13, 2026

Respectfully submitted,

2



Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on

May 13, 2026, upon all counsel of record, including:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

aperlman@dickinsonwright.com

Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd., Suite 1500

Miami, FL 33131

dan.lazaro@bipc.com

3

Jennifer Julia Vaquero

Dickinson Wright PLLC

350 E. Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

jvaquero@dickinsonwright.com

Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

jelegant@bergersingerman.com

Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

MStrub@jmbm.com

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

4

(954) 214-3076

belasvegas@yahoo.com

**The UPS Store Smart Label**

**Tracking #**

1Z361E83037105 7935



REC'D BY _____
MAY 15 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CE.
S. D. OF FLA. MIAMI
_____ D.C.

BRIAN EVANS
(954) 214-3076
APT 1505
2080 S OCEAN DR
HALLANDALE BEAC  FL 33009-6683

SHIP TO:
ATTN  CLERK OF THE COURT
US DISTRICT COURT
RM 8N08
400 N MIAMI AVE

MIAMI   FL 33128-1805

FL 330 9-03

**UPS GROUND**
TRACKING #:  1Z 361 E83 03 7105 7935

BILLING: P/P

REF #1: CE
REF #2: EST NG

HHG6X6FJCUUC6 I6H 13.00C ZZP 458 16.5U 04/2028

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. When allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.



