UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

FILED BY_____D.C.

MAY 21 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No. 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff, Pro Se,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,

Defendants.

**PLAINTIFF'S OBJECTION REGARDING DEFENDANTS FALSE CHARACTERIZATION OF PLAINTIFF AS HAVING BEEN "CONVICTED OF LYING" AND FURTHER SUPPORT FOR PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Brian Evans, proceeding pro se, respectfully files this Objection and Supplemental Response regarding Defendants' continued false and inflammatory characterizations of Plaintiff in post-dismissal filings, and states as follows:

1. Plaintiff previously filed a Notice correcting Defendants' false assertion that Plaintiff had a "fraud conviction." Defendants nevertheless also publicly characterized Plaintiff as

1

having been "convicted of lying," despite the fact that no such conviction exists and no such crime exists.

2. Plaintiff was never convicted of any offense literally identified as "lying." Defendants nevertheless chose to publicly characterize Plaintiff in precisely those terms in filings placed on the public docket after dismissal of this matter.

3. Plaintiff extensively researched whether any criminal offense literally identified as "lying" exists within the relevant statutes or records and found none. Plaintiff was never convicted of any offense called "lying," and Defendants nevertheless repeatedly chose to publicly characterize Plaintiff as having been "convicted of lying" in filings placed upon the federal docket.

4. The issue before this Court is not merely semantics. Defendants are sophisticated, well-funded institutional litigants represented by multiple national law firms. Their use of inflammatory non-statutory terminology was deliberate and designed to maximize reputational harm to Plaintiff.

5. Defendants' post-dismissal filings were plainly intended to remain on the public record and to damage Plaintiff's reputation and career. Plaintiff is a 15-time Billboard charting recording artist and former 2018 congressional nominee. Defendants' repeated public filings falsely portraying Plaintiff as a person "convicted of fraud" and "convicted of lying" were designed to create the most damaging possible public narrative untethered from the actual historical records.

6. Plaintiff further notes that the historical matters repeatedly referenced by Defendants were decades-old matters from approximately 1990 or 1991 involving a bounced check matter which was expunged years ago. Nevertheless, Defendants continue attempting to portray Plaintiff in present tense as inherently dishonest and fraudulent despite no conviction for "fraud" ever existing and despite no conviction for "lying" existing whatsoever.

7. Defendants' own co-counsel previously settled separate litigation in Broward County involving false present-tense characterizations of Plaintiff as a "convicted felon" despite Plaintiff not being a convicted felon. Despite that prior dispute and resolution, Defendants nevertheless escalated their rhetoric further in this matter by publicly claiming Plaintiff was "convicted of fraud" and "convicted of lying."

8. Plaintiff respectfully submits that saying someone was "convicted of lying" is not an accurate description of any actual criminal offense and instead constitutes fictional and inflammatory terminology designed solely to prejudice Plaintiff in the public record.

9. Plaintiff additionally objects to Defendants' repeated attempts to portray Plaintiff as inherently dishonest. Plaintiff does not lie. Plaintiff has repeatedly gone to great lengths to accurately present facts and procedural history before this Court. Defendants' continued insistence on publicly characterizing Plaintiff through invented and inflammatory terminology only reinforces the exact misconduct underlying Plaintiff's Motion for Sanctions.

10. Plaintiff respectfully submits that this matter presents one of those rare circumstances where meaningful sanctions are necessary to deter future misconduct. These are deep-

pocketed institutional Defendants represented by multiple sophisticated law firms. Lesser measures will not deter continued abuse of the public docket as a reputational weapon against litigants.

11. Plaintiff further submits that Defendants' conduct is consistent with the broader pattern already discussed in prior filings, including the use of public filings to attempt to intimidate, smear, and economically destroy individuals who litigate against Scientology-affiliated entities. The Court should view Defendants' continued post-dismissal filings in that context.

12. Defendants have now repeatedly filed demonstrably false characterizations concerning Plaintiff even after dismissal of the underlying case. Their conduct goes beyond advocacy and instead constitutes an effort to permanently damage Plaintiff's reputation through knowingly inflammatory public filings unsupported by the actual record.

13. Defendants did not merely summarize statutory language or quote historical records. They instead invented inflammatory non-statutory terminology, publicly characterizing Plaintiff as having been "convicted of lying" despite no such offense existing and no such conviction appearing anywhere within the underlying records.

14. The extraordinary nature of the phrase itself demonstrates improper purpose. Defendants could have quoted statutory language directly if accuracy were their objective. Instead, they selected sensationalized terminology calculated to maximize reputational harm.

15. Federal courts retain jurisdiction over collateral sanctions issues after dismissal of the merits. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-98 (1990); Willy v. Coastal Corp., 503 U.S. 131 (1992); Chambers v. NASCO, Inc., 501 U.S. 32 (1991). Defendants' assertion that Plaintiff was required to "reopen" the case before seeking sanctions misstates established federal law regarding collateral sanctions jurisdiction.

16. Plaintiff respectfully submits that the Supreme Court has expressly recognized federal courts' inherent authority to sanction bad-faith litigation conduct, including false pleadings, abusive litigation tactics, and misuse of judicial proceedings. Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

17. Plaintiff respectfully requests that the Court give Defendants no leeway concerning these false public characterizations and consider this supplemental objection in ruling upon Plaintiff's Motion for Sanctions and related relief.

18. This is Plaintiff's final filing and asks this Court to grant the requested sanctions. Although the Plaintiff previously stated his final filing was the previous one, Plaintiff apologies to the Court but felt this needed to be brought to your attention as he just realized this additional framing of the Plaintiff – for which a crime doesn't even exist – that was additionally placed in Defendant's Opposition. The devastation this has caused, and will cause the Plaintiff, cannot be made clear enough to the Court. Now, the Defendants are even making up crimes that don't even exist. Defendants did not merely summarize records or paraphrase statutory language. They invented fictional, non-statutory terminology by publicly claiming Plaintiff was "convicted of lying," despite no such offense existing and no such conviction appearing anywhere in the record.

Dated: May 20, 2026

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, FL 33009

Telephone: 954-214-3076

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2026, I served a true and correct copy of the

foregoing by U.S. Mail and/or electronic mail upon:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

aperlman@dickinsonwright.com

Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd., Suite 1500

Miami, FL 33131

dan.lazaro@bipc.com

Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 E. Las Olas Blvd., Suite 1750

Fort Lauderdale, FL 33301

jvaquerano@dickinsonwright.com

Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

jelegant@bergersingerman.com

Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

MStrub@jmbm.com

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, FL 33009

Telephone: 954-214-3076

REC'D BY_____D.C.

MAY 21 2026

ANGELA E. NOBLE
CLERK U.S. DIST CT.
S.D. OF FLA - MIAMI

BRIAN EVANS
(954) 214-2879
APT 1505
2080 S OCEAN DR
HALLANDALE BEAC   FL 33009-6683

1 LBS      1 OF 1
SHP WT: 1 LBS
DATE: 20 MAY 2026

SHIP TO:
D FERGUSON JR US COURTHOUSE
OF THE COURT
MIAMI AVE
MI   FL 33128-1805

FL 330 9-03

ROUND

12 361 E83 83 6327 8177

BILLING: P/P

The UPS Store Smart Label

Tracking #

1Z361E83036327 8177



CLERK OF THE COURT
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128

P: GREEN3 S: TRED    1:302

M316-5015 ×

12361E83036327 8177