**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

        Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON, and
DOES 1–10.

        Defendants.

                              /

**DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH EXHIBITS PROVIDING CONTEXT REGARDING PLAINTIFF'S BACKGROUND, PROFESSIONAL HISTORY, PUBLIC ADVOCACY, AND REPUTATIONAL HARM**

## I.    INTRODUCTION

Pursuant to this Court's May 27, 2026 Order (ECF No. 84), Defendant Church of Scientology International ("CSI") opposes pro se Plaintiff Brian Evans' ("Evans") Motion for Leave to Supplement the Record with Exhibits Providing Context Regarding Plaintiff's Background, Professional History, Public Advocacy, and Reputational Harm in Support of Reply to Defendant's Opposition for Plaintiff's Motion for Sanctions (the "Motion to Supplement") (ECF No. 80). The Motion to Supplement should be denied because Evans has no good faith reason for not filing the proposed exhibits with his 10-page Reply. Moreover, the proposed exhibits are irrelevant to the issue before the Court on Evans' Motion for Sanctions: whether CSI acted in bad faith in opposing his Post-Dismissal Motion to Seal or Strike.

## II.    PROCEDURAL BACKGROUND

###     A.    Seemingly Short-Lived Litigation

On January 21, 2026, Evans filed his Complaint against CSI and Earthlink co-founder Sky Dayton (ECF No. 1), in which he claimed that over 30 years ago, Mr. Dayton cheated him out of a promised stake in Earthlink and facilitated the theft of a valuable baseball card. *Id.* Against CSI, Evans sought damages for CSI's alleged mailing of unsolicited religious materials—a constitutionally protected activity. *Id.* On March 4, 2026, CSI filed a Motion to Dismiss the Complaint with Prejudice (ECF No. 33), which was mooted by Evans' filing of a First Amended Complaint ("FAC") on March 13, 2026 (ECF No. 49). The FAC included a new but ambiguous allegation that CSI was somehow involved in the alleged theft of the baseball card in the 1990s. *Id.* On March 21, 2026, Evans filed a separate lawsuit in a Florida state court for defamation based on protected statements contained in, and public documents attached to, CSI's March 4, 2026 Motion to Dismiss (ECF No. 54-1). On March 23, 2026, Evans attempted to conflict out CSI's counsel from this action based on the alleged conflict arising from Evans' state court claims. (ECF No. 54). On April 1, 2026, before CSI filed a Motion to Dismiss the FAC, Plaintiff agreed to dismiss the entire action against the Defendants with prejudice (ECF No. 67), which this Court approved the same day (ECF No. 68). The litigation was seemingly over. Until it was not.

**B.      Evans' Post-Dismissal Effort to Seal the Record**

Despite this Court denying an earlier motion to seal based on Evans' failure to "establish a sufficient basis to justify sealing information in the case" (ECF Nos. 23, 31), Evans filed a second motion to seal (ECF No. 51) on March 16, 2026. Evans' March 16, 2026 motion to seal was not yet fully briefed before Evans stipulated and agreed "to the dismissal with prejudice of all claims and causes of action asserted by Plaintiff against Defendants in this case." (ECF No. 67). Nonetheless, after the Court approved the Stipulation and Order of Dismissal With Prejudice (ECF No. 68), Evans filed a Post-Dismissal Motion to Strike or Seal on April 9, 2026. (ECF No. 69).

Evans' Post-Dismissal Motion to Strike or Seal was substantially similar to his pre-dismissal Motion to Strike or Seal. (ECF Nos. 69, 51).  Importantly, his Post-Dismissal Motion to Strike or Seal seeks an order finding that the statements at issue were "false and defamatory." (ECF No. 69 at 4). Acknowledging his lack of conferral, Evans filed his Post-Dismissal Motion to Strike or Seal (ECF No. 69) while his state court defamation action against CSI's counsel was still pending. For those reasons, and because CSI has always denied that it or its counsel published false statements or "defamed" Evans, on April 23, 2026, CSI appropriately opposed Evans' Post-Dismissal Motion to Strike or Seal. (ECF Nos. 70-71).

### C.      Evans Seeks Post-Dismissal Sanctions Against CSI

On April 24, 2026, Evans filed a Motion for Sanctions against CSI (ECF No. 73) based on CSI's Opposition to Evans' Post-Dismissal Motion to Strike or Seal. (ECF Nos. 70-71). On May 8, 2026, CSI opposed the Motion for Sanctions (ECF No. 78), to which Evans filed his Reply on May 11, 2026. (ECF No. 79). Then on May 12, 2026, Evans filed the Motion to Supplement, now before this Court, in hopes of bolstering his Reply. (ECF No. 80).

### III.    LEGAL ARGUMENT

CSI did not respond to the Motion to Supplement prior to this Court's order for one simple reason: It seemed unnecessary and CSI did not wish to waste this Court's time or spend resources battling Evans' unending satellite filings over issues that have already been fulsomely briefed for the Court or dismissed with prejudice. Evans' practice of making unauthorized post-reply filings in this case alone speaks for itself. *See* ECF Nos. 34, 38, 75, 81 and 83. CSI's decision not to file an opposition to Evans' Motion to Supplement was in no way a concession that he should be allowed to introduce new exhibits to the record; rather, it was a deliberate choice to stop engaging with, and thereby encouraging, Evans' inappropriate and shotgun approach to litigation, especially

in the post-dismissal context. Even in the meantime, Evans has made three additional unauthorized filings styled as "Objections." (ECF Nos. 81, 82, 83). And shortly after this Court's Order (ECF No. 84) was entered, Evans confirmed via email that he "believes the reply will *substantially expand upon the issues already raised* concerning the accuracy, propriety, and purpose of Defendants' prior filings and conduct before the Court." (emphasis supplied).

Regardless, the Court should deny Evans' Motion to Supplement. No authorization exists in the Local Rules or Federal Rules of Civil Procedure for parties to supplement reply briefs with additional argument after filing. While this Court has inherent discretion to allow moving parties to supplement their reply briefs, to do so "as a regular practice would put the court in the position of refereeing an endless volley of briefs." *See* (ECF No. 36) *citing Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999). Here, there is no good cause to supplement the record with the proposed exhibits, all of which were available to Evans long before he filed his Reply. (ECF No. 80, Exs. A-I) (predating Evans' Moton for Sanctions). His Motion to Supplement does not, and cannot, offer a single valid reason for failing to attach the proposed exhibits to his Reply. Moreover, the proposed exhibits offer nothing new. They merely extend the narrative Evans originally made in his Motion for Sanctions concerning his reputation before CSI's court filings.

More importantly, the proposed exhibits are irrelevant to the issue before this Court on Evans' Motion for Sanctions: whether CSI acted in bad faith in opposing Evans' Post-Dismissal Motion to Seal or Strike; it did not. *See Peer v. Lewis*, 606 F.3d 1306, 1314-16 (11th Cir. 2010). Articles about Evans' singing career, his health, and his mother's death are irrelevant to this Court's analysis when determining whether sanctions are warranted; they are not. As demonstrated in CSI's briefs opposing sealing and sanctions (ECF Nos. 70, 79), CSI acted appropriately and in good faith when it repeated publicly available information and introduced public records going

directly to Evans' credibility and propensity for honesty. Evans notably has not, and cannot, dispute the accuracy of the public records supporting CSI's statements. (ECF No. 80 at 7-8). Because Evans' proposed exhibits are meaningless to the issue of sanctions, there is no reason to grant Evans' Motion to Supplement.

Finally, Plaintiff represents that he attempted to confer with CSI's undersigned counsel "by email correspondence on May 11, 2026 (the day before he filed the Motion) on multiple occasions." That is incorrect. Plaintiff sent one email approximately two hours before he filed his motion on May 12, 2026.

## IV.    CONCLUSION

Evans has not, and cannot, demonstrate good cause to supplement the record with the proposed exhibits, which are irrelevant to this Court's determination of Evans' sanctions motion. (ECF No. 80, Exs. A-I). This Court should deny the Motion to Supplement.

Dated: June 1, 2026

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant, Church of Scientology*
*International*
One Biscayne Tower
Two South Biscayne Boulevard, Suite 1500
Miami, FL 33131-1822
Phone: 305-347-4081

*/s/ Daniel R. Lazaro*
Daniel R. Lazaro, Esq.
Florida Bar No. 99021
dan.lazaro@bipc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2026, a true and correct copy of the foregoing was served upon all parties who are currently on the list to receive email notice/service for this case via the Court's CM/ECF System and/or U.S. mail to Plaintiff at 2080 South Ocean Drive, Apt. 1505, Hallandale Beach, Florida 33009.

By: */s/ Daniel R. Lazaro*
Daniel R. Lazaro, Esq.