UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:26-cv-20389-BB



FILED BY _____ D.C.

JUN 15 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL,

SKY DAYTON, and DOES 1–10,

Defendants.

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Plaintiff Brian Evans, proceeding pro se, respectfully moves for reconsideration of the Court's

Order denying Plaintiff's Motion for Leave to Supplement the Record and states as follows:

Plaintiff respectfully requests reconsideration because the Court's Order overlooks the unique

procedural circumstances that gave rise to Plaintiff's request for leave and results in manifest

1

unfairness.

Defendant's opposition to Plaintiff's Motion for Sanctions did not merely address the legal merits of sanctions. Instead, Defendant devoted substantial portions of its filing to allegations concerning Plaintiff's honesty, credibility, character, criminal history, and reputation.

Specifically, Defendant repeatedly characterized Plaintiff as dishonest, asserted that Plaintiff had a fraud conviction, referred to Plaintiff as a convicted felon, and represented to the Court that Plaintiff had engaged in conduct involving lying, theft, and fraud.

Those allegations were not peripheral. Defendant relied upon them in attempting to justify its conduct and oppose sanctions.

Plaintiff sought leave to supplement the record because Defendant elected to inject extensive character-based allegations into the sanctions proceedings. The proposed exhibits were intended to provide limited context regarding Plaintiff's background, professional history, public advocacy, reputation, and the inaccuracies contained within Defendant's characterizations.

The Court's Order states that Plaintiff failed to explain why the proposed exhibits were not filed with Plaintiff's Reply in support of the Motion for Sanctions.

Respectfully, the exhibits were not submitted with the Reply because the purpose of the exhibits was not to support Plaintiff's original sanctions arguments. Rather, the exhibits became

2

necessary only after Defendant chose to devote substantial portions of its opposition to allegations concerning Plaintiff's honesty, character, criminal history, and reputation. Plaintiff sought leave promptly after reviewing Defendant's filing and before filing any supplemental materials.

Unlike Defendant, Plaintiff did not simply file supplemental materials without authorization. Plaintiff first sought leave of Court before attempting to supplement the record.

The proposed exhibits were not intended as an unauthorized sur-reply. The exhibits did not advance new sanctions theories, new claims, new causes of action, or new requests for relief.

Instead, the proposed exhibits consisted of evidentiary materials addressing factual allegations first emphasized and expanded upon by Defendant.

Because the submission was evidentiary rather than argumentative, Plaintiff respectfully submits that characterizing the request as an unauthorized sur-reply overlooks the limited purpose for which leave was sought.

Plaintiff further notes that Defendant previously filed a motion that this Court struck for failure to comply with the applicable conferral requirements.

Although the Court appropriately struck that filing, the allegations contained therein had already been placed on the public docket.

3

Defendant did not merely file a procedurally defective motion. Defendant filed a motion containing extensive allegations concerning Plaintiff's honesty, credibility, criminal history, and reputation without first conferring as required by the Local Rules.

Plaintiff thereafter sought leave to provide a limited response addressing those allegations. Unlike Defendant, Plaintiff attempted to comply with the Court's procedures by seeking permission before filing supplemental materials.

Plaintiff respectfully objects to the result whereby Defendant was permitted to place extensive allegations concerning Plaintiff's honesty, credibility, criminal history, and character before the Court while Plaintiff's request for leave to provide a limited response and supporting context has been denied despite Plaintiff's effort to comply with procedural requirements.

Plaintiff further notes that Defendant's allegations were significant enough that Plaintiff reasonably believed a response was necessary to address both factual inaccuracies and resulting reputational harm.

Plaintiff has never been convicted of fraud.

Plaintiff has never been convicted of "lying."

To the extent Defendant referenced a decades-old matter, that matter was resolved many years

4

ago and was expunged. Nevertheless, Defendant presented those allegations in a manner suggesting present relevance to Plaintiff's character and credibility.

Plaintiff sought leave to provide context concerning those assertions after Defendant elected to place them before the Court.

The Court's Order states that the central issue is whether Defendant acted in bad faith.

Plaintiff respectfully agrees.

However, Defendant repeatedly relied upon allegations concerning Plaintiff's honesty, truthfulness, criminal history, and reputation in attempting to justify its conduct and oppose sanctions.

If Defendant knowingly made false, misleading, incomplete, or materially distorted assertions regarding Plaintiff's criminal history, honesty, and reputation, evidence demonstrating the falsity or misleading nature of those assertions bears directly on whether Defendant acted recklessly or in bad faith.

Defendant's state of mind cannot be evaluated in a vacuum.

Defendant cannot simultaneously rely upon allegations concerning Plaintiff's honesty, truthfulness, criminal history, and reputation as grounds for opposing sanctions while arguing

that evidence addressing those same subjects is irrelevant.

Once Defendant elected to place those matters before the Court, limited responsive evidence addressing the accuracy and context of those allegations became relevant to the Court's evaluation of Defendant's conduct.

Plaintiff respectfully submits that the Court should not evaluate Defendant's conduct based solely upon Defendant's characterization of Plaintiff while simultaneously prohibiting Plaintiff from providing limited responsive context concerning the same subjects.

The proposed exhibits did not assert new claims, new causes of action, or new sanctions theories.

The exhibits merely provided context regarding issues Defendant itself chose to place before the Court.

No prejudice would result from granting reconsideration. Defendant reviewed the proposed exhibits, addressed them in its opposition, and had a full opportunity to be heard.

Plaintiff respectfully submits that permitting Defendant's extensive character-based allegations to remain before the Court while denying Plaintiff an opportunity to provide responsive context results in an incomplete record concerning matters Defendant itself injected into the proceedings.

Reconsideration is therefore appropriate to prevent manifest injustice, ensure a complete and

6

balanced record, and permit the Court to evaluate the sanctions issues with the benefit of all relevant context concerning matters Defendant itself chose to place before the Court.

See Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (reconsideration may be appropriate to correct clear error or prevent manifest injustice).

The Court must take into consideration that, without Conferral, these Defendants filed a post-dismissal barrage of matters unrelated, stating that I was convicted of fraud, lying, which I never was – besmirching my character in a public record, which this Court struck for lack of conferral – and they claiming that the Plaintiff has no right to defend himself because he "knew about this earlier." The Plaintiff could not predict what the attorneys for these Defendants were capable of.

How would this Court feel if it claimed Your Honor was "convicted of fraud" and "convicted of lying" and stating in present tense that an 32 year old expunged conviction over a bounced check was being used against you – in the public record – as being a present tense felon. Then dumping a plethora of documents into the record – without conferral and for which was struck by *this court*, only to be told the Plaintiff cannot reply.

The attorneys in this case are Officers of The Court, and to honestly believe they "forgot to confer" while dumping into evidence filings and dishonest statements is not something this Court should tolerate – which was struck but still public record – and then to tell the Plaintiff, who did confer that "it's a sur-reply" is simply not accurate. The Plaintiff sought to defend himself and hold the attorneys, who the Defendants are equally responsible – against absolute lies before this Court, and the Court should not seek out reasons to defend their behavior. The Plaintiff is not a psychic, and could not know what the Defendants were going to say to Your Honor. But one

thing for sure, they would not do to you what they did to me.

WHEREFORE, Plaintiff Brian Evans respectfully requests that this Court reconsider its Order denying Plaintiff's Motion for Leave to Supplement the Record, permit the filing of the previously submitted exhibits, and grant such other and further relief as the Court deems just and proper.

CERTIFICATE OF CONFERRAL

Purusant to Local Rule 7.1(a)(3), conferral was not required because this motion seeks reconsideration of a Court Order.

Dated: June 12, 2026

Respectfully submitted,

Brian Evans

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Telephone: (954) 214-3076

8

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by First-Class

U.S. Mail, postage prepaid, on June 12, 2026, upon:

Daniel R. Lazaro, Esq.

Buchanan Ingersoll & Rooney PC

One Biscayne Tower

Two South Biscayne Boulevard, Suite 1500

Miami, Florida 33131-1822,

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Blvd

Suite 1750

Ft Lauderdale, FL 33301

954-991-5420

Fax: 1-844-670-6009

9

Email: aperlman@dickinsonwright.com,

Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 E Las Olas Blvd #1750

Fort Lauderdale, FL 33301

3057949781

Email: jvaquerano@dickinson-wright.com,

Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Ste. 1900

Miami, FL 33131

305-755-9500

Fax: 305-714-4340

Email: jelegant@bergersingerman.com,

Michael H. Strub , Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza Ste 1100

Irvine, CA 92614

(949) 623-7200

Email: MStrub@jmbm.com

Brian Evans

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Telephone: (954) 214-3076

Plaintiff, Pro Se

11



REC'D BY_____D.C.

JUN 15 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

1 OF 1

1 LBS
SHP WT: 1 LBS
DATE: 12 JUN 2026

BRIAN EVANS
(954) 214-3076
APT 1505
2080 S OCEAN DR
HALLANDALE BEAC   FL 33009-6683

SHIP TO:
WILKIE D FERGUSON JR US COURTHOUSE
CLERK OF THE COURT
RM BN09
400 N MIAMI AVE

MIAMI   FL 33128-1805

FL 330 9-03

UPS GROUND
TRACKING #:   1Z 361 E83 03 0228 6997

BILLING: P/P

REF #1: SP

CLERK OF THE COURT
400 N MIAMI AVE
RM BN09
MIAMI FL 33128

P:GREEN3 S:TYELLO I:302

M316-5000

1Z361E8303D228 6997

1Z361

The UPS