**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

        Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON, and
DOES 1–10.

        Defendants.

_____/

**DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S RESPONSE IN**
**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF**
<u>**ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**</u>

Defendant Church of Scientology International ("CSI") opposes Pro Se Plaintiff Brian

Evans' Motion for Reconsideration of Order Denying Motion for Leave to Supplement the Record

(ECF No. 90). On April 1, 2026, this Court entered a dismissal with prejudice of all Evans' claims

against CSI and its co-defendants. (ECF No. 68). On April 9, 2026, Evans filed a post-dismissal

Motion to Strike or Seal the Record (ECF No. 69), which CSI opposed. (ECF No. 70). Evans

sought sanctions against CSI for opposing his Motion to Strike or Seal the Record. (ECF No. 73).

Since filing his post-dismissal Motion to Strike or Seal the Record, Evans has sought to supplement

the record **_four_** times, including his latest filing on June 25, 2026. (ECF No. 75, 80, 87, 92). This

Court should deny Evans' Motion to Reconsider, as it should his subsequent efforts to supplement.

"Reconsideration is an extraordinary remedy to be employed sparingly." *Holland v.*

*Florida*, No. 06-CV-20182, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007) (citation and

internal quotation marks omitted). There are "three major grounds" that may justify the entry of

an order granting reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks omitted). A motion for reconsideration should not merely address issues litigated previously. *United States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020). "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *Id*. at 472 (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

Evans cannot meet the high burden of establishing that any of the three requirements for reconsideration exist. There has been no intervening change in controlling law, no new evidence has emerged, and he cannot articulate, let alone demonstrate, manifest injustice or clear error. Rather, he is merely relitigating his Motion to Supplement the Record and related reply brief (ECF No. 80, 86).  The simple truth remains that Evans' proposed supplemental documents are irrelevant to the issue before the Court regarding sanctions. As the Court concluded in the Order Denying Plaintiff's Motion (ECF No. 89), "the proposed exhibits are unnecessary for determining the central issue in the Motion for Sanctions– whether Defendant acted in bad faith," i.e., whether CSI opposed Evans' Motion to Seal or Strike in bad faith or whether CSI filed publicly-available documents in support of that opposition in bad faith. Nothing has changed, as the Court's ruling on the Motion for Sanctions will be based on CSI's actions, *not* Evans'. Accordingly, this Court should deny the Motion for Reconsideration.

Dated: June 26, 2026

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant, Church of Scientology International*
One Biscayne Tower
Two South Biscayne Boulevard, Suite 1500
Miami, FL 33131-1822
Phone: 305-347-4081

*/s/ Daniel R. Lazaro*
Daniel R. Lazaro, Esq.
Florida Bar No. 99021
dan.lazaro@bipc.com

3

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 26, 2026, a true and correct copy of the foregoing was served upon all parties who are currently on the list to receive email notice/service for this case via the Court's CM/ECF System and/or U.S. mail to Plaintiff at 2080 South Ocean Drive, Apt. 1505, Hallandale Beach, Florida 33009.

By: /s/ Daniel R. Lazaro
Daniel R. Lazaro, Esq.