UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

JUN 29 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

CASE NO. 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,

Defendants.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (ECF NO. 93)**

Plaintiff Brian Evans, proceeding pro se, respectfully submits this Reply to Defendant's Response (ECF No. 93) and states as follows:

## I. PROCEDURAL POSTURE

The procedural posture is important.

Plaintiff filed a Motion for Reconsideration (ECF No. 90).

The Court thereafter entered a Paperless Order denying that motion (ECF No. 91).

1

Following that ruling, Plaintiff filed a separate Motion for Leave to File Supplemental Declaration and Medical Exhibits (ECF No. 92). That motion sought different relief. Plaintiff expressly acknowledged the Court's prior rulings and did not ask the Court to reconsider ECF No. 91. Rather, Plaintiff requested only that the Court exercise its discretion to consider limited medical evidence explaining why certain information had been omitted before ruling upon the still-pending Motion for Sanctions.

Defendant thereafter filed ECF No. 93.

Although ECF No. 93 is expressly captioned as a response to Plaintiff's Motion for Reconsideration (ECF No. 90), Defendant repeatedly discusses ECF No. 92 throughout its filing and characterizes Plaintiff's Motion for Leave as merely another attempt to supplement the record.

Accordingly, Plaintiff files this Reply because Defendant has used ECF No. 93 to address issues relating to ECF No. 92 while filing its response as an opposition to ECF No. 90.

## II. DEFENDANT DOES NOT ADDRESS THE RELIEF REQUESTED BY ECF NO. 92

Defendant's filing repeatedly argues why reconsideration should be denied.

That issue had already been resolved by the Court in ECF No. 91.

The question presented by ECF No. 92 is different.

ECF No. 92 asks whether Plaintiff's documented medical circumstances—including ongoing cancer treatment, multiple surgeries, PTSD treatment, and the resulting effects upon memory and concentration—constitute good cause for permitting a limited supplemental declaration before the Court rules upon the pending Motion for Sanctions.

Defendant does not meaningfully address that question.

Instead, Defendant simply characterizes ECF No. 92 as another attempt to supplement the record without addressing the documented medical evidence or explaining why those medical circumstances do not constitute good cause for the limited discretionary relief requested.

## III. CONCLUSION

If Defendants believed that ECF No. 92 was procedurally improper or should be denied, Plaintiff respectfully submits that the appropriate course would have been to file an opposition directed to ECF No. 92 and address the relief actually requested therein. Instead, Defendants filed a response directed to ECF No. 90—which had already been denied by ECF No. 91—while using that response to characterize ECF No. 92 without substantively addressing whether Plaintiff's documented medical circumstances constitute good cause for the limited discretionary relief requested. Instead, the Defendants attempt to avoid Docket 92 and the medical evidence and argument altogether by replying to a motion (Docket 90) that the Court already issued an Order in Docket 91 as the Defendants seeks to skip over what was actually a live pleading given Your Honor already issued an Order on the motion for which they are replying for no apparent reason other than to avoid the filing in Docket 92.

Plaintiff files a Sworn Affidavit as **Exhibit A**.

For these reasons, Plaintiff respectfully submits that Defendant's Response does not address the actual relief requested in ECF No. 92. Plaintiff therefore respectfully requests that the Court evaluate ECF No. 92 on its own merits and determine whether the medical circumstances presented constitute good cause for the limited relief requested.

Respectfully Submitted,

3



Brian Evans

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail, first-class postage prepaid, upon all counsel of record on June 26, 2026, addressed as follows:

Alan J. Perlman

Dickinson Wright PLLC

350 East Las Olas Boulevard, Suite 1750

Fort Lauderdale, FL 33301


Daniel R. Lazaro

Buchanan Ingersoll & Rooney PC

2 South Biscayne Boulevard, Suite 1500

Miami, FL 33131


Jennifer Julia Vaquerano

Dickinson Wright PLLC

350 East Las Olas Boulevard, Suite 1750

Fort Lauderdale, FL 33301


Justin B. Elegant

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131


Michael H. Strub, Jr.

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614


Respectfully submitted,

Brian Evans

2080 South Ocean Drive, Suite 1505

Hallandale Beach, FL 33009

Plaintiff, Pro Se

(954) 214-3076

5