**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

       Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON, and
DOES 1–10.

       Defendants.

_____ /

## DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND MEDICAL EXHIBITS

Defendant Church of Scientology International ("CSI") opposes Pro Se Plaintiff Brian Evans' Motion for Leave to File Supplemental Declaration and Medical Exhibits (ECF No. 92). Since filing a post-dismissal Motion to Strike or Seal the Record, Evans has sought to supplement the record *four* times, including this latest filing on June 25, 2026. (ECF No. 75, 80, 87, 92). This Court should deny Evans' latest Motion to Supplement.

While the Motion to Supplement references a declaration, it does not attach one.[1] Instead, the three proposed exhibits include two exhibits (A and C) that Evans previously sought to supplement the record with (*Compare* ECF No. 92-1 at p. 2 with ECF No. 80 at p. 25 *and* ECF No. 92-1 at p. 6 with ECF No. 80 at p. 36). This Court denied Evans' motion to supplement the record with those exhibits as those exhibits (and many others) were unnecessary for determining

_____

[1] While Evans subsequently filed a Declaration (ECF No. 94-1), it does not change this analysis.

the central issue in the Motion for Sanctions. (ECF No. 89). The Court also denied Evans' motion

for reconsideration of that Order. (ECF No. 91). Nothing has changed, as the Court's ruling on the

Motion for Sanctions will be based on CSI's actions, *not* Evans'.

Evans' proposed exhibit B to this Motion to Supplement is a letter signed by a nurse

practitioner which states that as of the letter date (June 2, 2026), Evans is unable to travel. (ECF

No. 92-1 at p. 4). This letter is similarly irrelevant and unnecessary for determining the central

issue in the Motion for Sanctions; i.e., whether CSI opposed Evans' Motion to Seal or Strike in

bad faith or whether CSI filed publicly-available documents in support of that opposition in bad

faith. Contrary to Evans' arguments, there is no good cause to consider his medical exhibits this

time that did not exist previously.

Accordingly, this Court should deny the latest Motion to Supplement.

Dated: June 29, 2026

> **BUCHANAN INGERSOLL & ROONEY PC**
> *Attorneys for Defendant, Church of Scientology International*
> One Biscayne Tower
> Two South Biscayne Boulevard, Suite 1500
> Miami, FL 33131-1822
> Phone: 305-347-4081
>
> */s/ Daniel R. Lazaro*
> Daniel R. Lazaro, Esq.
> Florida Bar No. 99021
> dan.lazaro@bipc.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 29, 2026, a true and correct copy of the foregoing was served upon all parties who are currently on the list to receive email notice/service for this case via the Court's CM/ECF System and/or U.S. mail to Plaintiff at 2080 South Ocean Drive, Apt. 1505, Hallandale Beach, Florida 33009.

By: /s/ *Daniel R. Lazaro*
Daniel R. Lazaro, Esq.

3