**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20389-BLOOM/Elfenbein**

BRIAN EVANS,

     Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON,
and DOES 1-10,

     Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE, SEAL, OR REDACT**
**DEFAMATORY AND SCANDALOUS MATTER FROM THE RECORD**

**THIS CAUSE** is before the Court upon Plaintiff's Post-Dismissal Motion to Strike, Seal, or Redact Defamatory and Scandalous Matter from the Record, ECF No. [69] ("Motion"). Defendant Church of Scientology International filed a Response, ECF No. [70], to which Plaintiff filed a Reply, ECF No. [74], and a Supplemental Filing in Support, ECF No. [75]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.  BACKGROUND

On April 1, 2026, the parties filed a Stipulation of Dismissal with Prejudice, stating the parties agree to dismiss with prejudice all claims and causes of action Plaintiff asserts against Defendants in this case. *See* ECF No. [67]. The case was dismissed with prejudice on April 3, 2026. ECF No. [68]. Plaintiff then filed the instant Motion requesting that the Court strike, seal, or redact false and defamatory statements contained in the public record. ECF No. [69] at 2.

Plaintiff identifies statements in Defendant Church of Scientology International's Reply Memorandum of Law in Support of its Motion to Dismiss Complaint, ECF No. [47] ("Defendant's Reply"), that characterize Plaintiff as a "convicted felon" and "incarcerated." ECF No. [67] at 2. Plaintiff argues those statements are "in the present tense" and are false. *Id.* Plaintiff argues the statements were not necessary to resolve the merits of the case, were not required for the Court to adjudicate any dispositive issue, and the present-tense accusation is "profoundly inflammatory and carries obvious reputational harm." *Id.* at 2-3. Plaintiff requests that the Court strike such statements from the public record, place Defendant's Reply under seal or restricted access, or require Defendant to strike Defendant's Reply and file a redacted version. *Id.* at 4.

Defendant responds that Plaintiff's Motion should be denied on procedural and substantive grounds. ECF No. [70] at 1. Defendant argues Fed. R. Civ. P. 12(f) permits striking portions of a *pleading* but does not permit striking portions of a brief. *Id.* at 1-2. Plaintiff cannot overcome the presumption that the public is entitled to access the court record because the statements relate to a criminally dishonest act, which is directly relevant to Plaintiff's claims and are relevant in civil cases. *Id.* (citing Fed. R. Evid. 609(a)(1)). Defendant further argues the statements are true and that Plaintiff has acknowledged he was convicted of a felony in 1991 and subsequently incarcerated. *Id.* Plaintiff's is merely disputing the legal effect of a California dismissal order, which Plaintiff contends does not alter the legality of the previous conviction nor signify that a defendant is innocent of the crime to which he pleaded guilty. *Id.* Defendant further argues that striking the statements would be futile given numerous references to Plaintiff's felony conviction in the public record. *Id.*

## II.  DISCUSSION

"[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–74 (1980)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Where a court "attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Newman v. Graddick*, 696 F.2d 796, 802-03 (11th Cir.1983); *see also Brown*, 960 F.2d at 1015-16 (11th Cir.1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir.1992).

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . .  Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016)).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); s*ee also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Although the court has broad discretion in exercising the power to strike, the ability to strike is usually considered to be drastic and often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at \*2 n.2 (M.D. Fla. February 15, 2013) (calling Rule 12(f) a "draconian sanction").

Rule 12(f) does not extend to filings that are not pleadings, such as motions and briefings. *See Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019) ("Plaintiff's motion to strike asks this court to strike two motions, not pleadings. Rule 12(f) does not authorize such relief."); *Harrison v. Belk, Inc.*, 748 Fed. App'x 936, 940 (11th Cir. 2018) ("[A] motion for summary judgement is no 'pleading' and, thus, may not be attacked by a motion to strike under Fed. R. Civ. P. 12(f)."). However, a court may strike pleadings and motions pursuant to its inherent power. *See Silva*, 333 F.R.D. at 248 n.2; *Fisher v. Whitlock*, 784 F. App'x 711, 713-14 (11th Cir. 2019) ("The district court did not abuse its discretion in exercising its inherent power to manage its docket to strike Fisher's motion.").

Here, Plaintiff's argument that the statements should be stricken because they refer to his criminal record in the present tense does not overcome the presumption of public access, especially where Plaintiff's criminal history is a matter of public record, which Plaintiff himself has acknowledged in his pre-dismissal Motion to Strike. *See* ECF No. [51]; *see also Gubarev v.*

*Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1257 (S.D. Fla. 2019) ("[I]f information is or already has been out in the public domain, sealing is unwarranted."). Therefore, the Court does not find that the statements Plaintiff identifies in Defendant's Reply warrant the drastic remedy of striking the statements or placing the filing under seal.

## III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [69]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 20, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record