**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20389-BLOOM/Elfenbein**

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON,
and DOES 1-10,

Defendants.
______________________________/

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO STRIKE, SEAL, OR REDACT DEFAMATORY AND SCANDALOUS MATTER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration of Order Denying Motion to Strike, Seal, or Redact Defamatory and Scandalous Matter, ECF No. [101] ("Motion"). Defendant Church of Scientology International filed a Response, ECF No. [103], to which Plaintiff filed a Reply, ECF No. [104]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

On April 1, 2026, the parties filed a Stipulation of Dismissal with Prejudice, stating the parties agreed to dismiss with prejudice all claims and causes of action Plaintiff asserted against Defendants in this case. *See* ECF No. [67]. The case was thereupon dismissed with prejudice on April 3, 2026. ECF No. [68]. Plaintiff then filed a motion requesting that the Court strike, seal, or redact false and defamatory statements contained in the public record. ECF No. [69] at 2. Plaintiff

argued that statements made in Defendant Church of Scientology International's Reply Memorandum in Support of its Motion to Dismiss Complaint, ECF No. [47], characterized Plaintiff as a "convicted felon" and "incarcerated" in the present tense. The Court denied the motion finding that the statements did not warrant the drastic remedy of striking or sealing, and Plaintiff failed to overcome the presumption of public access, especially where Plaintiff's criminal history was a matter of public record. *See* ECF No. [100] at 4-5.

Plaintiff filed the instant Motion asking the Court to reconsider its decision, arguing a manifest error of law because the Court failed to consider the legal effect of the California dismissal orders and failed to exercise its inherent authority to correct inaccurate and harmful statements in the record. ECF No. [101] at 2. Plaintiff contends that because the California dismissal orders changed his legal status, the Court's failure to address the legal effect of those orders is a manifest error of law and an abuse of discretion because it rests on an incomplete legal analysis of the issue presented. *Id.* at 4.

Defendant responds that Plaintiff has not met his burden to show reconsideration is necessary and he is merely relitigating previous arguments. ECF No. [103] at 2. Whether a California state court dismissed or expunged Plaintiff's criminal record is not relevant to the Court's determination on a motion to strike or seal. *Id.* Even if the Court were to reconsider its Order and consider the California orders, Plaintiff still cannot overcome the public's access to court records. *Id.* at 3.

Plaintiff replies that Defendant's characterization of his criminal record is false and that the present-tense nature of Defendant's statement must be corrected. ECF No. [104] at 2-3. He argues the Court's failure to distinguish between historical fact and inaccurate present-tense statements constitutes manifest error. *Id.* at 3.

## II. DISCUSSION

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.' " *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)).

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v.*

*Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)). Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI,

2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Plaintiff does not meet his burden to show reconsideration is warranted. The Court did not err in failing to consider the effect of the California orders. Even assuming the California orders changed Plaintiff's legal status, Plaintiff's criminal history, including the California orders, is a matter of public record, and Defendant's present-tense statements do not rise to a level to warrant the drastic remedy of striking the statements or sealing the documents. Therefore, there is no basis for the Court to reconsider its prior order.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [101]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record