**EXHIBIT A**

*(Proposed Notice of Supplemental Authority)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,
Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON, and
DOES 1–10,
Defendants.

---

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.8, Plaintiff Brian Evans respectfully submits this Notice of Supplemental Authority.

On August 20, 2026, Magistrate Judge Edwin G. Torres entered a Paperless Order in *Evans v. United States of America et al.*, Case No. 1:26-cv-24244-EGT (S.D. Fla.), granting Plaintiff's Motion for Referral to the Volunteer Attorney Program. A true and correct copy of the Notice of Electronic Filing reflecting that Order is attached as Exhibit 1 to this Notice.

Plaintiff paid the full filing fee in that case and did not proceed *in forma pauperis*. The United States case was one of the actions previously characterized as appearing frivolous in a related federal order. Plaintiff was required to file a copy of that order into the United States case. The next judicial action after that filing was Magistrate Judge Torres granting the motion for referral to the Volunteer Attorney Program.

If the case were truly frivolous, the Court had every available tool to dismiss it—under 28 U.S.C. § 1915(e), the Court's inherent authority, or Rule 12 screening. It did none of those

things. Instead, it referred the case for potential volunteer counsel. Courts do not refer cases they believe are frivolous; they dismiss them. The sequence of events undercuts any claim that Plaintiff's federal filings establish a pattern of frivolous litigation.

Respectfully submitted,

Brian Evans
2080 South Ocean Drive, #1505
Hallandale Beach, FL 33009
(954) 214-3076
Plaintiff Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on the date of filing, a true and correct copy of this Notice of Supplemental Authority will be served on counsel of record via the Court's CM/ECF system and/or by U.S. Mail as follows:

Alan J. Perlman
Dickinson Wright PLLC
350 East Las Olas Blvd, Suite 1750
Fort Lauderdale, FL 33301
Email: aperlman@dickinsonwright.com

Daniel R. Lazaro
Buchanan Ingersoll & Rooney PC
2 South Biscayne Blvd, Suite 1500
Miami, FL 33131
Email: dan.lazaro@bipc.com

Jennifer Julia Vaquerano
Dickinson Wright PLLC
350 E Las Olas Blvd #1750
Fort Lauderdale, FL 33301
Email: jvaquerano@dickinson-wright.com

Justin B. Elegant
Berger Singerman LLP

1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Email: jelegant@bergersingerman.com

Michael H. Strub, Jr.
Jeffer Mangels & Mitchell LLP
3 Park Plaza Ste 1100
Irvine, CA 92614
Email: MStrub@jmbm.com

________________________________________
Brian Evans

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

*Plaintiff,*

*v.*

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,**

*Defendants.*

_______________________________________/

**ORDER DECLARING PLAINTIFF BRIAN EVANS A VEXATIOUS LITIGANT AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Brian Evans's "Motion for Leave to file Supplemental Exhibits and Limited Statement Regarding Personal Jurisdiction" [ECF No. 41] and his "Motion for Leave to File Notice of Supplemental Correspondence Relevant to Pending Jurisdictional Questions" [ECF No. 44] (the "Motions"). Defendants responded to the second motion, arguing that Plaintiff is a vexatious litigant who should be enjoined from filing further documents in this District without leave of court. [ECF No. 46]. Plaintiff replied, arguing that he is not a vexatious litigant, and that if anything, Defendants are. [ECF No. 47]. Plaintiff has already been warned by the undersigned and his colleagues that filing continued, vexatious papers in this Court will result in sanctions, including dismissal of this case with prejudice. [ECF No. 39]; *see, e.g.*, *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA, Paperless Order (ECF No. 14) (S.D. Fla. July 17, 2026) (Altman, J.) (noting Plaintiff's "frivolous filing clogs our docket and wastes scarce court resources"). After further review, the Court finds Plaintiff is a vexatious litigant. His serial, spurious filings have burdened this District for long enough.

This Court "has the jurisdiction to protect itself against the abuses that litigants like [Plaintiff] visit upon it." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986); *see Santana v. Frank Sufka Fam. Tr. Fund,* 2026 WL 1492775, at *3 (M.D. Fla. May 28, 2026) ("If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served. Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith."). Indeed, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F. 2d at 1073. The Eieventh Circuit has long approved the imposition of sanctions, including pre-filing restraints, to deter vexatious litigants from clogging the federal courts' dockets. *See Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

The Court must issue this order for three reasons.

First, as the Court noted in its July 10, 2026 order, Plaintiff's conduct in this case has been "aimed at unreasonably and vexatiously raising the costs of litigation for Defendants, this Court, and Magistrate Judge Louis." [ECF No. 39 at 2]. Plaintiff has now filed ***eleven*** meritless "notices of supplemental authority" or motions for leave to file supplemental authority—all of which, the Court notes, bear the indicia of AI-generated material. [ECF Nos. 18, 19, 21, 26, 30, 32, 35, 37, 38, 41, 44]. The July 10 order struck five of Plaintiff's "notices of supplemental authority" as vexatious, and warned him that "filing additional, vexatious notices of supplemental authority may result in monetary sanctions under 28 U.S.C. § 1927 and may result in dismissal of his case ***with prejudice*** and ***without further notice***." [ECF No. 39 at 2]. Plaintiff's latest Motions are just as spurious as the ones that came before them. [*See* ECF Nos. 41, 44].

Second, it appears this entire case is designed to harass Defendants. According to the Complaint, the case arises from a dispute between Plaintiff and Creative Artists Agency, LLC

("CAA"). [*See* ECF No. 1]. Plaintiff, who lives in Florida, sued CAA and an individual in a separate lawsuit in this District. [ECF No. 1 at 5]; *see Evans v. Creative Artists Agency, LLC, et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025). CAA also initiated arbitration proceedings against Plaintiff in Los Angeles before the arbitration firm Signature Resolution. [*See* ECF No. 1-2 at 2–5]. In an email thread with Signature Resolution about the arbitration invoices, Defendant Chad Fitzgerald, a lawyer at Defendant Kinsella Holley Iser Kump Steinsapir LLP, argued arbitration was proper under an arbitration agreement between Plaintiff and CAA. [*Id.* at 2]. He also wrote that CAA had "not yet formally appeared in the Florida case and [had] moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction." [*Id.* at 5–6; ECF No. 1-2 at 1]. Plaintiff brought this lawsuit two weeks later, alleging Fitzgerald's email constituted "fraud on the judiciary" and that it harmed him to the tune of $5 million (though he fails to specify a single harm he suffered). [*See id.* at 7–11].

Third, and most important here, Plaintiff has filed no fewer than ***fifteen*** *pro se* cases in this District since 2025, all of which appear frivolous. *Evans v. Creative Artist Agency, LLC et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025); *Evans v. Hampton Beach Casino Ballroom, Inc. et al.*, No. 1:25-cv-25491-EGT (S.D. Fla. 2025); *Evans v. StubHub, Inc.*, No. 0:25-cv-61708-RS (S.D. Fla. 2025); *Evans v. Cerberus Capital Management, L.P. et al.*, No. 0:25-cv-62282-AHS (S.D. Fla. 2025); *Evans v. City National Bank*, No. 0:25-cv-62656-WPD (S.D. Fla. 2025); *Evans v. Citibank, N.A.*, No. 26-cv-23008 (S.D. Fla. 2026); *Evans v. Inter Miami CF, LLC*, No. 0:26-cv-60543-RS (S.D. Fla. 2026); *Evans v. Signature Resolution, LLC*, No. 0:26-cv-60779-JMS (S.D. Fla. 2026); *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA (S.D. Fla. 2026); *Evans v. Fitzgerald et al.*, No. 1:26-cv-20342-DSL (S.D. Fla. 2026); *Evans v. Church of Scientology International et al.*, No. 1:26-cv-20389-BB (S.D. Fla. 2026); *Evans v. Signature Resolutions, LLC*, No. 1:26-cv-21451-CMA (S.D. Fla. 2026); *Evans v. Thompson*, No. 1:26-cv-24682-RKA (S.D. Fla. 2026); *Evans v. Citibank, N.A.*, No. 0:26-cv-61268-AHS (S.D. Fla. 2026); *Evans*

*v. United States of America et al.*, No. 1:26-cv-24244-EGT (S.D. Fla. 2026).

Filing lawsuits in federal court is not a hobby or an alternative to social media posting. Plaintiff's serial filings have wasted the time and resources of the undersigned, his colleagues, and the parties and attorneys forced to deal with them.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Brian Evans is a vexatious litigant pursuant to 28 U.S.C. § 1651(a). He is **ENJOINED** and **PROHIBITED** from filing any new document—including, but not limited to, any action, complaint, petition, motion, or notice—in the Southern District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

    a. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Evans must attach to each such motion: (i) a copy of any proposed complaint, petition, or other document; (ii) a copy of this Order; and (iii) a certification under oath that there is a good faith basis for filing any complaint, petition, or other document.

    b. If the senior Magistrate Judge's review results in a finding that Evans's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file the case and assign in according to the normal procedures.

    c. If the senior Magistrate Judge's review results in a finding that the action is frivolous, that action will not be filed with the Court but instead will be returned to Evans.

    d. Should Evans violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

2. The Complaint [**ECF No. 1**] is **DISMISSED WITH PREJUDICE**.

3. **No later than August 7, 2026**, Plaintiff shall file a copy of this Order in every case pending in this district in which he is a Plaintiff. Failure to do so may result in financial sanctions *without further notice*.

4. The *Clerk of Court* shall send a copy of this Order to all divisions of the Southern District of Florida.

5. The Clerk of Court is instructed to **CLOSE** this case. All deadlines are **TERMINATED** and all pending motions, if any, are **DENIED as moot**.

6. Defendants may file a motion for reasonable attorneys' fees by August 21, 2026.

**DONE AND ORDERED** in the Southern District of Florida on August 3, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

**EXHIBIT C**

**CERTIFICATION UNDER PENALTY OF PERJURY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,
Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.,
Defendants.

---

I, Brian Evans, Plaintiff pro se in the above-captioned action, hereby certify and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of eighteen and competent to make this certification. I have personal knowledge of the facts stated herein.

2. I have read the Order Declaring Plaintiff Brian Evans a Vexatious Litigant and Dismissing Case with Prejudice entered on August 3, 2026, in *Evans v. Fitzgerald et al.*, Case No. 1:26-cv-20342-DSL (S.D. Fla.) (the "Leibowitz Order").

3. Pursuant to the requirements of the Leibowitz Order, I seek leave to file the proposed Notice of Supplemental Authority attached as Exhibit A to the accompanying Motion for Leave to File Pursuant to Court Order.

4. There is a good faith basis for filing the proposed Notice of Supplemental Authority. The Notice brings to the Court's attention a subsequent Paperless Order entered by Magistrate Judge Edwin G. Torres on August 20, 2026, in *Evans v. United States of America et al.*, Case No. 1:26-cv-24244-EGT (S.D. Fla.), granting a motion for referral to the Volunteer Attorney Program. That Order is relevant to issues raised by Defendant Church of Scientology International's Notice of Supplemental Authority (ECF No. 105) citing the Leibowitz Order in

opposition to Plaintiff's Motion for Sanctions.

5. The proposed Notice is limited to the citation of subsequent judicial authority under Local Rule 7.8. It does not seek to relitigate dismissed claims, introduce new legal theories, or expand the scope of any pending motion beyond the relevance of the cited authority.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2026, at Hallandale Beach, Florida.

Brian Evans
Plaintiff Pro Se

*Note: Exhibit B (true and correct copy of the Leibowitz Order, Case No. 1:26-cv-20342-DSL, ECF No. 48) must be attached by Plaintiff prior to filing. Exhibit 1 to the proposed Notice (the NEF / Paperless Order of Magistrate Judge Torres in 1:26-cv-24244-EGT) must likewise be attached by Plaintiff prior to filing.*