**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | | |
|---|---|---|
| IN RE: BRIAN EVANS' REQUEST FOR | ) | CASE NO. 1:26-cv-20389-BB |
| LEAVE TO FILE A DOCUMENT IN | ) | |
| EVANS v. CHURCH OF SCIENTOLOGY | | |
| INTERNATIONAL, et al. | | |

FILED BY [signature] D.C.
SEP 09 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## MOTION FOR LEAVE TO FILE PURSUANT TO COURT ORDER

Plaintiff Brian Evans respectfully moves for leave to file the proposed Motion for Status Regarding Pending Motion for Sanctions attached as **Exhibit A**.

The Court's August 3, 2026 Order declares Plaintiff a vexatious litigant and requires prior written approval from the senior Magistrate Judge in the pertinent division before Plaintiff files a new document in this District, except in currently pending cases. The Order requires a motion for leave to be captioned "Motion for Leave to File Pursuant to Court Order" and to include: (1) the proposed document; (2) a copy of the August 3, 2026 Order; and (3) a certification under oath of a good-faith basis for the proposed filing.

Plaintiff provides each required item and no additional exhibit. Exhibit A is the proposed Motion for Status Regarding Pending Motion for Sanctions**. Exhibit B** is the August 3, 2026 Order currently under appeal with the 11th Circuit Court of Appeals. **Exhibit C** is Plaintiff's certification under penalty of perjury under 28 U.S.C. § 1746.

The proposed filing is limited to a status request concerning Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority, ECF No. 73. Plaintiff filed

ECF No. 73 on April 24, 2026. The Court referred it to Magistrate Judge Marty Fulgueira Elfenbein on May 5, 2026. Defendant responded on May 8, 2026, and Plaintiff replied on May 11, 2026.

The Court subsequently denied Plaintiff's requests to supplement the sanctions record and stated on July 17, 2026 that it would rule on ECF No. 73 "in due course." On August 4, 2026, Defendant filed a Notice of Supplemental Authority concerning ECF No. 73, and Plaintiff responded on August 5, 2026. No further merits briefing or submission concerning ECF No. 73 has been directed by the Court. The proposed Motion therefore respectfully submits that ECF No. 73 is fully submitted and ripe for resolution on the present record.

The proposed filing does not seek to add evidence, introduce legal authority, supplement the record, reargue the merits of ECF No. 73, or revisit the Court's rulings on ECF Nos. 80, 90, or 92. It seeks only confirmation that the sanctions motion is ripe and a status update or disposition when practicable.

Plaintiff acknowledges that his Motion for Leave to File Pursuant to Court Order, ECF No. 108, remains pending in Case No. 1:26-cv-20389-BB. ECF No. 108 concerns a proposed notice of supplemental authorities and is separate from this proposed, non-merits status request.

WHEREFORE, Plaintiff respectfully requests leave to file the proposed Motion for Status Regarding Pending Motion for Sanctions in Case No. 1:26-cv-20389-BB.

Dated: September 4, 2026.

Respectfully submitted,

Brian Evans

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

belasvegas@yahoo.com

Plaintiff, pro se

Brian Evans

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

) CASE NO. 1:26-cv-20389-BB

BRIAN EVANS, )
Plaintiff, )
v. )
CHURCH OF SCIENTOLOGY )
INTERNATIONAL, et al., )
Defendants.

**NOTICE FOR STATUS REGARDING PENDING MOTION FOR SANCTIONS**

Plaintiff Brian Evans respectfully requests a status update concerning Plaintiff's Notice for Status Regarding Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority, ECF No. 73.

Plaintiff filed ECF No. 73 on April 24, 2026. The Court referred ECF No. 73 to Magistrate Judge Marty Fulgueira Elfenbein on May 5, 2026. Defendant filed its opposition on May 8, 2026, and Plaintiff filed his reply on May 11, 2026.

The Court denied Plaintiff's later requests to supplement the sanctions record. In doing so, the Court held that the proposed supplemental material was extraneous and irrelevant to the central sanctions inquiry—whether Defendant acted in bad faith. The Court stated that it would issue a ruling on ECF No. 73 "in due course."

Defendant filed a Notice of Supplemental Authority concerning ECF No. 73 on August 4, 2026, and Plaintiff filed a response the next day. No further briefing has been ordered, and no further submission is sought through this Motion.

The sanctions motion is therefore fully submitted and ripe for resolution on the existing record. Plaintiff does not seek to supplement the record, introduce evidence or additional authority, reargue ECF No. 73, challenge any prior ruling, or raise the subject matter previously rejected in the Court's orders on ECF Nos. 80, 90, and 92.

Plaintiff respectfully requests that the Court advise whether any action is required from Plaintiff or resolve ECF No. 73 when practicable.

Dated: September 4, 2026.

Respectfully submitted,

Brian Evans
2080 South Ocean Drive, #1505
Hallandale Beach, Florida 33009
belasvegas@yahoo.com
Plaintiff, pro se

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

*Plaintiff,*

*v.*

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,**

*Defendants.*
_________________________________/

**ORDER DECLARING PLAINTIFF BRIAN EVANS A VEXATIOUS LITIGANT AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Brian Evans's "Motion for Leave to file Supplemental Exhibits and Limited Statement Regarding Personal Jurisdiction" [ECF No. 41] and his "Motion for Leave to File Notice of Supplemental Correspondence Relevant to Pending Jurisdictional Questions" [ECF No. 44] (the "Motions"). Defendants responded to the second motion, arguing that Plaintiff is a vexatious litigant who should be enjoined from filing further documents in this District without leave of court. [ECF No. 46]. Plaintiff replied, arguing that he is not a vexatious litigant, and that if anything, Defendants are. [ECF No. 47]. Plaintiff has already been warned by the undersigned and his colleagues that filing continued, vexatious papers in this Court will result in sanctions, including dismissal of this case with prejudice. [ECF No. 39]; *see, e.g.*, *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA, Paperless Order (ECF No. 14) (S.D. Fla. July 17, 2026) (Altman, J.) (noting Plaintiff's "frivolous filing clogs our docket and wastes scarce court resources"). After further review, the Court finds Plaintiff is a vexatious litigant. His serial, spurious filings have burdened this District for long enough.

This Court "has the jurisdiction to protect itself against the abuses that litigants like [Plaintiff] visit upon it." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986); *see Santana v. Frank Sufka Fam. Tr. Fund,* 2026 WL 1492775, at *3 (M.D. Fla. May 28, 2026) ("If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served. Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith."). Indeed, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F. 2d at 1073. The Eleventh Circuit has long approved the imposition of sanctions, including pre-filing restraints, to deter vexatious litigants from clogging the federal courts' dockets. *See Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

The Court must issue this order for three reasons.

First, as the Court noted in its July 10, 2026 order, Plaintiff's conduct in this case has been "aimed at unreasonably and vexatiously raising the costs of litigation for Defendants, this Court, and Magistrate Judge Louis." [ECF No. 39 at 2]. Plaintiff has now filed ***eleven*** meritless "notices of supplemental authority" or motions for leave to file supplemental authority—all of which, the Court notes, bear the indicia of AI-generated material. [ECF Nos. 18, 19, 21, 26, 30, 32, 35, 37, 38, 41, 44]. The July 10 order struck five of Plaintiff's "notices of supplemental authority" as vexatious, and warned him that "filing additional, vexatious notices of supplemental authority may result in monetary sanctions under 28 U.S.C. § 1927 and may result in dismissal of his case ***with prejudice*** and ***without further notice***." [ECF No. 39 at 2]. Plaintiff's latest Motions are just as spurious as the ones that came before them. [*See* ECF Nos. 41, 44].

Second, it appears this entire case is designed to harass Defendants. According to the Complaint, the case arises from a dispute between Plaintiff and Creative Artists Agency, LLC

("CAA"). [*See* ECF No. 1]. Plaintiff, who lives in Florida, sued CAA and an individual in a separate lawsuit in this District. [ECF No. 1 at 5]; *see Evans v. Creative Artists Agency, LLC, et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025). CAA also initiated arbitration proceedings against Plaintiff in Los Angeles before the arbitration firm Signature Resolution. [*See* ECF No. 1-2 at 2–5]. In an email thread with Signature Resolution about the arbitration invoices, Defendant Chad Fitzgerald, a lawyer at Defendant Kinsella Holley Iser Kump Steinsapir LLP, argued arbitration was proper under an arbitration agreement between Plaintiff and CAA. [*Id.* at 2]. He also wrote that CAA had "not yet formally appeared in the Florida case and [had] moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction." [*Id.* at 5–6; ECF No. 1-2 at 1]. Plaintiff brought this lawsuit two weeks later, alleging Fitzgerald's email constituted "fraud on the judiciary" and that it harmed him to the tune of $5 million (though he fails to specify a single harm he suffered). [*See id.* at 7–11].

Third, and most important here, Plaintiff has filed no fewer than ***fifteen*** *pro se* cases in this District since 2025, all of which appear frivolous. *Evans v. Creative Artist Agency, LLC et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025); *Evans v. Hampton Beach Casino Ballroom, Inc. et al.*, No. 1:25-cv-25491-EGT (S.D. Fla. 2025); *Evans v. StubHub, Inc.*, No. 0:25-cv-61708-RS (S.D. Fla. 2025); *Evans v. Cerberus Capital Management, L.P. et al.*, No. 0:25-cv-62282-AHS (S.D. Fla. 2025); *Evans v. City National Bank*, No. 0:25-cv-62656-WPD (S.D. Fla. 2025); *Evans v. Citibank, N.A.*, No. 26-cv-23008 (S.D. Fla. 2026); *Evans v. Inter Miami CF, LLC*, No. 0:26-cv-60543-RS (S.D. Fla. 2026); *Evans v. Signature Resolution, LLC*, No. 0:26-cv-60779-JMS (S.D. Fla. 2026); *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA (S.D. Fla. 2026); *Evans v. Fitzgerald et al.*, No. 1:26-cv-20342-DSL (S.D. Fla. 2026); *Evans v. Church of Scientology International et al.*, No. 1:26-cv-20389-BB (S.D. Fla. 2026); *Evans v. Signature Resolutions, LLC*, No. 1:26-cv-21451-CMA (S.D. Fla. 2026); *Evans v. Thompson*, No. 1:26-cv-24682-RKA (S.D. Fla. 2026); *Evans v. Citibank, N.A.*, No. 0:26-cv-61268-AHS (S.D. Fla. 2026); *Evans*

*v. United States of America et al.*, No. 1:26-cv-24244-EGT (S.D. Fla. 2026).

Filing lawsuits in federal court is not a hobby or an alternative to social media posting. Plaintiff's serial filings have wasted the time and resources of the undersigned, his colleagues, and the parties and attorneys forced to deal with them.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Brian Evans is a vexatious litigant pursuant to 28 U.S.C. § 1651(a). He is **ENJOINED** and **PROHIBITED** from filing any new document—including, but not limited to, any action, complaint, petition, motion, or notice—in the Southern District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

    a. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Evans must attach to each such motion: (i) a copy of any proposed complaint, petition, or other document; (ii) a copy of this Order; and (iii) a certification under oath that there is a good faith basis for filing any complaint, petition, or other document.

    b. If the senior Magistrate Judge's review results in a finding that Evans's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file the case and assign in according to the normal procedures.

    c. If the senior Magistrate Judge's review results in a finding that the action is frivolous, that action will not be filed with the Court but instead will be returned to Evans.

    d. Should Evans violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

2. The Complaint [**ECF No. 1**] is **DISMISSED WITH PREJUDICE**.

3. **No later than August 7, 2026**, Plaintiff shall file a copy of this Order in every case pending in this district in which he is a Plaintiff. Failure to do so may result in financial sanctions *without further notice.*

4. The ***Clerk of Court*** shall send a copy of this Order to all divisions of the Southern District of Florida.

5. The Clerk of Court is instructed to **CLOSE** this case. All deadlines are **TERMINATED** and all pending motions, if any, are **DENIED as moot**.

6. Defendants may file a motion for reasonable attorneys' fees by August 21, 2026.

**DONE AND ORDERED** in the Southern District of Florida on August 3, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| IN RE: BRIAN EVANS' REQUEST FOR LEAVE TO FILE A DOCUMENT IN EVANS v. CHURCH OF SCIENTOLOGY INTERNATIONAL, et al. | ) ) | CASE NO. 1:26-cv-20389-BB |

**CERTIFICATION UNDER PENALTY OF PERJURY OF GOOD-FAITH BASIS FOR FILING**

I, Brian Evans, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I seek leave to file the proposed Motion for Status Regarding Pending Motion for Sanctions attached as Exhibit A.

2. Plaintiff's Motion for Sanctions, ECF No. 73, was filed on April 24, 2026. Defendant filed an opposition, and Plaintiff filed a reply. The Court referred the Motion for Sanctions to Magistrate Judge Marty Fulgueira Elfenbein.

3. The Court has denied Plaintiff's efforts to supplement the sanctions record and stated that it would rule on ECF No. 73 in due course.

4. The proposed filing has a good-faith basis because it requests only a status update or disposition of ECF No. 73 on the existing record.

5. The proposed filing does not seek to supplement the record, offer evidence, raise additional merits arguments, reargue ECF No. 73, relitigate any decided question, harass any person, cause delay, or serve any improper purpose.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2026.

________________________________
Brian Evans

BRIAN EVANS
2080 SOUTH OCEAN DRIVE - SUITE 1505
HALLANDALE BEACH, FLORIDA 33009

MIAMI FL 330
5 SEP 2026

1776 ★ 2026 USA FOREVER
1776 ★ 2026 USA FOREVER
1776 ★ 20 USA FORE

Clerk of The Court
US District Court of So. Florida
299 E. Broward Blvd
#108
Ft. Lauderdale, FL
33301

33301-197799