**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-20389-BLOOM/Elfenbein

**BRIAN EVANS**,

Plaintiff,

v.

**CHURCH OF SCIENTOLOGY INTERNATIONAL,** *et al.*

Defendants.
_________________________________/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR SANCTIONS**

**THIS CAUSE** is before the Court on Plaintiff Brian Evans's ("Plaintiff") Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority (the "Motion"), ECF No. [73]. Defendant Church of Scientology International ("Defendant") has filed its Response in Opposition to the Motion (the "Response"), ECF No. [78], and Plaintiff has filed a Reply in Support of the Motion (the "Reply"), ECF No. [79]. The Honorable Beth Bloom referred the Motion to the undersigned "for a Report and Recommendations." ECF No. [77]. For the reasons explained below, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Sanctions, **ECF No. [73]**, be **DENIED**.

## I. BACKGROUND

Plaintiff initiated this action against Defendants, filing claims of fraudulent inducement, religious coercion, retaliatory exclusion, unjust enrichment, conversion of personal property, and intentional infliction of emotional distress allegedly perpetrated by Defendants after Plaintiff refused to join the Church of Scientology. *See* ECF No. [1] at 1. After Defendants moved to dismiss the original Complaint, Plaintiff filed an Amended Complaint alleging claims against

Defendants for fraudulent inducement, conversion, intentional infliction of emotional distress, and intrusion upon seclusion arising from a "prolonged pattern of coercive and unwanted recruitment efforts directed toward Plaintiff after he declined participation in Scientology programs" and arising from Defendant Sky Dalton's alleged representations that "Plaintiff would participate in a developing internet venture that later became associated with EarthLink." *See* ECF No. [49] at 1-2. Approximately three weeks later, the Parties filed a Stipulation of Dismissal with Prejudice, which the Court adopted, dismissing the case in its entirety on April 3, 2026. *See* ECF No. [68].

Six days later, on April 9, 2026, Plaintiff filed a Post-Dismissal Motion to Strike, Seal, or Redact Defamatory and Scandalous Matter from the Record ("Motion to Strike"). *See* ECF No. [69]. Within the Motion to Strike, Plaintiff states that, in Defendant's Reply in support of its Motion to Dismiss, ECF No. [47], it falsely represented that Plaintiff is a "convicted felon" and is "incarcerated," so he asks the Court to seal or strike those references in the Reply *See* ECF No. [69] at 2–3. In response, Defendant filed its Opposition to Plaintiff's Post-Dismissal Motion to Strike, arguing that the Motion to Strike should be denied because Defendant's statements were true and no Federal Rule of Civil Procedure permits striking a motion or a portion of a motion. *See* ECF No. [70] at 1–2.

On the same day, Defendant also filed a Request for Judicial Notice in Support of Opposition to Plaintiff's Post-Dismissal Motion to Strike ("Request for Judicial Notice"). *See* ECF No. [71]. It is this filing that is the basis for Plaintiff's request for sanctions in the Motion. Defendant's Request for Judicial Notice contained fifteen exhibits consisting of Plaintiff's previous complaints filed in the Southern District of Florida, a 1990 criminal docket in which Plaintiff was the charged defendant, and other filings from various state court cases involving Plaintiff. *See* ECF Nos. [71-1]-[71-15]. On April 24, 2026, Plaintiff filed an Opposition to

Defendant's Request for Judicial Notice, *see* ECF No. [72], and on May 5, 2026, the Court entered a paperless order denying the request for failing to comply with the conferral requirement of Local Rule 7.1(a)(3), *see* ECF No. [76].

Against this backdrop, Plaintiff argues in the Motion that Defendant's Request for Judicial Notice constitutes an unreasonable and vexatious multiplication of proceedings under 28 U.S.C. § 1927 because the submission injected irrelevant material into a post-dismissal proceeding, amplified reputational harm to Plaintiff, forced unnecessary motion practice, and increased the burden on both Plaintiff and the Court. *See* ECF No. [73] at 3. Alternatively, Plaintiff argues the Court may impose sanctions under this Court's inherent authority for Defendant's bad-faith conduct in filing the Request for Judicial Notice as it was filed for an improper purpose and was an abuse of the judicial process. *See* ECF No. [73] at 2.

On May 8, 2026, Defendant filed its Response arguing that it acted reasonably when filing the Request for Judicial Notice as it sought to challenge the procedural and substantive failings of Plaintiff's Motion to Strike. *See* ECF No. [78] at 4. Defendant contends that the information Plaintiff seeks to strike or seal is directly relevant to the credibility of Plaintiff's allegations against Defendant. *See* ECF No. [78] at 1–2. In support of its position, Defendant explains that Plaintiff's prior fraud conviction and numerous *pro se* cases speak to his alleged dishonesty and practice of filing lawsuits against apparently high-net-worth defendants. *See* ECF No. [78] at 1–2. Defendant further explains that a litigant has every right to oppose an opponent's motion to seal or strike material from the docket "by challenging whether the plaintiff has met the burden of showing good cause, even when the information concerns the plaintiff's own privacy or proprietary concerns." *See* ECF No. [78] at 3. For these reasons, Defendant argues that its submission of this evidence,

which was obtained from the public record, cannot support a showing of bad faith, so Plaintiff's Motion should be denied. *See* ECF No. [78] at 3.

On May 11, 2026, Plaintiff filed his Reply, arguing that although Defendant's Request for Judicial Notice has been denied, the exhibits nevertheless remain publicly accessible, and as such, the Court should sanction Defendant for filing "sweeping prejudicial material" into a dismissed case. *See* ECF No. [79] at 4–5. Plaintiff also argues that the Court's denial of the Request for Judicial Notice under Local Rule 7.1(a)(3) "strongly support[s] the inference that the objective was not legitimate motion practice, but the public dissemination of damaging material onto the federal docket." *See* ECF No. [79] at 7.

Importantly, while the Motion was pending, the Court entered an Order denying Plaintiff's Motion to Strike. *See* ECF No. [100]. After explaining the burden a litigant must satisfy to seal documents from public view, the Court concluded that Plaintiff's argument seeking to strike statements characterizing him as a "convicted felon" and "incarcerated" "does not overcome the presumption of public access, especially where Plaintiff's criminal history is a matter of public record, which Plaintiff himself has acknowledged in his pre-dismissal Motion to Strike." *See* ECF No. [100] at 4. Because of this presumption of public access, the Court found that "the drastic remedy of striking the statements or placing the filing under seal" was not warranted. *See* ECF No. [100] at 5. The Court thereafter denied Plaintiff's Motion for Reconsideration in which he asked that it reconsider the decision not to strike or seal the statements. *See* ECF No. [107] at 5.

## II. LEGAL STANDARD

### a. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. There are three requirements for an award of sanctions under 28 U.S.C. § 1927: (1) "an attorney must engage in unreasonable *and* vexatious conduct;" (2) "this conduct must multiply the proceedings;" and (3) "the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *See Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (emphasis in original). This statute is not a "'catch-all' provision for sanctioning objectionable conduct by counsel," *id.*, and it applies only to attorneys or persons who are authorized to practice before the courts, not to parties. *Bernal v. All American Realty*, 479 F. Supp. 2d 1291, 1331 (S.D. Fla. 2007).

"[A]n attorney multiplies the proceedings 'unreasonably and vexatiously'" within the meaning of § 1927 "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007); *Schwartz*, 341 F.3d at 1225 ("'Bad faith' is the touchstone" of § 1927). "'[B]ad faith' turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Amlong & Amlong*, 500 F.3d at 1239. Indeed, the terms "unreasonably" and "vexatiously" require a comparison of the attorney's conduct to the conduct of a "reasonable" attorney to determine "whether the conduct was acceptable according to some objective standard." *Id.* While an attorney's subjective intent may help inform a finding of bad faith, in order to rise to the level of bad faith, the lawyer must "'knowingly or recklessly pursue[] a frivolous claim or engage[] in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.'" *Id.* at 1242 (quoting *Schwartz*, 341 F.3d at 1225). "[N]egligent conduct, standing alone, will not support a finding of bad faith under § 1927." *Id.* at 1241-42. As to multiplication of the proceedings, a district court may impose sanctions for

egregious conduct by an attorney even if the attorney acted without intent to multiply the proceedings. *Id.* at 1241. Indeed, "under section 1927, attorneys are obligated to avoid dilatory tactics throughout the entire litigation." *Bryne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001).

**b. Inherent Authority**

Federal courts have the inherent power to control the proceedings and conduct of the parties. *See In re Mroz*, 65 F.3d 1567, 1574–75 (11th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). "While the other sanction mechanisms only reach certain individuals or conduct, 'the inherent power extends to a full range of litigation abuses.'" *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting *Chambers*, 501 U.S. at 46). This power is multi-faceted and includes the power to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers*, 501 U.S. at 43. The power to punish for contempt is inherent in all courts, and it "reaches both conduct before the court and beyond its confines," and the underlying concern giving rise to the contempt power was disobedience of judicial orders regardless of whether such disobedience interfered with conducting a trial. *See id.*; *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987).

Relevant here, the court's inherent powers also include the power to control and discipline attorneys appearing before it. *See In re Mroz,* 65 F.3d at 1575. Because of their potent nature, the court's inherent powers are "exercised with restraint and discretion." *Id.* As such, a court may assess attorney's fees in narrowly defined circumstances, including as a sanction for willful disobedience of a court order or when a party has acted in bad faith, wantonly, vexatiously or oppressively. *See Chambers*, 501 U.S. at 45–46; *see also Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015) (explaining that sanctions under the Court's inherent

authority may include monetary penalties, adverse inferences, and the striking of claims and defenses).

The Eleventh Circuit has held that "[t]he key to unlocking a court's inherent power is a finding of bad faith." *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citation omitted). When assessing whether an award is proper under the bad-faith standard, the question focuses primarily on the conduct and motive of a party, rather than the validity of the case. *See Barnal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1336 (S.D. Fla. 2007). A court does not need direct evidence of subjective bad faith. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224 (11th Cir. 2017). Rather, a court may sanction conduct "so egregious that it could only have been committed in bad faith." *See id.* Such a finding is appropriate where "an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *See id.* When considering sanctions under the court's inherent power, "the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under [28 U.S.C.] § 1927." *Peer*, 606 F.3d at 1316.

## III. DISCUSSION

In the Motion, Plaintiff seeks a finding that Defendant's Request for Judicial Notice "was filed for an improper purpose and constitutes an abuse of the judicial process" as well as an award of reasonable costs and expenses incurred by Plaintiff in responding to the filing. *See* ECF No. [73] at 1, 6-7. Specifically, Plaintiff seeks sanctions pursuant to either 28 U.S.C. § 1927 or this Court's inherent authority. *See* ECF No. [73] at 1. The Court will address whether sanctions are appropriate under either standard.

**a. Sanctions Under 28 U.S.C. § 1927**

As explained above, Plaintiff's request for sanctions is based solely upon Defendant's filing of its Request for Judicial Notice, ECF No. [71]. *See* ECF No. [73] at 2. In support of his argument for sanctions under § 1927, Plaintiff contends that the filing constitutes vexatious and unreasonable conduct because it constitutes a "deliberate escalation" that introduced "irrelevant and harmful material into a closed case for the apparent purpose of reinforcing and amplifying reputational harm." *See* ECF No. [73] at 2. Plaintiff further takes issue with the Request for Judicial Notice because, instead of responding to the Motion to Strike, it contains more court documents of the same type Plaintiff sought to strike, seal, or redact from the record. *See* ECF No. [73] at 2. In his Reply, Plaintiff further argues that the Court's Order denying the Request for Judicial Notice for failure to confer under Local Rule 7.1(a)(3) is further support for "the inference that the objective was not legitimate motion practice, but the public dissemination of damaging material onto the federal docket." *See* ECF No. [79] at 7.

Defendant, on the other hand, argues that its conduct was reasonable because a litigant has every right to oppose a motion to seal or strike material from the docket "by challenging whether the [moving party] has met the burden of showing good cause, even when the information concerns [the moving party's] own privacy or proprietary concerns." *See* ECF No. [78] at 3. The Request for Judicial Notice here was filed in support of Defendant's Response opposing Plaintiff's Motion to Strike, which in turn sought to strike or seal a prior reference in the docket to Plaintiff being a "convicted felon" and being "incarcerated." *See* ECF No. [78] at 3.

An award of sanctions is only appropriate under 28 U.S.C. § 1927 if an attorney (1) engages in unreasonable and vexatious conduct and (2) such conduct multiplies the proceedings. *See Schwartz*, 341 F.3d at 1225. And, as discussed above, the inquiry is an objective one of whether

the attorney acted in bad faith. *Amlong & Amlong,* 500 F.3d at 1239-42. That is, the attorney must "'knowingly or recklessly pursue[] a frivolous claim or engage[] in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.'" *Id.* at 1242.

In this case, the Court does not find that Defendant's submission of official court documents filed in support of its Response to Plaintiff's Motion to Strike constituted a knowing or reckless pursuit of a frivolous claim or otherwise involved engagement in litigation tactics to obstruct the litigation of non-frivolous claims. Defendant filed its Request for Judicial Notice in conjunction with and in support of its Response to Plaintiff's Motion to Strike. *See* ECF Nos. [70] and [71]. Starting with Defendant's Response to the Motion to Strike, Defendant addresses why the Court should deny Plaintiff's request to strike the statements in its Reply in support of the Motion to Dismiss, ECF No. [47]. *See* ECF No. [70]. The accompanying Request for Judicial Notice, in turn, supplies publicly available documents cited in the Response to the Motion to Strike, ECF No. [70], and referenced generally in the subject Reply, ECF No. [47]. Those documents consist of filings in state and federal legal proceedings, including the criminal docket documenting Plaintiff's prior felony conviction. *See* ECF No. [71]. Defendant did not submit these documents without reason or in a vacuum. Defendant submitted them to challenge Plaintiff's request to strike or seal portions of Defendant's Reply at ECF No. [47]. It bears noting that Defendant's challenge to Plaintiff's Motion to Strike was successful as the Court denied Plaintiff's request to strike or seal those portions of the Reply and further denied Plaintiff's request for reconsideration. *See* ECF Nos. [100], [107]. Thus, not only was Defendant's opposition to the Motion to Strike not frivolous; it was meritorious. Simply put, this conduct does not amount to bad faith.

Plaintiff also contends that the Paperless Order denying the Request for Judicial Notice constitutes strong support to show that the filing was not legitimate motion practice. However,

Plaintiff reads too much into the Court's denial of the Request for Judicial Notice. In denying the request, the Court cited to Local Rule 7.1(a)(3), which provides in pertinent part: "Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . . Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion . . ." S.D. Fla. L.R. 7.1(a)(3). The Paperless Order makes clear that the Court denied the Request for Judicial Notice because Defendant failed to confer with Plaintiff as required by Local Rule 7.1(a)(3). *See* ECF No. [76]. As a result, the Court never reached the merits of the request, so this denial is not evidence of anything other than a failure to confer. In other words, the denial is not evidence that Defendant acted with some improper motive or in bad faith.

On this record, the undersigned concludes that defense counsel did not engage in unreasonable and vexatious conduct that multiplied the proceedings. Accordingly, Plaintiff has not satisfied the requirements of 28 U.S.C. § 1927, so the request for sanctions should be denied.

**b. Sanctions under the Court's Inherent Authority**

The Parties raise the same arguments to support their respective positions as to whether sanctions should be entered against Defendant under the Court's inherent authority for filing the Request for Judicial Notice. *See* ECF Nos. [73], [78], and [79]. As with § 1927 sanctions, a finding of bad faith is likewise necessary to impose sanctions under the Court's inherent power. *U.S. ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 102 F. Supp. 3d 1350, 1353 (S.D. Fla. 2015). When considering sanctions under this standard, "the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under § 1927."

*Amlong*, 500 F.3d at 1252. "In practice, 'the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Bumbury*, 102 F. Supp. 3d at 1352 (quoting *Enmon v. Prospect Capital Corp.,* 675 F.3d 138, 144 (2d Cir. 2012) (omission in original)).

As applied to Plaintiff's Motion, the bad faith requirement is the same regardless of whether Plaintiff seeks sanctions under § 1927 or the Court's inherent authority. And in applying the bad-faith standard to the request under § 1927, the undersigned has already determined that Defendant did not act in bad faith when filing the Request for Judicial Notice. The same conclusion then applies to Plaintiff's request for sanctions under the Court's inherent authority. Absent a finding of bad faith, which does not apply to Defendant's conduct, sanctions under the Court's inherent authority are likewise unavailable. As a result, Plaintiff's request for sanctions under the Court's inherent authority must also be denied.

In short, because Plaintiff fails to demonstrate that Defendant unreasonably and vexatiously multiplied the proceedings under 28 U.S.C. § 1927 or acted in bad faith to invoke sanctions pursuant to this Court's inherent authority, the undersigned respectfully recommends that Plaintiff's request for sanctions be denied.

## IV. CONCLUSION

For the reasons explained above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Sanctions, **ECF No. [73]**, be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written

objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on September 23, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record