UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY [illegible] D.C.
OCT 05 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

BRIAN EVANS,

*Plaintiff,*

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL,

CHURCH OF SCIENTOLOGY CELEBRITY

CENTRE INTERNATIONAL, SKY DAYTON,

and DOES 1-10,

*Defendants.*

**Case No. 1:26-cv-20389-BB**

Judge Beth Bloom

Magistrate Judge Marty Fulgueira Elfenbein

**MOTION FOR LEAVE TO FILE PURSUANT TO COURT ORDER**

**and**

**PLAINTIFF'S RULE 72 OBJECTIONS**

**TO THE SEPTEMBER 23, 2026 REPORT AND RECOMMENDATION**

**[ECF No. 112]**

Plaintiff Brian Evans, appearing pro se, moves for leave to file the Rule 72 objections set forth below, and states:

**I.** Why this motion is captioned as a motion for leave.

On August 4, 2026, Judge Leibowitz entered an order in *Evans v. Fitzgerald*, No. 1:26-cv-20342-DSL, declaring Plaintiff a vexatious litigant and enjoining him from filing any new document in this District without prior written approval of the designated magistrate judge, *except for filings in currently pending cases*. [*Fitzgerald* ECF No. 48 at 4]. On September 24, 2026, that order was amended to require approval of the Magistrate Judge paired with Judge Leibowitz in the division in which the document is sought to be filed, and to restate that the injunction *does not apply to filings in currently pending cases*. [*Fitzgerald* ECF No. 70].

This action is marked terminated as of April 3, 2026. Out of caution, Plaintiff treats a Rule 72 filing on a closed docket as a document that may require pre-clearance under ECF Nos. 48 and 70. At the same time, the docket is not dormant. Plaintiff's motion for sanctions [ECF No. 73] remains under review. Magistrate Judge Elfenbein issued a Report and Recommendation on September 23, 2026 [ECF No. 112], and set objections for October 7, 2026. That is a live judicial deadline in this case.

**II.** Plaintiff already asked Judge Leibowitz. He refused to control this docket.

On September 29, 2026, Plaintiff filed in *Fitzgerald* a motion for leave to file these Rule 72 objections here. [*Fitzgerald* ECF No. 71]. On September 30, 2026, Judge Leibowitz denied that motion. He did not find the proposed objections frivolous. He held: "Clearly this Court cannot

issue an order binding another District Judge in her case." [*Fitzgerald* ECF No. 72 at 2]. He granted only leave to oppose a fees motion inside *Fitzgerald* itself. [*id.* (granting ECF No. 65; denying ECF Nos. 63, 64, 69, 71)].

Plaintiff therefore presents the objections to the only court that can receive them: this Court. Attached are the three Leibowitz orders so the Clerk and this Court can see the attempt at compliance: the August 4 injunction [Exhibit A, *Fitzgerald* ECF No. 48], the September 24 amendment [Exhibit B, *Fitzgerald* ECF No. 70], and the September 30 denial of leave to file in this case [Exhibit C, *Fitzgerald* ECF No. 72].

**III.** Requested relief on the motion for leave.

Plaintiff asks this Court to accept the Rule 72 objections below as timely filed on or before October 7, 2026. If the Court concludes that ECF Nos. 48 and 70 still require a separate pre-clearance stamp, Plaintiff asks that this motion itself be treated as that request and that the attached objections be deemed filed upon an order granting leave.

**IV.** Rule 72 objections to ECF No. 112.

Plaintiff objects to the Report and Recommendation [ECF No. 112] recommending denial of Plaintiff's Motion for Sanctions [ECF No. 73]. Under Rule 72(b), this Court must review de novo those portions of the R&R to which objection is made.

**1.** The R&R should not be adopted by default. Plaintiff was required to seek leave in a different case before objecting here. He did so at *Fitzgerald* ECF No. 71. Judge Leibowitz denied that request on September 30 because he cannot bind this Court. Treating the R&R as unopposed under those circumstances would punish Plaintiff for following the injunction as written.

**2.** The sanctions motion [ECF No. 73] remains the live paper. Plaintiff maintains that sanctions are warranted for the reasons stated in ECF No. 73 and the record already before Magistrate Judge Elfenbein. Plaintiff asks this Court to review that motion de novo and to reject the recommendation of denial.

**3.** Plaintiff reserves the right to supplement these objections with page-specific citations to ECF No. 112 once leave is granted or the objections are accepted, if the Court requires a more particularized statement of error. Plaintiff does not waive any objection to any finding, conclusion, or recommended disposition in ECF No. 112.

**4.** Plaintiff requests that the Court: (a) decline to adopt the R&R; (b) grant the Motion for Sanctions [ECF No. 73] to the extent supported by the existing record; or (c) recommit the matter with instructions if further findings are required.

Respectfully submitted this 30th day of September, 2026.

/s/ Brian Evans

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

## VERIFICATION

I, Brian Evans, certify under penalty of perjury under 28 U.S.C. § 1746 that I have a good-faith basis for filing this motion and the attached Rule 72 objections; that I first sought leave in Evans v. Fitzgerald, No. 1:26-cv-20342-DSL, at ECF No. 71; that Judge Leibowitz denied that request on September 30, 2026, at ECF No. 72, on the ground that he cannot bind Judge Bloom; and that the statements in this motion are true and correct to the best of my knowledge.

Executed on September 30, 2026.

/s/ Brian Evans

Brian Evans

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

BRIAN EVANS,

*Plaintiff,*

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL,

CHURCH OF SCIENTOLOGY CELEBRITY

CENTRE INTERNATIONAL, SKY DAYTON,

and DOES 1-10,

*Defendants.*

**Case No. 1:26-cv-20389-BB**

Judge Beth Bloom

Magistrate Judge Marty Fulgueira Elfenbein

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I served a true and correct copy of Plaintiff's Motion for Leave to File Pursuant to Court Order and Plaintiff's Rule 72 Objections to the September 23, 2026 Report and Recommendation [ECF No. 112], together with exhibits, by CM/ECF notice and by prepaid United States Postal Service first-class mail upon the following counsel of record, at the addresses listed on the CM/ECF docket:

**Counsel for Church of Scientology International**

Alan J. Perlman, Esq. (Lead Counsel)

Dickinson Wright PLLC

350 East Las Olas Blvd, Suite 1750

Fort Lauderdale, FL 33301

Telephone: 954-991-5420

Fax: 1-844-670-6009

Email: aperlman@dickinsonwright.com

Jennifer Julia Vaquerano, Esq.

Dickinson Wright PLLC

350 East Las Olas Blvd, Suite 1750

Fort Lauderdale, FL 33301

Telephone: 305-794-9781

Email: jvaquerano@dickinson-wright.com

Daniel R. Lazaro, Esq. (Lead Counsel)

Buchanan Ingersoll & Rooney PC

2 South Biscayne Blvd, Suite 1500

Miami, FL 33131

Telephone: 305-347-4081

Email: dan.lazaro@bipc.com

**Counsel for Sky Dayton**

Justin B. Elegant, Esq. (Lead Counsel)

Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

Telephone: 305-755-9500

Fax: 305-714-4340

Email: jelegant@bergersingerman.com

Michael H. Strub, Jr., Esq. (Pro Hac Vice)

Jeffer Mangels & Mitchell LLP

3 Park Plaza, Suite 1100

Irvine, CA 92614

Telephone: 949-623-7200

Email: MStrub@jmbm.com

A copy was also mailed, prepaid first-class, to any other attorney who has appeared and remains designated as attorney to be noticed on the docket in No. 1:26-cv-20389-BB.

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

Email: belasvegas@yahoo.com

**EXHIBIT LIST**

Exhibit A — Order Declaring Plaintiff a Vexatious Litigant, Evans v. Fitzgerald, No. 1:26-cv-20342-DSL, ECF No. 48 (Aug. 4, 2026) – (On Appeal)

Exhibit B — Order Modifying ECF No. 48, Evans v. Fitzgerald, ECF No. 70 (Sept. 24, 2026)

Exhibit C — Omnibus Order denying leave to file in this case, Evans v. Fitzgerald, ECF No. 72 (Sept. 30, 2026)

Exhibit D — Report and Recommendation, ECF No. 112 in this case.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

*Plaintiff,*

*v.*

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,**

*Defendants.*

_______________________________________/

**ORDER DECLARING PLAINTIFF BRIAN EVANS A VEXATIOUS LITIGANT AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Brian Evans's "Motion for Leave to file Supplemental Exhibits and Limited Statement Regarding Personal Jurisdiction" [ECF No. 41] and his "Motion for Leave to File Notice of Supplemental Correspondence Relevant to Pending Jurisdictional Questions" [ECF No. 44] (the "Motions"). Defendants responded to the second motion, arguing that Plaintiff is a vexatious litigant who should be enjoined from filing further documents in this District without leave of court. [ECF No. 46]. Plaintiff replied, arguing that he is not a vexatious litigant, and that if anything, Defendants are. [ECF No. 47]. Plaintiff has already been warned by the undersigned and his colleagues that filing continued, vexatious papers in this Court will result in sanctions, including dismissal of this case with prejudice. [ECF No. 39]; *see, e.g.*, *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA, Paperless Order (ECF No. 14) (S.D. Fla. July 17, 2026) (Altman, J.) (noting Plaintiff's "frivolous filing clogs our docket and wastes scarce court resources"). After further review, the Court finds Plaintiff is a vexatious litigant. His serial, spurious filings have burdened this District for long enough.

This Court "has the jurisdiction to protect itself against the abuses that litigants like [Plaintiff] visit upon it." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986); *see Santana v. Frank Sufka Fam. Tr. Fund*, 2026 WL 1492775, at *3 (M.D. Fla. May 28, 2026) ("If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served. Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith."). Indeed, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F. 2d at 1073. The Eleventh Circuit has long approved the imposition of sanctions, including pre-filing restraints, to deter vexatious litigants from clogging the federal courts' dockets. *See Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

The Court must issue this order for three reasons.

First, as the Court noted in its July 10, 2026 order, Plaintiff's conduct in this case has been "aimed at unreasonably and vexatiously raising the costs of litigation for Defendants, this Court, and Magistrate Judge Louis." [ECF No. 39 at 2]. Plaintiff has now filed ***eleven*** meritless "notices of supplemental authority" or motions for leave to file supplemental authority—all of which, the Court notes, bear the indicia of AI-generated material. [ECF Nos. 18, 19, 21, 26, 30, 32, 35, 37, 38, 41, 44]. The July 10 order struck five of Plaintiff's "notices of supplemental authority" as vexatious, and warned him that "filing additional, vexatious notices of supplemental authority may result in monetary sanctions under 28 U.S.C. § 1927 and may result in dismissal of his case ***with prejudice*** and ***without further notice***." [ECF No. 39 at 2]. Plaintiff's latest Motions are just as spurious as the ones that came before them. [*See* ECF Nos. 41, 44].

Second, it appears this entire case is designed to harass Defendants. According to the Complaint, the case arises from a dispute between Plaintiff and Creative Artists Agency, LLC

("CAA"). [*See* ECF No. 1]. Plaintiff, who lives in Florida, sued CAA and an individual in a separate lawsuit in this District. [ECF No. 1 at 5]; *see Evans v. Creative Artists Agency, LLC, et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025). CAA also initiated arbitration proceedings against Plaintiff in Los Angeles before the arbitration firm Signature Resolution. [*See* ECF No. 1-2 at 2–5]. In an email thread with Signature Resolution about the arbitration invoices, Defendant Chad Fitzgerald, a lawyer at Defendant Kinsella Holley Iser Kump Steinsapir LLP, argued arbitration was proper under an arbitration agreement between Plaintiff and CAA. [*Id.* at 2]. He also wrote that CAA had "not yet formally appeared in the Florida case and [had] moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction." [*Id.* at 5–6; ECF No. 1-2 at 1]. Plaintiff brought this lawsuit two weeks later, alleging Fitzgerald's email constituted "fraud on the judiciary" and that it harmed him to the tune of $5 million (though he fails to specify a single harm he suffered). [*See id.* at 7–11].

Third, and most important here, Plaintiff has filed no fewer than ***fifteen*** *pro se* cases in this District since 2025, all of which appear frivolous. *Evans v. Creative Artist Agency, LLC et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025); *Evans v. Hampton Beach Casino Ballroom, Inc. et al.*, No. 1:25-cv-25491-EGT (S.D. Fla. 2025); *Evans v. StubHub, Inc.*, No. 0:25-cv-61708-RS (S.D. Fla. 2025); *Evans v. Cerberus Capital Management, L.P. et al.*, No. 0:25-cv-62282-AHS (S.D. Fla. 2025); *Evans v. City National Bank*, No. 0:25-cv-62656-WPD (S.D. Fla. 2025); *Evans v. Citibank, N.A.*, No. 26-cv-23008 (S.D. Fla. 2026); *Evans v. Inter Miami CF, LLC*, No. 0:26-cv-60543-RS (S.D. Fla. 2026); *Evans v. Signature Resolution, LLC*, No. 0:26-cv-60779-JMS (S.D. Fla. 2026); *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA (S.D. Fla. 2026); *Evans v. Fitzgerald et al.*, No. 1:26-cv-20342-DSL (S.D. Fla. 2026); *Evans v. Church of Scientology International et al.*, No. 1:26-cv-20389-BB (S.D. Fla. 2026); *Evans v. Signature Resolutions, LLC*, No. 1:26-cv-21451-CMA (S.D. Fla. 2026); *Evans v. Thompson*, No. 1:26-cv-24682-RKA (S.D. Fla. 2026); *Evans v. Citibank, N.A.*, No. 0:26-cv-61268-AHS (S.D. Fla. 2026); *Evans*

*v. United States of America et al.*, No. 1:26-cv-24244-EGT (S.D. Fla. 2026).

Filing lawsuits in federal court is not a hobby or an alternative to social media posting. Plaintiff's serial filings have wasted the time and resources of the undersigned, his colleagues, and the parties and attorneys forced to deal with them.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Brian Evans is a vexatious litigant pursuant to 28 U.S.C. § 1651(a). He is **ENJOINED** and **PROHIBITED** from filing any new document—including, but not limited to, any action, complaint, petition, motion, or notice—in the Southern District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

   a. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Evans must attach to each such motion: (i) a copy of any proposed complaint, petition, or other document; (ii) a copy of this Order; and (iii) a certification under oath that there is a good faith basis for filing any complaint, petition, or other document.

   b. If the senior Magistrate Judge's review results in a finding that Evans's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file the case and assign in according to the normal procedures.

   c. If the senior Magistrate Judge's review results in a finding that the action is frivolous, that action will not be filed with the Court but instead will be returned to Evans.

   d. Should Evans violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

2. The Complaint [**ECF No. 1**] is **DISMISSED WITH PREJUDICE**.

3. **No later than August 7, 2026,** Plaintiff shall file a copy of this Order in every case pending in this district in which he is a Plaintiff. Failure to do so may result in financial sanctions *without further notice*.

4. The ***Clerk of Court*** shall send a copy of this Order to all divisions of the Southern District of Florida.

5. The Clerk of Court is instructed to **CLOSE** this case. All deadlines are **TERMINATED** and all pending motions, if any, are **DENIED as moot**.

6. Defendants may file a motion for reasonable attorneys' fees by August 21, 2026.

**DONE AND ORDERED** in the Southern District of Florida on August 3, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

*Plaintiff,*

*v.*

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,**

*Defendants.*
_________________________________/

**ORDER MODIFYING ECF NO. 48**

**THIS CAUSE** is before the Court *sua sponte*. Upon consulting with the Clerk of Court, the Court will issue a minor modification to its Order Declaring Plaintiff Brian Evans a Vexatious Litigant and Dismissing Case with Prejudice (the "Vexatious Litigant Order") [ECF No. 48]. It is hereby **ORDERED AND ADJUDGED** that Paragraph 1 of the disposition section of the Vexatious Litigation Order [ECF No. 48 at 4] is **MODIFIED** as follows:

1. Plaintiff Brian Evans is a vexatious litigant pursuant to 28 U.S.C. § 1651(a). He is **ENJOINED** and **PROHIBITED** from filing any new document—including, but not limited to, any action, complaint, petition, motion, or notice—in the Southern District of Florida without first obtaining the prior written approval of the Magistrate Judge paired with Judge Leibowitz in the division in which the document is sought to be filed. *For the avoidance of any doubt or confusion, this order does not apply to filings in currently pending cases.*

**DONE AND ORDERED** in the Southern District of Florida on September 24, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

*Plaintiff,*

*v.*

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,**

*Defendants.*

______________________________________/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on several motions for leave to file submitted by *pro se* Plaintiff Brian Evans [ECF Nos. 63, 64, 65, 69, 71].

On August 4, 2026, this Court issued an order declaring Plaintiff a vexatious litigant and enjoining him "from filing any new document—including, but not limited to, any action, complaint, petition, motion, or notice—in the Southern District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, *except for filings in currently pending cases.*" [ECF No. 48 at 4 (emphasis added)]. On September 24, the Court amended that order to require that Plaintiff receive "prior written approval of the Magistrate Judge paired with Judge Leibowitz in the division in which the document is sought to be filed"—rather than the senior Magistrate Judge—and to make clear that the order "*does not apply to filings in currently pending cases.*" [ECF No. 70 (emphasis in original)].

In three of his motions [ECF Nos. 63, 64, 65], Plaintiff seeks leave to file a response to Defendants' Verified Motion for Attorneys' Fees [ECF No. 62]. The Court interprets the final motion [ECF No. 65] as Plaintiff's operative motion and will grant it. **Plaintiff is not to take any further action on [ECF No. 65]. The Court accepts Exhibit A thereto as his response.**

In the next motion [ECF No. 69], Plaintiff seeks leave to file objections to Magistrate Judge Hunt's Order denying several prior motions for leave to file [ECF No. 59]. Even if Plaintiff had a good-faith basis for objection to the order, his objections are untimely. *See* Fed. R. Civ. P. 72 ("A party may serve and file objections to the order within 14 days after being served with a copy."). The motion [ECF No. 69] is denied.

In his final motion [ECF No. 71], Plaintiff seeks an order granting him leave to file objections to a report and recommendation in *Evans v. Church of Scientology International et al.*, No. 1:26-cv-20389-BB. Clearly this Court cannot issue an order binding another District Judge in her case. The motion [ECF No. 71] is denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. **[ECF No. 65]** is **GRANTED**.
2. **[ECF Nos. 63, 64, 69, 71]** are **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 30, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

# EXHIBIT D

BRIAN EVANS
(954) 214-3076
#1505
2080 S OCEAN DR
HALLANDALE BEAC FL 33009

1 LBS 1 OF 1
SHP WT: 1 LBS
DATE: 01 OCT 2026

SHIP TO:
WILKIE D. FERGUSON, JR. US COURTHOU
CLERK OF THE COURT
RM 8N08
400 N MIAMI AVE
MIAMI FL 33128-1805

REC'D BY ______ D.C.
OCT - 5 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

FL 330 9-03

UPS GROUND

CLERK OF THE COURT
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128

03 8182 2375

P: GREEN3 S: TYELLO I: 302
M316-4198 X
1Z361E83038182 2375
SAT08485 XLE RSLS1-3 Oct 05 05:15:10 2026
US 3313 UDC 25.9 SATOLR

REF #1: YR

MMG6X5I 98T8YT ISH 13.0BC ZZD230 EP 38.5V 09/2026

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.