UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY MP D.C.

OCT 14 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 1:26-cv-20389-BB

BRIAN EVANS, Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL; CHURCH OF SCIENTOLOGY CELEBRITY CENTRE INTERNATIONAL; SKY DAYTON; and DOES 1–10, Defendants.

---

**MOTION FOR LEAVE TO FILE PURSUANT TO COURT ORDER; MOTION TO VERIFY TIMELY OCTOBER 6, 2026 SUBMISSION; ALTERNATIVE MOTION FOR EXTENSION OF TIME AND LEAVE TO RESUBMIT RULE 72 OBJECTIONS; AND MOTION FOR LEAVE TO REPLY TO ECF NO. 117**

Plaintiff Brian Evans, appearing pro se, respectfully moves for relief under Federal Rules of Civil Procedure 6(b)(1)(B) and 72(b), the Court's October 6, 2026 Order (ECF No. 116), and applicable rules. Plaintiff asks the Court first to locate and recognize his October 6, 2026 supplemental objections, which he states he submitted before the October 7 deadline; alternatively to grant an extension and permission to resubmit them; and separately to grant leave to respond to Defendants' October 9, 2026 response (ECF No. 117). Plaintiff states as follows:

## I. THE OCTOBER 6 ORDER AND PLAINTIFF'S TIMELY SUBMISSION

1. The Magistrate Judge issued the Report and Recommendation on September 23, 2026 (ECF No. 112). Plaintiff filed his motion for leave (ECF No. 114) and Rule 72 objections (ECF No. 115) on October 5, 2026.

2. On October 6, 2026, Judge Beth Bloom granted ECF No. 114, accepted ECF No. 115 as Plaintiff's timely objections, and expressly authorized further objections without another motion for leave if filed by October 7, 2026 (ECF No. 116).

3. Plaintiff states unequivocally that on October 6, 2026—one day before the Court's deadline—he submitted a further objection responding to the September 23 R&R. Plaintiff did not simply intend to file it; he states that he actually submitted it on October 6. The October 6 submission is distinct from the objections docketed as ECF No. 115 on October 5.

4. Plaintiff has reviewed the publicly visible docket and cannot find an entry for the separate October 6 objection. Plaintiff therefore respectfully asks the Court to direct the Clerk to search the records and any pending, undocketed, or administrative filing queues or folders, as appropriate, to determine whether the October 6 document was received and is awaiting processing or was misrouted. Plaintiff asks to be advised of the result and, if the submission is located, to have the actual receipt date accurately reflected and the objections considered.

## II. RELEVANCE OF THE LEIBOWITZ ORDER AND CLERK PROCESSING CONCERNS

5. In Case No. 1:26-cv-20342-DSL, Judge David S. Leibowitz entered ECF No. 48, a filing-restriction order requiring the caption "Motion for Leave to File Pursuant to Court Order," a proposed filing, a copy of that order, and a good-faith certification in circumstances governed by the prefiling-approval requirement. The original order expressly excepted filings in currently pending cases. Its September 24, 2026 modification reiterated that the restriction does not apply to filings in currently pending cases.

6. This Scientology case was already pending when those orders were issued. Plaintiff is using the specified motion-for-leave caption out of caution and respect for the Court's directions, but does not concede that the separate prefiling-approval procedure applies to this pending case.

Plaintiff seeks Judge Bloom's permission here because of the timing and additional briefing issues, not because a new action is being commenced.

7. Plaintiff has experienced uncertainty in other instances about whether filings were processed after the Leibowitz order, and believes that some documents may have remained in court administrative folders while personnel determined how to process them. Plaintiff raises this as a concern warranting a records check, not as an established finding of misconduct by any clerk or judge. The absence of a docket entry should not, without investigation, be treated as proof that Plaintiff never submitted the October 6 objection.

## III. SURGERY, MEDICAL COMPLICATIONS, AND ALTERNATIVE EXTENSION

8. Plaintiff underwent surgery and experienced additional medical problems arising shortly before Judge Bloom's October 6 order. Those events substantially affected his availability, ability to monitor docket activity, and ability to pursue prompt correction of any filing-processing issue. Despite his medical circumstances, Plaintiff states that he submitted his additional objections on October 6.

9. If the Clerk locates the October 6 submission, Plaintiff requests that it be processed and considered as a submission made before the October 7 deadline, subject to the Court's determination of the date and method of receipt. If the submission cannot be located or is not deemed properly filed, Plaintiff alternatively requests leave to resubmit the same objections within fourteen days of the Court's ruling on this motion.

10. To the extent Rule 6(b)(1)(B) applies because the Court considers the resubmission untimely, Plaintiff requests a finding of excusable neglect. His surgery and medical complications, his stated timely attempt to submit the objections, the uncertainty over the Clerk's receipt and processing, his pro se status, and his prompt request to correct the problem support

relief. Plaintiff does not seek an open-ended extension or modification of unrelated deadlines. Plaintiff respectfully asks that the Court evaluate any prejudice to Defendants and the interests of resolving the R&R on a complete record.

**IV. REQUEST FOR LEAVE TO ADDRESS ECF NO. 117**

11. Defendants filed a response to Plaintiff's objections on October 9, 2026 (ECF No. 117). To the extent Defendants assert that Plaintiff never filed additional objections by October 7, Plaintiff disputes that assertion and states that he submitted his additional objection on October 6. The fact that the document does not presently appear on the docket is the very issue he asks the Court to investigate.

12. Plaintiff also seeks a fair opportunity to respond to ECF No. 117, including any assertion concerning the procedural history and any new arguments raised in the response. Plaintiff recognizes that Rule 72(b)(2) does not itself grant an automatic further reply. He therefore expressly seeks leave for a focused reply, to be filed within fourteen days after the Court grants permission, rather than submitting an unauthorized additional brief.

13. Plaintiff asks the Court, if practicable, to defer final disposition of the September 23 R&R until the status of the October 6 submission and this request for leave are resolved. This request concerns only the pending R&R, Plaintiff's objections, and ECF No. 117.

**V. REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Direct the Clerk to check for Plaintiff's separate October 6, 2026 objection, including any undocketed or pending processing records, and advise whether and when it was received;

B. If located, direct appropriate docketing reflecting the verified date of receipt and consider the submission in deciding the R&R;

C. If it cannot be located or is deemed not properly filed, grant leave to resubmit the same objections within fourteen days of the order, with an extension of time and a finding of excusable neglect to the extent required by Rule 6(b)(1)(B);

D. Grant leave to file a focused reply to ECF No. 117 within fourteen days after an order granting leave;

E. Defer disposition of ECF No. 112 until these requests have been resolved, if practicable; and

F. Grant any further relief the Court deems just.

**VI. GOOD-FAITH BASIS AND CONFERENCE STATEMENT**

Plaintiff makes this motion in good faith to obtain a determination of the status of his stated October 6 submission and, if necessary, limited relief from a filing deadline. Plaintiff does not contend that opposing counsel has consented. Plaintiff requests that the Court consider the motion despite the absence of a completed conferral, given the time-sensitive nature of the docket issue and Plaintiff's medical circumstances, or permit prompt supplementation of the conferral statement if required under Local Rule 7.1(a)(3).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual statements in this motion concerning my own actions, October 6 submission, medical circumstances, and review of the docket are true and correct to the best of my personal knowledge. Executed on October 13, 2026.

Signature: ______________________

Brian Evans, Plaintiff, pro se

2080 South Ocean Drive, #1505

Hallandale Beach, FL 33009

Email: belasvegas@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I served a true and correct copy of this motion by United States Mail, postage prepaid, addressed separately to the following attorneys of record:

1. Alan J. Perlman

   Dickinson Wright PLLC

   350 East Las Olas Boulevard, Suite 1750

   Fort Lauderdale, FL 33301

2. Daniel R. Lazaro

   Buchanan Ingersoll & Rooney PC

   2 South Biscayne Boulevard, Suite 1500

   Miami, FL 33131

3. Jennifer Julia Vaquerano

   Dickinson Wright PLLC

   350 East Las Olas Boulevard, Suite 1750

   Fort Lauderdale, FL 33301

4. Justin B. Elegant

   Berger Singerman LLP

1450 Brickell Avenue, Suite 1900

Miami, FL 33131

5. Michael H. Strub, Jr.

   Jeffer Mangels & Mitchell LLP

   3 Park Plaza, Suite 1100

   Irvine, CA 92614

I certify service as a self-represented party, not as an attorney.

Signature: ______________________________

Brian Evans, Plaintiff, pro se

2080 South Ocean Drive, #1505

Hallandale Beach, FL 33009

Email: belasvegas@yahoo.com

Dated: October 13, 2026

FILED BY D.C.

OCT 14 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

BRIAN EVANS
(954) 214-3076
#1505
2080 S OCEAN DR
HALLANDALE BEAC FL 33009

1 LBS
SHP WT
DATE:

SHIP TO:
WILKIE D. FERGUSON, JR. US COURTHOU
CLERK OF THE COURT
RM 8N09
400 N MIAMI AVE
MIAMI FL 33128-1805

FL 330 9-03

UPS GROUND
TRACKING #: 1Z 361 E83 03 8528 5690

BILLING: P/P

REF #1: JP

MMG6X5F27TVN3 ISH 13.00C ZZD230 EP 38.5V

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

The UPS Store RFID Label

Tracking #

1Z361E83038528 5690

CLERK OF THE COURT
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128
P: CORTELLO I:30
M3 9-0108 X
1Z361E8303852
SATOLR
US 33

CLERK OF THE COURT
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128

P: GREEN3 S: TYELLO I: 302

M319-5168 x

1Z361E83038528 5690

SAT08485 XLE RSLS1-2 Oct 14 05:41:52 2026
US 3313 UDC 25.9 SATOLR