**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-20389-BLOOM/Elfenbein

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, SKY DAYTON,
and DOES 1-10

Defendants.
___________________________/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority, ECF No. [73] ("Motion for Sanctions"). The Motion was referred to Magistrate Judge Marty Fulgueira Elfenbein pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. ECF No. [77]. On September 23, 2026, Judge Elfenbein issued a Report and Recommendations ("R&R") recommending that Plaintiff's Motion for Sanctions be denied because "Plaintiff fails to demonstrate that Defendant unreasonably and vexatiously multiplied the proceedings under 28 U.S.C. § 1927 or acted in bad faith to invoke sanctions pursuant to this Court's inherent authority." ECF No. [112] at 11. Plaintiff timely filed an Objection, ECF No. [115], to which Defendant filed a Response, ECF No. [117].

Plaintiff "objects to the [R&R] recommending denial of Plaintiff's Motion for Sanctions," and "asks this Court to review that motion *de novo* and to reject the recommendation of denial." ECF No. [115] at 3–4. Defendant responds that Plaintiff's Objection should be overruled because

Plaintiff does not comply with the requirement that an objecting party provide specific objections to the R&R, including the basis of the objection and supporting legal authority. ECF No. [117].

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

Plaintiff does not identify any part of the R&R that he specifically objects to nor any basis for his general objection. Plaintiff merely requests that the Court review his Motion for Sanctions *de novo*. Therefore, Plaintiff's objections do not comply with local rules.[1] Nonetheless, the Court

[1] Plaintiff's Objection "reserve[d] the right to supplement [his] objections with page-specific citations . . . ." ECF No. [115]. On October 6, 2026, the Court entered an Order accepting his Objection as timely filed and ordered that any further objections to the R&R must be filed by the October 7, 2026, deadline to file objections to the R&R. ECF No. [116]. Plaintiff did not file any further objections.

On October 14, 2026, Plaintiff filed a Motion to Verify Timely October 6, 2026 Submission; Alternative Motion for Extension of Time and Leave to Resubmit Rule 72 Objections; and Motion for Leave to Reply to Defendant's Response to Plaintiff's Objections, ECF No. [118] ("Motion to Verify"). Plaintiff states that he submitted his supplemental objections prior to the October 7 deadline and requests that the Court direct the Clerk to search any pending or undocketed records to determine whether Plaintiff's supplemental objections were received. *Id.* at 2. If not, Plaintiff requests leave to resubmit his supplemental objections after the deadline and seeks leave to file a reply to Defendant's Response to his Objection. *Id.* at 3–4.

On October 14, 2026, the Court confirmed with the Clerk's Office that since October 6, 2026, no filing in this case was received other than Defendant's Response and Plaintiff's Motion to Verify. Because the Court

has conducted a *de novo* review of Judge Elfenbein's Report and Recommendations, the record, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Elfenbein's Report and Recommendations to be well reasoned and correct. The Court therefore agrees with the analysis and concludes that Plaintiff's Motion for Sanctions is denied.

Prior to the R&R, Plaintiff filed a Motion for Leave to File a Notice of Supplemental Authority, ECF No. [108]. Plaintiff asks the Court to consider a paperless order entered by Magistrate Judge Edwin G. Torres in a separate case, which granted Plaintiff's Motion for Referral to the Volunteer Attorney Program. *Id.* Plaintiff argues that the Order is relevant to the Motion for Sanctions because Defendant argued in response that Plaintiff is a vexatious litigant and the Order shows that Plaintiff's case before Judge Torres was not frivolous. *Id.* The Notice of Supplemental Authority does not alter the Court's analysis adopting the R&R. Therefore, Plaintiff's Motion for Leave to File is denied as moot.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Objection, **ECF No. [115]**, is **OVERRULED**, and Judge Elfenbein's Report and Recommendation, **ECF No. [112]**, is **ADOPTED IN FULL**.
2. Plaintiff's Motion for Sanctions, **ECF No. [73]**, is **DENIED**.
3. Plaintiff's Motion for Leave to File, **ECF No. [108]**, is **DENIED**.
4. Plaintiff's Motion to Verify or Motion for Extension, **ECF No. [118]**, is **GRANTED in part and DENIED in part**.

---

conducted a *de novo* review of the R&R and concludes the R&R is well-reasoned and correct, the Court denies Plaintiff's request for an extension to file supplemental objections and reply to Defendant's Response. Accordingly, Plaintiff's Motion to Verify is granted to the extent the Court confirmed that no filing was received by the Clerk and is not on the case docket. As such, it is denied to the extent Plaintiff requests an extension to file supplemental objections and a reply.

**DONE AND ORDERED** in Chambers in Miami, Florida, on October 14, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Brian Evans**, *pro se*
2080 South Ocean Drive
#1505
Hallandale Beach, FL 33009
Email: belasvegas@yahoo.com