**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26-cv-20389-BB

BRIAN EVANS,

Plaintiff,

v.

CHURCH OF SCIENTOLOGY INTERNATIONAL, SKY DAYTON, and DOES 1–10.

Defendants.
_______________________________________ /

**DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AND MOTION TO ALTER OR AMEND FINAL POST-JUDGMENT ORDER**

Defendant Church of Scientology International ("CSI") responds in opposition to Plaintiff's Motion for Leave to File Pursuant to Court Order/Motion to Alter or Amend Final Post-Judgment Order, ECF No. [120], as follows:

## BACKGROUND

On September 23, 2026, the Magistrate Judge issued a 12-page Report and Recommendations that Plaintiff's Motion for Sanctions, ECF No. [73], be denied. ECF No. [112]. On October 5, 2026, Plaintiff filed a Motion for Leave to File, ECF No. [114], and Rule 72 Objections to the Report and Recommendations. ECF No. [115]. On October 6, 2026, the Court granted Plaintiff's Motion for Leave to File. ECF No. [116]. In that Order, this Court reminded Plaintiff that all Objections must be filed by the October 7, 2026 deadline. *Id.*

On October 9, 2026, CSI responded to Plaintiff's Rule 72 Objections and argued why Plaintiff's Rule 72 Objections were legally insufficient. ECF No. [117]. On October 14, 2026,

Plaintiff filed a second motion for leave to file which requested additional briefing. ECF No. [118]. On October 15, 2026, this Court adopted the Magistrate Judge's Report and Recommendations in full and denied Plaintiff's Motion for Sanctions. ECF No. [119].

Plaintiff now seeks to alter or amend the judgment under Rule 59(e) or Rule 60(b). ECF No. [120]. Plaintiff's Motion fails to identify any new evidence or manifest error of law or fact concerning the "characterizations" of his criminal history.

**ARGUMENT AND MEMORANDUM OF LAW**

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (citing *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)). Any argument not previously presented in the extensive Motion for Sanctions briefing cannot be presented now.

Plaintiff does not raise any newly-discovered evidence or manifest errors of law or fact. Plaintiff has filed numerous motions, replies, and unauthorized notices concerning the same arguments he makes in the instant motion. *See, e.g.,* ECF Nos. [69], [73], [74], [75], [79], [80], [81], [83], [86], [87], [90]. This Court has repeatedly rejected Plaintiff's arguments. *See* ECF No. [100] [Order Denying Plaintiff's Motion to Strike statements concerning his criminal history]; ECF No. [107] [Order Denying Plaintiff's Motion for Reconsideration of ECF No. [100]]; ECF No. [112] [Report and Recommendations that Plaintiff's Motion for Sanctions be Denied]; ECF No. [119] [Order Adopting Report and Recommendations that Plaintiff's Motion for Sanctions be Denied]. While the Court held that Plaintiff's objections did not comply with the Local Rules, the

Court nonetheless conducted a *de novo* review of the Report and Recommendations and the record before denying Plaintiff's Motion for Sanctions. ECF No. [119]. Plaintiff's disagreement with the Court's ruling is not a mistake of law or fact under Rule 59. *See Arthur*, 500 F. 3d at 1343.

Plaintiff's alternative motion under Rule 60(b)(1) fails because there is no "mistake, inadvertence, surprise, or excusable neglect" in the Report and Recommendations or the Court's Order Adopting the Report and Recommendations. ECF Nos. [112], [119]. Plaintiff also does not argue a valid basis under any other Rule 60(b) subsection, and a Rule 60(b) motion is not a substitute for an appeal or to relitigate a motion, especially here where Plaintiff's objections to the Report and Recommendations did not comply with the Local Rules. Finally, there are no extraordinary circumstances to justify relief. *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) ("Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion.'").

**CONCLUSION**

The Court's Order Adopting Report and Recommendations correctly held that Plaintiff's Motion for Sanctions should be denied because neither CSI nor its counsel unreasonably and vexatiously multiplied these proceedings in bad faith. Plaintiff's Motion should be denied in full because there is no basis for reconsideration or relief under Rule 59(e) or Rule 60(b).

Dated: November 12, 2026

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant, Church of Scientology International*
One Biscayne Tower
Two South Biscayne Boulevard, Suite 1500
Miami, FL 33131-1822
Phone: 305-347-4081
*/s/ Daniel R. Lazaro*

Daniel R. Lazaro, Esq.
Florida Bar No. 99021
dan.lazaro@bipc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 12, 2026, a true and correct copy of the foregoing was served upon all parties who are currently on the list to receive email notice/service for this case via the Court's CM/ECF System.

*By: /s/ Daniel R. Lazaro*
Daniel R. Lazaro, Esq.